UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>v.<br><br>CLAUD R. KOERBER,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:17-cr-37-PMW-RJS<br><br>District Judge Robert J. Shelby<br>Chief Magistrate Judge Paul M. Warner |

District Judge Robert Shelby referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are two motions: (1) the government's Motion to Continue Trial and Exclude Time Under the Speedy Trial Act[2] and (2) Defendant Claud R. Koerber's ("Mr. Koerber") Motion to Reset Pretrial Motion Deadline.[3]

On April 11, 2017, the court held a status conference to resolve several issues including scheduling. The United States was represented by Assistant United States Attorneys Stewart C. Walz, Tyler L. Murray, and Ruth J. Hackford-Peer. Mr. Koerber appeared pro se. At the hearing, the court made findings on the record. Consistent with those findings, the court renders the following Memorandum Decision and Order.

## BACKGROUND

Mr. Koerber is charged in an eighteen count indictment which includes charges of securities fraud, wire fraud, money laundering, and tax evasion.[4] This case involves a long and complex procedural history. Relevant to the present motions, on February 16, 2017, Mr.

---

[1] Dkt. No. 39.
[2] Dkt. No. 26.
[3] Dkt. No. 31.
[4] Dkt. No. 1.

1

Koerber appeared before Magistrate Judge Evelyn J. Furse for his initial appearance.[5] Consistent with the Speedy Trial Act ("STA"), Judge Furse scheduled Mr. Koerber's jury trial to begin on April 24, 2017.[6] Additionally, Judge Furse ordered all pretrial motions to be filed by March 23, 2017.[7]

This case was originally assigned to District Judge Dee V. Benson.[8] On March 14, 2017, Judge Benson held a status conference to discuss scheduling.[9] At the hearing, after discussing the complexity of the case with the parties, Judge Benson indicated his willingness to vacate the April 24, 2017, trial date and begin the trial during the first week in August. At the time, Mr. Koerber was proceeding pro se. Therefore, before vacating the April 24, 2017 trial date, Judge Benson requested that Mr. Koerber meet with attorney Steven Killpack to discuss whether Mr. Koerber would be amenable to Mr. Killpack's assistance. The minute entry for the status conference requested that the government file a motion to continue.[10] Subsequently, Judge Benson recused[11] and the case was eventually reassigned to Judge Shelby for further proceedings.[12]

On March 14, 2017, Mr. Koerber filed a Motion to Compel.[13] Accordingly, as of the date of this opinion, twenty-six days have run on the time allotted under the STA. *See* 18 U.S.C. § 3161(h)(1)(D).

---

[5] Dkt. No. 6.
[6] *Id.*
[7] *Id.*
[8] Dkt. No. 1.
[9] Dkt. No. 23.
[10] *Id.*
[11] Dkt. No. 22.
[12] Dkt. No. 34.
[13] Dkt. No. 24.

**DISCUSSION**

The parties agree that this matter will be ready for trial by August 7, 2017. However, the parties dispute which mechanism under the STA the court should utilize to continue the trial date. Additionally, the parties dispute how long they should be given to file pretrial motions.

**A. Speedy Trial Act Continuance**

The government requests that the trial be continued from April 24, 2017, until August 7, 2017, and the period of delay between April 24, 2017, and August 7, 2017, be excluded from the STA calculation.[14] Specifically, the government seeks exclusion of time pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B).[15] Mr. Koerber agrees that the trial should be continued until August 7, 2017, but argues that the court should rely on the STA's automatic tolling provisions rather than using the ends-of-justice factors under the STA.[16]

The STA generally requires a federal criminal trial to begin within seventy days from the filing of an information or indictment, or from the date of the defendant's initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). The STA "serves two distinct interests: (1) to protect a defendant's right to a speedy indictment and trial, and (2) to serve the public interest in ensuring prompt criminal prosecutions." *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007) (citations omitted). To balance these often competing interests, the STA provides a "detailed scheme under which a number of specified intervals are excluded from the seventy-day computation, thus tolling the speedy trial calendar." *Id.* at 1047–48 (citing 18 U.S.C. § 3161(h)). Relevant here, the STA "permits a district court to grant a continuance and to exclude the resulting interlude if it finds, on the record, that the ends of justice served by granting the

---

[14] Dkt. No. 26 at 2–3.
[15] *Id.* at 3.
[16] Dkt. No. 30 at 6; Dkt. No. 31 (noting that Mr. Koerber "did not object to the government's assessment" that the earliest this case would be ready for trial would be the first week of August 2017).

continuance outweigh the interests of the public and the defendant in a speedy trial." *Id.* at 1048 (citing 18 U.S.C. § 3161(h)(8)).

The STA affords the "trial court substantial discretion to accommodate periods of delay to address the specific needs of a particular case." *Id.* at 1049 (citing *Zedner v. United States*, 547 U.S. 489, 499 (2006)). To make an ends-of-justice finding, the court must consider the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

Having considered the STA ends-of-justice factors, the court concludes that the ends of justice are served by excluding the period of delay between April 24, 2017, and August 7, 2017, from the STA calculation. Considering the volume of discovery, the nature of the charges, and Mr. Koerber's current pro se status, the court finds that it would be "impossible" and "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within

the time limits" specified by the STA. *See* 18 U.S.C. § 3161(h)(7)(B). Discovery in this case is voluminous. The government has turned over 300,000 pages of discovery.[17] The government's preliminary witness list includes approximately 70 witnesses and over 100 exhibits.[18] Mr. Koerber is charged with eighteen counts involving complex fraud and tax crimes.[19] Additionally, Mr. Koerber, for the time being, is appearing pro se and will need additional time to prepare for his defense. Accordingly, the court finds that the particular needs of this case outweigh the interests of the public and Mr. Koerber in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A) (noting that the court may exclude time if the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial"). Therefore, Mr. Koerber's trial is continued until August 7, 2017, and the period of delay from April 24, 2017, to August 7, 2017, will be excluded from the STA calculation.

### B. Pretrial Motion Deadline

Mr. Koerber has indicated that he anticipates filing at least six additional pretrial motions.[20] Therefore, Mr. Koerber requests that the court extend the pretrial motion deadline from March 23, 2017, to June 23, 2017.[21] In response, the government contends that Mr. Koerber's "piecemeal motion practice during the processing of the original case was the cause for much of the delay then, and apparently continues."[22] Therefore, the government argues that Mr. Koerber should only be given a 30-day extension.[23]

Having considered the relevant history and complexity of this case, the court finds that the pretrial motion deadline should be extended to May 17, 2017. The court finds that this

---

[17] Dkt. No. 26 at ¶ 2.
[18] Dkt. Nos. 4 and 5.
[19] Dkt. No. 1.
[20] Dkt. No. 31 at 2.
[21] *Id.* at 3.
[22] Dkt. No. 33 at 2.
[23] *Id.*

extension will provide both parties adequate time to prepare appropriate pretrial motions. Accordingly, the court imposes the following scheduling order.

| Deadline to complete discovery: | June 1, 2017[24] |
| --- | --- |
| Deadline to file pretrial motions: | May 17, 2017 |
| Deadline to complete plea negotiations: | July 17, 2017 |
| Final Pretrial Conference: | June 28, 2017 at 1:30 p.m. |
| Deadline for completely briefed motions in limine: | July 31, 2017 |
| Deadline to submit proposed jury instructions and voir dire questions: | August 4, 2017 |
| Jury Trial (6 weeks): | August 7, 2017 |

As an aside, the court wishes to remind the parties of their duty to be respectful during the course of litigation. In simple scheduling motions, the court has been presented with accusations rather than arguments. The court understands that the history of this case is unpleasant and that the parties have been engaged in heated litigation for almost a decade. However, inflammatory language and baseless allegations will not be tolerated going forward. Mudslinging does not aid the court in resolving the parties' legitimate disputes. Therefore, the court requests that the parties adhere to the legal and factual issues at hand and refrain from unwarranted personal attacks.

---

[24] At the hearing, the government represented that it has turned over all of its discovery to Mr. Koerber. Additionally, the government represented that it has complied with its *Brady* and *Giglio* obligations and will provide Mr. Koerber any new discovery it receives as the case progresses.

**CONCLUSION**

Based on the foregoing, government's Motion to Continue Trial and Exclude Time Under the Speedy Trial Act[25] is **GRANTED**. Mr. Koerber Motion to Reset Pretrial Motion Deadline is **GRANTED IN PART AND DENIED IN PART**.[26]

**IT IS SO ORDERED.**

DATED this 12th Day of April 2017.

BY THE COURT:

_____
PAUL M. WARNER
Chief United States Magistrate Judge

---

[25] Dkt. No. 26.
[26] Dkt. No. 31.