UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br>v.<br><br>CLAUD R. KOERBER,<br><br>                         Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:17-cr-37-RJS-PMW<br><br>District Judge Robert J. Shelby<br>Chief Magistrate Judge Paul M. Warner |

District Judge Robert Shelby referred this matter to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendant Claud R. Koerber's ("Mr. Koerber") Motion for Bill of Particulars.[2] Having reviewed the parties' briefs and the relevant law, the court renders the following Memorandum Decision and Order.[3]

## BACKGROUND

This case involves a long and complex procedural history. Relevant to the present motion, on May 26, 2009, Mr. Koerber was indicted in Case No. 2:09-cr-302 before District Judge Clark Waddoups. Following the original indictment, the government obtained two superseding indictments on November 10, 2009, and September 29, 2011. These indictments were litigated over the course of five years and ultimately resulted in the case being dismissed with prejudice for Speedy Trial Act ("STA") violations. *See United States v. Koerber*, No. 2:09-cr-302, 2014 WL 4060618, at *1 (D. Utah. Aug. 14, 2014). The government appealed, and the Tenth Circuit reversed and remanded. *See United States v. Koerber*, 813 F.3d 1262 (10th Cir. 2016). The Tenth Circuit found that Judge Waddoups failed to properly weigh the STA factors

---

[1] Dkt. No. 39.
[2] Dkt. No. 86.
[3] Pursuant to DUCrimR 12-1(d), the court elects to determine the present motion on the basis of the written memorandum and finds that oral argument would not be helpful or necessary.

1

in dismissing the case with prejudice. *Id.* On remand, Judge Waddoups recused and the case was reassigned to Judge Parrish. On a motion to dismiss filed by Mr. Koerber, Judge Parrish dismissed the case without prejudice for STA violations. *United States v. Koerber*, No. 2:09-cr-302, 2016 WL 4487742 at *1 (D. Utah. Aug. 25, 2016). As a result, on January 18, 2017, the government obtained the instant eighteen count indictment charging Mr. Koerber with securities fraud, wire fraud, money laundering, and tax evasion.[4]

According to the indictment, beginning in 2004, Mr. Koerber created seminars to encourage individuals to make money through a real estate program Mr. Koerber called an "Equity Mill."[5] Mr. Koerber accepted money through his company Founders Capital while representing to investors that Founders Capital would use the money to make "hard money" or bridge loans to other entities associated with Founders Capital for the purpose of acquiring real property.[6]

The indictment alleges that Mr. Koerber made several false or misleading representations to investors to entice them to invest in his various companies. For example, the government alleges that Mr. Koerber promised investors specific returns,[7] claimed his investments were risk free,[8] advertised that his investments would be backed by real estate purchases,[9] and represented that his companies were profitable.[10] The government alleges that most of the money invested with Founders Capital "was not secured or collateralized by real estate" but rather Mr. Koerber used funds obtained from new investors to satisfy earlier investors.[11] Furthermore, the

---

[4] Dkt. No. 1.
[5] *Id.* at ¶ 5.
[6] *Id.*
[7] *Id.* at ¶ 8.
[8] *Id.* at ¶ 9.
[9] *Id.*
[10] *Id.* at ¶¶ 8, 17.
[11] *Id.* at ¶¶ 10, 15

government claims that Mr. Koerber used investor funds to pay personal expenses and purchase expensive items, including luxury cars and minted coins.[12]

Based on these factual allegations, Counts 1 through 4 of the indictment charge Mr. Koerber with fraud in the offer and sale of securities in violation of 15 U.S.C. §§ 77q(a) and 77x.[13] Counts 5 through 14 charge Mr. Koerber with wire fraud in violation of 18 U.S.C. § 1343.[14] Counts 15 and 16 charge Mr. Koerber with money laundering in violation of 18 U.S.C. § 1957.[15] Finally, Counts 17 and 18 charge Mr. Koerber with tax evasion in violation of 26 U.S.C. § 7201.[16] Mr. Koerber is set to stand trial on August 7, 2017.[17]

## DISCUSSION

Rule 7(c)(1) of the Federal Rules of Criminal Procedure states that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." An indictment is generally sufficient as long as it (1) "contains the elements of the offense charged and fairly informs a defendant of the charge against which he [or she] must defend" and (2) enables the defendant to "plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citing cases). The sufficiency of an indictment "is determined by practical rather than technical considerations." *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988). If a defendant believes an indictment is insufficient, Rule 7(f) of the Federal Rules of Criminal Procedure allows a defendant to move for "a bill of particulars before or within 14 days after arraignment or

---

[12] *Id.* at ¶ 12.
[13] *Id.* at ¶ 22.
[14] *Id.* at ¶¶ 24, 26.
[15] *Id.* at ¶¶ 28, 30.
[16] *Id.* at ¶¶ 32, 34.
[17] Dkt. No. 68.

at a later time if the court permits."[18] Like a motion for a more definite statement, the purpose of a bill of particulars is to "inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense" and "to minimize surprise at trial." *Dunn*, 841 F.2d at 1029 (citation omitted). Importantly, the court maintains "broad discretion" to determine whether a bill of particulars is necessary to aid the defendant in preparing a defense. *Id.*; *see United States v. Wright*, 826 F.2d 938, 942 (10th Cir. 1987).

The purpose of a bill of particulars is narrow. A bill of particulars is not a discovery device, *Dunn*, 841 F.2d at 1029, nor is it a mechanism to compel the government to disclose evidentiary details or explain the legal theories upon which it intends to rely on at trial. *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983). Moreover, a bill of particulars is not required "when information necessary for a defendant's defense can be obtained through 'some other satisfactory form.'" *United States v. Daniels*, 95 F. Supp. 2d 1160, 1166 (D. Kan. 2000) (quoting *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991)). For example, a defendant is generally not entitled to a bill of particulars where he or she has been given complete discovery. *Id.*

Mr. Koerber maintains that Counts 1 through 4 of the indictment do not contain enough detail to enable Mr. Koerber to fairly prepare for his defense. Mr. Koerber relies on three arguments to substantiate his request for a bill of particulars. First, Mr. Koerber relies on Judge Waddoups' discussion of the sufficiency of the prior indictments in Case No. 2:09-cr-302.[19] In his prior criminal case, Mr. Koerber motioned for a bill of particulars. Judge Waddoups never

---

[18] At the time of his arraignment, Mr. Koerber was proceeding without representation. *See* Dkt. No. 6. Mr. Koerber has subsequently accepted assistance of court appointed counsel. Dkt. No. 58. Therefore, rather than hold Mr. Koerber to the time constraints outlined in Rule 7(f), the court will exercise its discretion and proceed to the merits of Mr. Koerber's motion.
[19] Dkt. No. 86 at 2.

4

ruled on Mr. Koerber's motion. However, while dismissing the case on STA grounds, Judge Waddoups opined:

> In light of the significant problems relating to the indefinites of the information contained in the indictments, prosecutors seem to be arguing, by virtue of their pursuit of these allegations, that allegations that would cause a complaint to 'fail on its face in a civil action should be sufficient in a criminal case to put a person in jeopardy of his liberty and money.' . . . The court stated, at that time, that it was 'having trouble seeing how the [Defendant is] supposed to prepare [his] defense based on the indefiniteness of this indictment,' a concern that has not been alleviated for court in the intervening two years since the July 2, 2012 hearing.

*Koerber*, 2014 WL 4060618 at \*7. Second, Mr. Koerber contends that discovery in this case is cumbersome and that the court's "truncated trial schedule" necessitates a bill of particulars.[20] Finally, Mr. Koerber argues that the government should be required to disclose which of the offenses enumerated in 15 U.S.C. § 77q(a) the government intends to pursue and what facts the government is going to rely on to support each securities fraud count.[21]

At the outset, the court finds that Judge Waddoups' discussion of the dismissed indictments in Case No. 2:09-cr-302 is not binding on this court. Judge Waddoups never decided Mr. Koerber's motion for a bill of particulars. Moreover, the particularity or lack of particularity of an indictment has no bearing on the court's decision to dismiss a case with or without prejudice for STA violations. *See* 18 U.S.C. § 3162(a)(2). Therefore, Judge Waddoups' sufficiency discussion is dicta. *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1184 (10th Cir. 1995) ("Dicta are statements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand." (quotations and citation omitted)). Finally, even if the court were to construe Judge Waddoups' sufficiency discussion as a holding, the sufficiency of an indictment is an interlocutory

---

[20] *Id.*
[21] *Id.* at 5.

determination that does not bind this court. *See Stewart v. Beach*, 701 F.3d 1322, 1329 (10th Cir. 2012) (noting that district courts "generally remain free" to reconsider their earlier interlocutory orders (citation omitted)). With this backdrop in mind, the court will address Mr. Koerber's remaining arguments.

### A. Voluminous Discovery and Purported Truncated Trial Schedule

Mr. Koerber argues that the voluminous nature of the government's discovery and the court's "truncated" trial schedule require the government to prepare a bill of particulars.[22] Furthermore, Mr. Koerber claims that discovery in this case is incomplete.[23] In support, Mr. Koerber notes that he has filed a motion to compel and a motion for an evidentiary hearing pursuant to *Kastigar v. United States*, 406 U.S. 441 (1972).[24] In response, the government argues that Mr. Koerber has received complete discovery and the government's preliminary witness and exhibit lists.[25] Therefore, the government believes that Mr. Koerber has not carried his burden to demonstrate he is entitled to a bill of particulars.

"Mere recitation of the volume and complexity" of discovery is insufficient to justify a bill of particulars. *Wright*, 826 F.2d at 944. For example, in *United States v. Ivy*, 83 F.3d 1266 (10th Cir. 1996), the defendants appealed the denial of their motion for a bill of particulars on the grounds that the government had produced "volumes of discovery" and had failed to specify the dates or time span of the relevant conduct. *Id.* at 1282. The Tenth Circuit affirmed, holding that by "providing complete discovery containing sufficient information to allow them to prepare their defense, the government gave [the defendants] the tools necessary to anticipate and forestall any surprise that might have resulted from the indictment." *Id.* at 1282. The court emphasized

---

[22] *Id.*
[23] *Id.* at 3.
[24] *Id.* at 3–4.
[25] Dkt. No. 95 at 4.

6

that once the government provided the defendants with complete discovery, it became the defendants' "responsibility to use [the tools] in preparing their defense, regardless of whether the discovery was copious and the preparation of the defense was difficult." *Id.*

Like *Ivy*, despite the copious and difficult nature of the discovery in this case, the court is satisfied that Mr. Koerber has the requisite tools at his disposal to understand the nature of the charges against him and adequately prepare for his defense. The court has reviewed numerous indictments and the present indictment contains more specificity and detail than the typical indictment filed in this court. Indeed, the government's securities fraud allegations are straightforward. The government alleges that Mr. Koerber lied about the nature of his businesses in order to induce individuals to invest in his various companies. According to the government, Mr. Koerber promised investors specific returns, claimed his investments were risk free, advertised that the investments would be backed by real estate purchases, and promised that his companies were profitable. However, the government alleges, Mr. Koerber did not do as he promised. The government contends that Mr. Koerber operated a Ponzi scheme by paying earlier investors with new investor funds. Furthermore, rather than invest in real estate, Mr. Koerber squandered away millions of dollars on expensive cars, restaurant purchases, and personal expenses. The government specifies the misrepresentations attributable to Mr. Koerber and identifies the elements of the crimes Mr. Koerber is charged with committing.

Additionally, the government represents that it has given Mr. Koerber the entirety of its discovery and provided Mr. Koerber with its preliminary witness and exhibit lists. The court is not persuaded that discovery in this case is incomplete because of Mr. Koerber's pretrial motions. Mr. Koerber does not explain how the information sought in his motion to compel or motion for a *Kastigar* hearing will aid him in better understanding the charges against him.

7

From the court's perspective, Mr. Koerber's discovery motions do not necessarily seek information that has been withheld from Mr. Koerber. Rather, Mr. Koerber's motions involve the source and timing of the government's discovery and evidence the government intends to use at trial. For example, Mr. Koerber's *Kastigar* motion seeks to shift the burden to the government to demonstrate that "its remaining evidence is not suppressed evidence, fruits derived therefrom, or evidence tainted by the government's prior access to and use of this evidence."[26] Similarly, Mr. Koerber's motion to compel argues that the government should be compelled to disclose the source and timing of the government's evidence.[27] Once the court has ruled on Mr. Koerber's motions, the evidence available to the government may change. However, at this stage, the court is satisfied that Mr. Koerber has enough information to understand the charges against him.

Finally, while not necessary to the court's holding, the court also finds it important to recognize that Mr. Koerber has been litigating this case for over eight years. The previous indictments involved numerous evidentiary hearings, several pretrial motions, and an appeal to the Tenth Circuit. Considering the long and litigious history of this case, the court finds it difficult to believe that Mr. Koerber fails to grasp the government's allegations against him.

### B. Elements of 15 U.S.C. § 77q(a)

Counts 1 through 4 of the indictment charge Mr. Koerber with fraud in the offer and sale of securities in violation of 15 U.S.C. §77q(a). Section 77q(a) prohibits a person, "in the offer or sale of any securities," from either: (1) employing a scheme and artifice to defraud, (2) obtaining money by means of untrue statements, or (3) engaging in the course of business which is operated as a fraud upon investors. *See also id.* § 77x (providing criminal repercussions for

---

[26] Dkt. No. 75 at 28.
[27] Dkt. No. 88 at 4. Mr. Koerber also argues that the government is required to disclose any written or recorded statements made by Mr. Koerber and give Mr. Koerber notice of any expert testimony the government intends to use at trial. *Id.* at 4–5.

willful violations of § 77q(a)). Mr. Koerber argues that the indictment is deficient because it forces him to guess which subsection of § 77q(a) the government intends to rely on.[28] Furthermore, Mr. Koerber argues that the indictment does not specify which transactions relate to each securities fraud count.[29] Therefore, Mr. Koerber argues he is entitled to a bill of particulars "stating the basis for each discrete unit of prosecution."[30]

As noted above, Mr. Koerber is not entitled to a bill of particulars describing the government's case in evidentiary detail or specifying which legal theories the government intends to rely on at trial. *Gabriel*, 715 F.2d at 1449. With respect to the offenses enumerated in § 77q(a), the court finds *United States v. Hassur*, No. 01-40124-01-JAR, 2002 WL 31682362 (D. Kan. Nov. 22, 2002), instructive. In *Hassur*, the defendant was charged with mail fraud pursuant to 18 U.S.C. § 1341. *Id.* at *1. The defendant argued, in part, that a bill of particulars was necessary because the indictment did not specify which subsection of 18 U.S.C. § 1341 he was charged with as to each count of the indictment. *Id.* Section 1341 criminalizes a "scheme or artifice to defraud" and a scheme to "obtain money by means of false or fraudulent" representations. *Id.* at *2 (quoting 18 U.S.C. § 1341). The court recognized that the indictment charged the defendant with both a scheme to defraud and a scheme to obtain money by false or fraudulent representations. *Id.* at *3. Therefore, the court held that the defendant could not use a bill of particulars to "compel the government to choose an offense and thereby restrict its presentation of evidence at trial." *Id.*

Like *Hassur*, the indictment informs Mr. Koerber that he should be prepared to defend against all three offenses outlined in § 77q(a). Counts 1 through 4 allege that Mr. Koerber:

---

[28] Dkt. No. 86 at 4–5.
[29] *Id.*
[30] *Id.* at 6.

(1) Did employ a device, scheme, and artifice to defraud; (2) Did obtain money by means of untrue statements of material fact and omissions to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (3) Did engage in transactions, practices, and courses of business which operated as a fraud and deceit upon investors . . . .[31]

Contrary to Mr. Koerber's assertions, at this point in litigation the government is not required to commit to one pathway to conviction over another. Any duplicitous pleading may be addressed as evidence is presented at trial and jury instructions are prepared. At this stage, the court is merely satisfied that Mr. Koerber has the necessary tools to prepare for his defense. Accordingly, Mr. Koerber's motion for a bill of particulars with respect to § 77q(a) is denied.

## CONCLUSION

Based on the foregoing, Mr. Koerber's Motion for Bill of Particulars[32] is **DENIED**.

**IT IS SO ORDERED.**

DATED this 23rd day of June, 2017.

BY THE COURT:

_(signature)_

PAUL M. WARNER
Chief United States Magistrate Judge

---

[31] Dkt. No. 1 at ¶ 22.
[32] Dkt. No. 86.