UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>CLAUD R. KOERBER,<br><br>                    Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:17-cr-37-RJS-PMW<br><br>District Judge Robert J. Shelby<br>Chief Magistrate Judge Paul M. Warner |

District Judge Robert Shelby referred this matter to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendant Claud R. Koerber's ("Mr. Koerber") Motion to Inspect, Reproduce, and Copy Grand Jury Rolls, Master Wheel, and All Records of the Grand Jury Selection Process.[2] Having reviewed the parties' briefs and the relevant law, the court renders the following Memorandum Decision and Order.[3]

## BACKGROUND

This case involves a long and complex procedural history. Relevant to the present motion, on May 26, 2009, Mr. Koerber was indicted in Case No. 2:09-cr-302 ("Koerber I") before District Judge Clark Waddoups. Following the original indictment, the government obtained two superseding indictments on November 10, 2009, and September 29, 2011. These indictments were litigated over the course of five years and ultimately resulted in Judge Waddoups dismissing the case with prejudice for Speedy Trial Act ("STA") violations. *See United States v. Koerber*, No. 2:09-cr-302, 2014 WL 4060618, at *1 (D. Utah. Aug. 14, 2014). The government appealed, and the Tenth Circuit reversed and remanded. *See United States v.*

---

[1] Dkt. No. 39.
[2] Dkt. No. 85.
[3] Pursuant to DUCrimR 12-1(d), the court elects to determine the present motion on the basis of the written memorandum and finds that oral argument would not be helpful or necessary.

*Koerber*, 813 F.3d 1262, 1286–87 (10th Cir. 2016). The Tenth Circuit held that Judge

Waddoups failed to properly weigh the STA factors in dismissing the case with prejudice. *Id.*

On remand, Judge Waddoups recused and the case was reassigned to District Judge Jill

N. Parrish. On a motion to dismiss filed by Mr. Koerber, Judge Parrish dismissed the case

without prejudice for STA violations. *United States v. Koerber*, No. 2:09-cr-302, 2016 WL

4487742, at *1 (D. Utah. Aug. 25, 2016). As a result, on January 18, 2017, the government

obtained the instant eighteen count indictment charging Mr. Koerber with securities fraud, wire

fraud, money laundering, and tax evasion ("Koerber II").[4]

## DISCUSSION

Mr. Koerber's motion argues that he is entitled to inspect, reproduce, and copy the grand

jury rolls, master wheel, and all records of the grand jury selection process for the indictments

obtained in Koerber I and Koerber II.[5] Mr. Koerber argues that examining the grand jury

selection records in Koerber I is "critical in evaluating whether those indictments were validly

pending during the prior proceedings" and whether the present indictment should be dismissed

on statute of limitations grounds.[6] The government does not oppose Mr. Koerber's request to

review the grand jury selection materials in Koerber II.[7] The government, however, argues that

Mr. Koerber is not entitled to the grand jury selection materials in Koerber I because the validity

of the grand jury selection process in Koerber I has no bearing on the statute of limitations issues

raised by Mr. Koerber.[8]

---

[4] Dkt. No. 1.
[5] Dkt. No. 85 at 1.
[6] *Id.* at 4.
[7] Dkt. No. 94 at 1–2.
[8] *Id.* at 4–5 (citing *United States v. Smith*, 197 F.3d 225, 228 (6th Cir. 1999) for the proposition that whether an indictment is "validly pending" is unrelated to the issue of whether an indictment is defective or insufficient).

The Jury Selection and Service Act ("JSSA") provides, "all litigants in [f]ederal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861. The JSSA allows a criminal defendant to "move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of [the JSSA] in selecting the grand or petit jury." *Id.* § 1867(a). In turn, § 1867(f) of the JSSA permits a defendant to "inspect, reproduce, and copy" the "records or papers used by the jury commission or clerk in connection with the jury selection process." *Id.* § 1867(f). The Supreme Court has held that a defendant's right to inspect under § 1867(f) is essentially "unqualified." *Test v. United States*, 420 U.S. 28, 30 (1975). Indeed, in order to prepare a § 1867 motion, a defendant must be afforded the opportunity to determine whether he has a "potentially meritorious jury challenge." *Id.*

Here, the court finds that Mr. Koerber is entitled to review the grand jury materials authorized by § 1867(f) for the indictments obtained in Koerber I and Koerber II. The court is not persuaded by the government's argument that Mr. Koerber's right to inspect grand jury selection records is limited to the instant indictment. There is nothing in the JSSA that expressly limits inspection to the present indictment. Moreover, there is no Tenth Circuit case law carving out an exception to § 1867(f) for cases where a defendant is reindicted after the prior proceeding was dismissed without prejudice prior to trial. Importantly, the court expresses no opinion on the merits of Mr. Koerber's claim that the validity of the present indictment hinges on the legitimacy of the indictments obtained in Koerber I. At this juncture, the court is merely satisfied that the JSSA affords Mr. Koerber the right to inspect the grand jury selection materials in Koerber 1 and Koerber II to facilitate a potential meritorious jury challenge.

The more difficult question presented to the court is the scope of Mr. Koerber's request. Indeed, while Mr. Koerber's right to inspect may be unqualified, it is not unlimited. *See United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 424 (1983) ("We consistently have recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings" and in "the absence of a clear indication in a statute or [r]ule, we must always be reluctant to conclude that a breach of this secrecy has been authorized." (citations omitted)). While the Tenth Circuit has not addressed the reach of § 1867(f), several courts have limited a criminal defendant's review of the grand jury selection process.

For example, courts have held that a defendant is not entitled to the names of individuals in any jury wheel who are currently serving, including the grand jury that returned the indictment in the instant case. *See United States v. Jack*, No. CR.S-07-0266 FCD, 2009 WL 435124, at *3 (E.D. Cal. Feb. 20, 2009); *United States v. Diaz*, 236 F.R.D. 470, 480–81 (N.D. Cal. 2006). Similarly, courts have held that a defendant is not entitled to internal communications among court personnel regarding the grand jury selection process. *See United States v. Bundy*, No. 3:16-CR-00051-BR, 2016 WL 9049641, at *3 (D. Or. Aug. 10, 2016). Moreover, the Sixth Circuit has held that § 1867(f) is satisfied so long as defendant is given "the master lists and the relevant demographic data about the general pool from which the specific grand jurors were selected." *United States v. McLernon*, 746 F.2d 1098, 1123 (6th Cir. 1984).

Here, Mr. Koerber does not specify what information from the grand jury selection process in Koerber I and Koerber II he seeks. Mr. Koerber broadly claims he is entitled to the "inspection of the grand jury records and materials, including the rolls, master wheel, and all other records of the grand jury selection process."[9] Considering the logistical, security, and

---

[9] Dkt. No. 85.

privacy issues presented by such a request, the court is unwilling to grant Mr. Koerber's motion, wholesale, so to speak, without appropriate limitations.

To facilitate the resolution of Mr. Koerber's motion, the court requests further briefing. On or before July 7, 2017, Mr. Koerber must provide the court a list of the records he believes he is entitled to review and legal authority supporting each discrete request. In turn, the government will have until July 10, 2017, in which to file responsive briefing addressing Mr. Koerber's requests.

## CONCLUSION

Based on the foregoing, the court requests additional briefing on Mr. Koerber's Motion to Inspect, Reproduce, and Copy Grand Jury Rolls, Master Wheel, and All Records of the Grand Jury Selection Process.[10] To the extent the court finds that Mr. Koerber has requested information falling within the scope of § 1867(f), Mr. Koerber's motion will be granted.

**IT IS SO ORDERED.**

DATED this 30th day of June 2017.

BY THE COURT:

_____
PAUL M. WARNER
Chief United States Magistrate Judge

---

[10] *Id.*