IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CLAUDE R. KOERBER,<br><br>    Defendant. | **ORDER**<br><br>Case No. 2:17-cr-37-RJS-PMW<br><br>District Judge Robert J. Shelby<br>Chief Magistrate Judge Paul M. Warner |

    Before the court is attorney Marcus Mumford's Notice of Appearance and Motion for Pro Hac Vice Appointment as Criminal Justice Act (CJA) Counsel.[1] Mumford is not a member of the District's CJA Panel, but he argues that because he was appointed pro hac vice CJA counsel under special circumstances in Koerber I, his appointment remains valid here, in Koerber II. Mumford's Motion is denied. Koerber I and II are different matters, so Mumford's appointment ended with Koerber I. And even if it did not, the court's orders related to Koerber's representation in this proceeding supersede and necessarily terminate any previous CJA appointment.

    Koerber I has ended, the Indictment having been dismissed without prejudice. Koerber II is a new matter, involving a separate Indictment, returned by a different grand jury. It therefore required appointment of new CJA counsel. Indeed, under the District's Amended CJA Plan, CJA representation continues only until "the matter, including appeals or review by certiorari, is

---

[1] Dkt. 154. Mumford's Notice and Motion were filed on July 28, 2017, notwithstanding that the Indictment in this case was returned on January 18, 2017. Trial will commence on August 21, 2017.

closed."[2]  Koerber I was closed when it was dismissed on remand, and were there any doubt on that score, the National CJA Guidelines—which, in addition to the Local Plan, are binding on this court[3]—make clear that "[a] new appointment . . . should be made" in subsequent proceedings, including a "new trial after . . . remand on appeal."[4]  Not only do the current proceedings follow remand on appeal, they involve, as discussed, a new Indictment returned by a new grand jury.  Under both the National Guidelines and the Local Plan, Mumford's pro hac vice CJA appointment expired upon Koerber I's dismissal without prejudice.

But even if Koerber I and II were considered part of the same "matter," Mumford's admission and appointment would have lapsed for a separate reason: Judges Furse and Warner both entered orders in Koerber II related to Koerber's representation, which, according to the Local Plan, supersede any previously pending appointment.  At Koerber's initial appearance, Judge Furse held a *Faretta* hearing and granted Koerber's request to proceed pro se.[5]  The following month, at Koerber's request, Judge Warner appointed Rebecca Skordas as new CJA counsel.[6]  The Local Plan dictates that a CJA counsel's appointment terminates when "an order has been entered allowing or requiring the persons represented to proceed pro se," and also when "substitute counsel has filed a notice of appearance."[7]  Thus, both of these Koerber II orders

---

[2] Amended Local Criminal Justice Act Plan § VIII(D), January 2015, *available at* http://www.utd.uscourts.gov/sites/utd/files/cja_standing_order.pdf.

[3] *Id.* § II(B)(1) ("The court . . . and private attorneys appointed under the CJA shall comply with the CJA Guidelines approved by the Judicial Conference of the United States . . . .").

[4] National CJA Guidelines § 220.30(a), *available at* http://www.uscourts.gov/rules-policies/judiciary-policies/criminal-justice-act-cja-guidelines.

[5] Dkt. 153 at 5, 13.

[6] Dkt. 59.

[7] Local Plan § VIII(D).

would have terminated any previously pending CJA appointment even if it was considered to have carried over from Koerber I to Koerber II.

Mumford's Motion for Pro Hac Vice Admission and CJA Appointment is therefore denied. Mumford may not appear as CJA counsel. He may, of course, appear on a retained or pro bono basis. If he wishes to do so, he must file a new notice of appearance, and he must certify he is prepared to proceed to trial on August 21 and is committed to the representation for the duration of the case through post-trial motions. He must also notify the court (by ex parte sealed pleading, if he wishes) whether he is being retained or appearing pro bono. Koerber and his counsel should be mindful that appearance by Mumford may affect the appointment of current CJA counsel and the availability of CJA-related funding, though it will not be a basis to continue the August 21 trial date. And if Mumford is retained, Koerber may be required to account for his financial resources while receiving CJA services, and he may ultimately be required to reimburse the government for any services improperly received.[8] CJA resources are for criminal defendants without the funds or good will to obtain representation, and if it appears Koerber has satisfactory representation absent CJA services, his entitlement to those services may be reevaluated.

Mumford's Motion for Admission to the CJA Panel and CJA Appointment is DENIED.

SO ORDERED this 1st day of August, 2017.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

---

[8] *See* National CJA Guidelines § 230.40(c).

3