**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| | **Case No. 2:17-cr-00037-RJS-PMW** |
| **v.** | |
| **CLAUD R. KOERBER,** | **District Judge Robert J. Shelby** |
| **Defendant.** | **Chief Magistrate Judge Paul M. Warner** |

District Judge Robert J. Shelby referred this case to the undersigned, Chief Magistrate Judge Paul M. Warner, pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is Claud R. Koerber's ("Defendant") Motion to Recuse Magistrate Judge Warner and Vacate Orders Entered After April 14, 2017, as Void.[2]  Defendant's motion seeks to disqualify the undersigned pursuant to 28 U.S.C. §§ 144 and 455.

<u>ANALYSIS</u>

**I.  Section 144**

    **A.  Legal Standards**

Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against

---

[1] *See* docket no. 39.

[2] *See* docket no. 163.

> him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.  A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

Both Supreme Court and Tenth Circuit precedent clearly hold that section 144 is applicable only to district judges.  *See, e.g.*, *Liteky v. United States*, 510 U.S. 540, 548 (1994); *United States v. Ritter*, 540 F.2d 459, 461-62 (10th Cir. 1976).  In *Liteky*, the Supreme Court discussed the 1974 revision to section 455 as it related to section 144.  *See Liteky*, 510 U.S. at 546-48.  The *Liteky* Court specifically stated:  "[T]wo paragraphs of the revision brought into § 455 elements of general 'bias and prejudice' recusal that had previously been addressed only by § 144.  Specifically, paragraph (b)(1) entirely duplicated the grounds of recusal set forth in § 144 ('bias or prejudice'), but (1) made them applicable to *all* justices, judges, and magistrates (*and not just district judges*) . . . ."  *Id*. at 548 (first emphasis in original) (second emphasis added).  Similarly, in *Ritter*, the Tenth Circuit held that section 144 "allows a party to request disqualification of a *district judge* when he has a personal bias or prejudice either against him or in favor of any adverse party" and that section 455 "is broader" and "applie[s] to *any judge*."  *Ritter*, 540 F.2d at 461-62 (emphasis added).

2

### B.  Defendant's Section 144 Argument

Defendant's central argument directed at disqualification of the undersigned based on section 144 is that all of the undersigned's orders and actions in this case since April 14, 2017, are void.  On April 14, 2017, Defendant, who at that time was acting *pro se* in this case, filed a motion to disqualify the undersigned based, in part, on section 144.[3]  At a hearing held on the same day, the court appointed counsel to represent Defendant.[4]  Because Defendant had representation at that point, the undersigned denied Defendant's *pro se* motion to disqualify without prejudice and directed him to discuss the motion with his counsel.[5]  The undersigned made it clear that the motion could be refiled if Defendant and his counsel determined that it was appropriate.[6]  The issue of disqualification of the undersigned did not arise again until nearly four months later upon the filing of the motion now before the court.

The thrust of Defendant's argument based on section 144 is that, upon the filing of Defendant's *pro se* section 144 motion to disqualify the undersigned, the undersigned could "proceed no further" in this matter and that the matter should have been reassigned to another magistrate judge.  28 U.S.C. § 144.  Accordingly, Defendant argues, any of the undersigned's orders or actions in this proceeding since April 14, 2017, are void.  However, the binding precedent cited above makes it abundantly clear that section 144 applies only to district judges, not magistrate judges.  Accordingly, Defendant's section 144 argument fails.

---

[3] *See* docket no. 57.

[4] *See* docket no. 150, Transcript of April 14, 2017 Status Conference, at 6.

[5] *See id*. at 2-3.

[6] *See id*.

## II.  Section 455

### A.  Legal Standards

#### 1.  Section 455(a)

Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Id*. § 455(a).

As an initial matter concerning section 455(a), it is important to note that "[a] motion to recuse under section 455(a) must be timely filed." *Willner v. Univ. of Kan.*, 848 F.2d 1023, 1028 (10th Cir. 1988).  "Although [the Tenth Circuit] has not attempted to define the precise moment at which a § 455(a) motion to recuse becomes untimely, our precedent requires a party to act promptly once it knows of the facts on which it relies in its motion."  *United States v. Pearson*, 203 F.3d 1243, 1276 (10th Cir. 2000).

With respect to the merits of a section 455(a) motion, "[t]he test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (per curiam).  Further, "[t]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Page*, 828 F.2d 1476, 1481 (10th Cir. 1987) (quotations and citation omitted). "Under this section, factual allegations do not have to be taken as true."  *Hinman*, 831 F.2d at 939.  "Nor is the judge limited to those facts presented by the challenging party."  *Id*.  "There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there

is for him to do so when there is."  *Id.*  "A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation."  *Id.*

### 2.  Section 455(b)

Section 455(b) provides additional grounds for disqualification of justice, judge, or magistrate judge.  *See* 28 U.S.C. § 455(b).

Again, as an initial matter relating to section 455(b), a motion to disqualify under that section "'must be timely filed,' and a party must act promptly in filing its motion once it knows of the facts on which it relies."  *Levy v. Levitt*, 3 F. App'x 944, 951 (10th Cir. 2001) (quoting *Willner*, 848 F.2d at 1028); *see also Summers v. Singletary*, 119 F.3d 917, 920-21 (11th Cir. 1997) (holding "that timeliness is a component of § 455(b)" and stating that "[i]n declining to draw a distinction between § 455(a) and (b) on timeliness, we join the majority of courts that have decided the issue.").

Defendant's motion is predicated on two subsections of section 455(b):  section 455(b)(1) and section 455(b)(3).

Section 455(b)(1) provides that any justice, judge, or magistrate judge shall disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(b)(1).  Section 455(b)(1) "applies to knowledge which the judge obtained extrajudicially, *e.g.*, through prior representation of a party, or by witnessing the events at issue in the proceeding.  Section 455(b)(1) does not apply to knowledge obtained in the course of related judicial proceedings."  *Page*, 828 F.2d at 1481.

Section 455(b)(3) provides that any justice, judge, or magistrate judge shall disqualify himself "[w]here he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy."  28 U.S.C. § 455(b)(3).  Under section 455(b)(3), a "proceeding" is defined to include "pretrial, trial, appellate review, or other stages of litigation."  28 U.S.C. § 455(d)(1).  In interpreting section 455(b)(3), the Tenth Circuit has held that "before the presumption arises that a judge is in fact partial because of his past conduct as an attorney, a party seeking disqualification must show that the judge actually participated as counsel."  *United States v. Gipson*, 835 F.2d 1323, 1326 (10th Cir. 1988).

### B.  Defendant's Section 455 Arguments

Before reaching the merits of Defendant's section 455 arguments, the undersigned will address the timeliness of Defendant's motion.  As for the merits of Defendant's motion, Defendant's arguments can be divided into five categories, which the undersigned will address individually.

### 1.  Timeliness

As noted above, the Tenth Circuit requires that a motion for disqualification under either section 455(a) or section 455(b) must be filed in a timely fashion.  More specifically, Tenth Circuit precedent dictates that, under either section, a party moving for disqualification must act promptly once he knows of the facts that are the basis of his motion.  *See Pearson*, 203 F.3d at 1276; *Levy*, 3 F. App'x at 951.  The rationale supporting the timeliness rule is that "[g]ranting a motion to recuse many months after an action has been filed wastes judicial resources and encourages manipulation of the judicial process."  *Willner*, 848 F.2d at 1029; *see also Pearson*,

6

203 F.3d at 1276 ("A promptly filed motion conserves judicial resources and alleviates the concern that it is motivated by adverse rulings or an attempt to manipulate the judicial process.").

Under those standards, Defendant's motion is untimely.  The facts underlying all of Defendant's arguments directed at disqualification of the undersigned were known to him from the first action the undersigned took in this case in April 2017.  While it is true that Defendant filed a *pro se* motion for disqualification in April 2017, the undersigned, as noted above, denied that motion without prejudice the same day it was filed so that Defendant could consult with his appointed counsel on the issues raised in the motion.  Since that date, the issue of disqualification of the undersigned has not been raised until nearly four months later by way of the motion before the court.  Such a delay demonstrates that Defendant did not act promptly once he knew of the alleged basis for disqualification of the undersigned.  Furthermore, it is noteworthy that after many months of litigation, Defendant chose to file his motion merely a few hours before Judge Shelby was to hold the final pretrial conference in this case.  That action, coupled with the delay in bringing the motion, leads the undersigned to the conclusion that Defendant is likely motivated in seeking disqualification based upon adverse rulings he has received from the undersigned or upon a desire to manipulate the judicial process.  Moreover, disqualification of the undersigned at this point would constitute a waste of judicial resources, which is contrary to the underpinnings of the timeliness requirement.

For the foregoing reasons, the undersigned concludes that Defendant's motion is untimely.  While Defendant's motion is denied solely on that basis, it likewise fails on its merits, as will be discussed below.

### 2.  "Ghostwriting"

Defendant first argues that the undersigned is biased against him because of the undersigned's reference at an April 11, 2017 hearing to possible "ghostwriting" on Defendant's behalf by Mr. Mumford.  At that hearing, the undersigned made it clear that neither accusations nor allegations of "ghostwriting" were being made against Defendant.[7]  Instead, the undersigned merely indicated that it was a possibility based upon the undersigned's familiarity with Mr. Mumford's writing.[8]

This argument implicates section 455(a) and section 455(b)(1).  Under either of those sections, the alleged bias or prejudice of the judge must be based upon facts or knowledge the judge obtained from extrajudicial sources, not from his participation in the case or from related judicial proceedings.  *See Page*, 828 F.2d at 1481.

Under that standard, Defendant's argument fails.  Put simply, the undersigned's reliance upon his familiarity with Mr. Mumford's writing style is not knowledge obtained from an extrajudicial source.  Indeed, other circuits have recognized that mere prior knowledge of facts or knowledge gained through judicial observations are not the type of matters that require disqualification.  *See, e.g.*, *United States v. Patrick*, 542 F.2d 381, 390 (7th Cir. 1976) ("[M]erely prior knowledge by the judge of facts concerning a party is not in itself sufficient to require disqualification.  Moreover, facts learned by a judge in his judicial capacity cannot be the basis for disqualification.") (citations omitted); *United States v. Bernstein*, 533 F.2d 775, 785 (2d Cir. 1976) ("The rule of law, without belaboring the point, is that what a judge learns in his judicial

---

[7] *See* docket no. 61, Transcript of April 11, 2017 Status Conference, at 15.

[8] *See id*. at 15-17.

capacity whether by way of guilty pleas of codefendants or alleged coconspirators, or by way of pretrial proceedings, or both is a proper basis for judicial observations, and the use of such information is not the kind of matter that results in disqualification.  Rules against 'bias' and 'partiality' can never mean to require the total absence of preconception, predispositions and other mental habits . . . .").

### 3.  Assistant United States Attorney Stewart Walz

Defendant next argues that the undersigned's former professional relationship Assistant United States Attorney Stewart Walz requires disqualification.  The undersigned acknowledges his past professional relationship with Mr. Walz.  Indeed, it is undisputed that the undersigned previously served as the United States Attorney for the District of Utah while Mr. Walz served as an Assistant United States Attorney.

Notably, Defendant has provided no legal authority for the proposition that a mere prior professional relationship between a judge and prosecutor requires disqualification, and the undersigned has been unable to locate any such authority.  As such, Defendant has failed to demonstrate that this type of relationship is, or ever could be considered as, a basis for disqualification.  Put simply, the undersigned does not believe that this relationship would cause "a reasonable person, knowing all the relevant facts, [to] harbor doubts about" about the undersigned's impartiality.  *Hinman*, 831 F.2d at 939.

### 4.  United States Attorney's Office

Defendant also argues that the undersigned's tenure as United States Attorney requires disqualification.  The undersigned served as United States Attorney for the District of Utah until January 2006.  Defendant contends that the investigation that led to the first indictment filed

against him in 2009 began while the undersigned was serving as United States Attorney.  As

such, Defendant argues that the undersigned should be disqualified under section 455(b)(3).

Defendant's argument fails for two reasons.

First, the undersigned had no involvement into any investigations of Defendant while

serving as United States Attorney.  Indeed, Defendant admits that the United States Attorney's

office did not formally assume control of the investigation or prosecution of him until after the

undersigned left that office.

Second, even if the undersigned was serving as United States Attorney while that office

was investigating or prosecuting Defendant, because the undersigned had no personal

involvement in any matters related to Defendant, disqualification under 455(b)(3) would not be

appropriate or required.  The case law on this point is clear.  *See Gipson*, 835 F.2d at 1326 ("In

our opinion, before the presumption arises that a judge is in fact partial because of his past

conduct as an attorney, a party seeking disqualification must show that the judge actually

participated as counsel."); *see also United States v. Norwood*, 854 F.3d 469, 471-72 (8th Cir.

2017) ("[A] party seeking recusal must show that the judge while serving as U.S. Attorney

actually participated as counsel for the government in investigating or prosecuting the specific

[crime] underlying the present indictment."); *United States v. Miller*, 221 F. App'x 182, 185 (4th

Cir. 2007) ("Appellant presents no support for his expansive view that a United States Attorney

'participate[s] as counsel' to the FBI with respect to every investigation it conducts, nor can we

find any.  The U.S. Attorney's Office and the FBI are organizationally distinct, and we can

perceive no basis in the relationship between the two to warrant viewing the United States

Attorney as 'counsel, adviser or material witness' in an investigation prior to the arrival of the

matter in his or her office.") (alteration in original); *United States v. Vazquez*, 193 F. App'x 168,

169 (3d Cir. 2006) ("With regard to a judge who formerly served as a supervisory attorney in the

United States Attorney's Office, we have stated that, absent a *specific* showing that that judge

was previously involved with a case while in the U.S. Attorney's office that he or she is later

assigned to preside over as a judge, § 455(b)(3) does not mandate recusal.") (quotations and

citation omitted) (emphasis in original); *United States v. Thompson*, 76 F.3d 442, 450-51 (2d Cir.

1996) ("A judge who has served as United States Attorney is not considered 'counsel' with

respect to a criminal case if the investigation that led to the indictment began after he left the

office of United States Attorney.  Nor is disqualification required merely because some part of

the offense was committed while the judge was the United States Attorney, if he left that position

before that office's investigation of the offense began.") (citations omitted).

### 5.  Civil Case

Defendant further argues that the undersigned's participation in a prior civil case

involving Defendant justifies disqualification.  In *Tibbs v. Vaughn*, 2:08-cv-787-TC-PMW, the

undersigned presided over supplemental proceedings in which Defendant testified.  The

undersigned raised that issue during the April 11, 2017 status conference.[9]  The transcript of that

hearing demonstrates that the undersigned did not believe there was any conflict or issue that

required recusal or disqualification.[10]  After making that statement, the undersigned provided the

opportunity for either party to make a record of any objections.[11]  There were no objections

---

[9] *See id*. at 4-5.

[10] *See id*. at 4.

[11] *See id*. at 4-5.

lodged by either party and, notably, Defendant admitted that the undersigned was "the best judge" of whether any bias existed.[12]

Consistent with the statements made at that hearing, the undersigned concludes that there is no basis for disqualification based upon *Tibbs*.  Support for that conclusion exists in binding precedent and in precedent from this court.  *See Liteky*, 510 U.S. at 551 (providing that "opinions held by judges as a result of what they learned in earlier [judicial] proceedings" are "not subject to deprecatory characterization as 'bias' or 'prejudice'"); *Page*, 828 F.2d at 1481 ("Section 455(b)(1) . . . applies to knowledge which the judge obtained extrajudicially, *e.g.*, through prior representation of a party or by witnessing the events at issue in the proceeding. Section 455(b)(1) does not apply to knowledge obtained in the course of related judicial proceedings."); *see also Rose v. Utah State Bar*, No. 2:09-CV-695-TC, 2009 WL 2898930, at *1 (D. Utah Sept. 8, 2009) ("[F]amiliarity with the litigant or the dispute being litigated, which was gained by presiding over a related case, does not justify recusal.") (unpublished).

### 6.  Remaining Arguments

As for any of Defendant's remaining arguments not addressed above, the undersigned concludes that they are nothing more than disagreement with rulings and orders issued by the undersigned in this case.  Such issues are the subject of objections directed to Judge Shelby or any potential appeal.  They are not grounds for disqualification.  *See United States v. Cooley*, 1 F.3d 985, 994 (10th Cir. 1993) (providing that motions to recuse will be denied if based on "prior rulings in the proceeding . . . solely because they were adverse"); *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992) (denying motion to recuse because it alleged no factual basis to warrant

---

[12] *Id*. at 5.

recusal but only restated the party's conclusive beliefs, and because substance of the motion was "based on adverse rulings," which "cannot in themselves form the appropriate grounds for disqualification"); *Glass v. Pfeffer*, 849 F.2d 1261, 1268 (10th Cir. 1988) (providing that "adverse rulings are not in themselves grounds for recusal").

Mr. Koerber acknowledges that appeal is the proper remedy available to him for decisions of this court he feels were made in error. Nevertheless, Mr. Koerber argues that statements made by the undersigned in certain contested orders make it "reasonable to question the partiality of the court."[13] This argument fails to meet the defendant's burden under § 455 for two reasons. First, "when a judge's words or actions are motivated by events originating within the context of judicial proceedings, they are insulated from charges of bias." *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (citing *Liteky*, 510 U.S. at 554-56). "[H]owever, when a judge's decisions, opinions, or remarks stem from an extrajudicial source—a source outside judicial proceedings" disqualification or recusal *may* be appropriate. *Id.* (citing *Liteky*, 510 U.S. at 554-55). Here, the remarks which Mr. Koerber complains evidence bias sufficient to merit recusal are contained in the decisions of this court based on the judicial proceedings themselves, and are therefore by definition not "extrajudicial." Mr. Koerber points to three statements in decisions of this court to support his argument. First, Mr. Koerber points to this court's observation that "Mr. Koerber fails to identify a single ethical violation attributable to the prosecution that would entitled Mr. Koerber to the extraordinary sanction of disqualification."[14] Second, Mr. Koerber points to this court's characterization of Mr. Koerber's complaints as

---

[13] Docket no. 163 at 29.

[14] *Id*. at 30 (citing docket no. 87 at 18).

"merely academic."[15]  Finally, Mr. Koerber cites this court's comment that it was "telling" that Mr. Koerber had access to certain documents in government's discovery for years, and yet he "did not find the copy of the 2005 Letter until May 30, 2017," as "the most biased statement of them all."[16]

Although Mr. Koerber may (and apparently does) disagree with these observations, none of them is based on any extrajudicial source.  Every one of them is based on the parties, evidence, arguments, and proceedings before the court in this case.  Therefore, they are "insulated from charges of bias."  *Nickl*, 427 F.3d at 1298.

Second, even if the remarks cited by Mr. Koerber did stem from extrajudicial sources, they do not "'reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.'"  *Id.* (quoting *Liteky*, 510 U.S. at 555).  Merely "critical or disapproving," remarks will not support recusal.  *Id.* at 1299.  Even hostile, insensitive, and inappropriate comments will not disqualify a judge if they do not "display a deep-seated antagonism which would make fair judgment impossible."  *Id*.  The observations on the arguments of the parties do not even approach this standard.  Rather, they are the judicial observations of the undersigned, which are not only permissible, but necessary and central to the undersigned's duty to make decisions in the matters before this court.  As such, they do not form a basis for recusal or disqualification.

## CONCLUSION

Because section 144 applies only to district judges, the portion of Defendant's motion based upon that section is denied.  Additionally, Defendant's motion does not satisfy the

---

[15] *Id.* at 32 (citing docket no. 143 at 5).

[16] *Id.*

timeliness requirement of section 455 and, accordingly, is denied upon that basis alone.  Finally,

Defendant's section 455 arguments are meritless, and his motion could be denied on that

alternative basis.

For the foregoing reasons, Defendant's Motion to Recuse Magistrate Judge Warner and

Vacate Orders Entered After April 14, 2017, as Void[17] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 10th day of August, 2017.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[17] *See* docket no. 163.

15