Marcus R. Mumford (#12737)
**MUMFORD PC**
405 S. Main Street, Suite 850
Salt Lake City, Utah 84111
Telephone: (801) 428-2000
mrm@mumfordpc.com

*Attorneys for Defendant Claud R. Koerber*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLAUD R. KOERBER,<br><br>Defendant. | NOTICE OF APPEAL<br><br>Case No. 2:17-CR-37 RS<br><br>District Judge Robert J. Shelby<br>Magistrate Judge Paul M. Warner |

Notice is hereby given that Defendant Claud R. Koerber appeals the district court's order declining to recuse (Doc. 186), pursuant to 28 U.S.C. § 1291 and the collateral order exception outlined in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949) and *Abney v. United States*, 431 U.S. 651, (1977). This notice is timely pursuant to Fed. R. App. P. Rule 4(b)(1)(a) ("a defendant's notice of appeal must be filed in the district court within 14 days after…the entry of...the order being appealed"), the order appealed here was entered on August 10, 2017, and this appeal is filed eight days later. Notice is further given that Mr. Koerber is filing with the appellate court a related Petition for Mandamus relief.

Regarding appellate jurisdiction under the collateral order exception, the order appealed is a "final decision" within the meaning of § 1291. *See Abney v. United States*, 431 U.S. at 658; *In re Cement Antitrust Litig. (MDL No. 296),* 673 F.2d 1020, 1023 (9th Cir. 1981), *cause dismissed sub nom. Arizona v. U.S. Dist. Court for the Dist. of Arizona,* 459 U.S. 961 (1982), and

*aff'd sub nom. Arizona v. Ash Grove Cement Co.*, 459 U.S. 1190 (1983) (a recusal order can be appealed under the collateral order exception "if it comes within an appropriate exception to the final-judgment rule). Under the governing legal standards announced in *Cohen* and *Abney*, the recusal order at issue here is final for purposes of appellate jurisdiction because "the District Court's order ha[s] fully disposed of the question" pertaining to recusal, and "in no sense, did it leave the matter open, unfinished or inconclusive," and it is "completely separate from the merits of the action, which, if not reviewed immediately, will be effectively unreviewable on appeal" it "involve[s]" an important right which would be "lost, probably irreparably," if review had to await final judgment. *Abney,* 431 U.S. at 658; see also *In re Cement Antitrust Litig. (MDL No. 296),* 673 F.2d at 1023 ("Although there is a strong policy behind the rule that appeals are to be made only following final judgment on the merits ... we cannot disagree" that a recusal order "conclusively determines a disputed question, completely separate from the merits of the action, which, if not reviewed immediately, will be effectively unreviewable on appeal from final judgment."); *In re Bergeron*, 636 F.3d 882, 883–84 (7th Cir. 2011) ("[T]he cleanest remedy against the creation of an appearance of judicial bias is to seek the judge's removal as soon as the appearance materializes, hopefully before trial.").

DATED this 18th day of August 2017.

/s/ Marcus R. Mumford
MUMFORD PC
405 S. Main Street, Suite 875
Salt Lake City, UT 84111
Telephone: (801) 428-2000
*Attorney for Claud R. "Rick" Koerber*