Marcus R. Mumford (UT-12737)
**MUMFORD PC**
405 S. Main Street, Suite 975
Salt Lake City, Utah 84111
Telephone: (801) 428-2000
mrm@mumfordpc.com
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **DEFENDANT'S OBJECTIONS TO GOVERNMENT EXHIBITS Nos. 38, 38a, 40-45, AND 40-45a** |
| Plaintiff, | |
| v. | Case No. 2:17-CR-37 RS |
| CLAUD R. KOERBER, | District Judge Robert J. Shelby |
| Defendant. | Magistrate Judge Paul M. Warner |

The Government's updated exhibit list indicates that it is attempting to use audio and video clips out of context. Based on the list that the government just provided to the defense, it appears this issue will arise with respect to its first witness. Any presentation of media clips out of context threatens to confuse and mislead the jury.

Mr. Koerber objects to the following government exhibits and evidence for lack of completeness, danger of unfair prejudice, confusing the issues and misleading the jury: government exhibit 38, 38a, 40-45, and 40-45a. See Attachments B-H. In the alternative, the Defendant asks the Court to 1) preclude the transcripts for lack of completeness, and 2) to require that any audio and video footage indicated be played only with those additional portions of the respective file for completeness identified in the attached Schedule A, to prevent the jury from being confused and misled by the incomplete and out of context recordings. Additionally, the law requires that the Defendant be allowed to introduce other favorable evidence from the

source file that is related to the matter on cross-examination or as part of his own case.

## II. Relevant Facts

At trial, the government has signaled its intent to introduce exhibit 38, 38a, 40-45, and 40-45a with its first witness. These exhibits include audio and video clips with accompanying transcripts of government tailored snippets pulled from their respective complete recordings. The government's snippets add up to a total of approximately 19 minutes and 28 seconds of audio and video footage pulled from approximately 14 hours of footage. The government snippets represent approximately 2% of the total footage.

## III. Argument

A. Completeness

"If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part--or any other writing or recorded statement--that in fairness ought to be considered at the same time." Fed. R. Evid. 106. Under Rule 106 of the Federal Rules of Evidence, a party cannot introduce part of a writing or recorded statement without allowing the other party the right to require introduction of any other part or any other writing or recorded statement which ought to be considered contemporaneously with the writing or recorded statement the first party is offering. In this instance, introduction of other parts of the audio and video footage, as indicated in Schedule A, is necessary to qualify, explain and put in context the original piece of the government's proposed clips.

All of this assumes that the Court is inclined to admit the proposed exhibits in the first place. The law indicates that the portions of a statement that are relevant and necessary to explain or clarify the already-admitted portions must be admitted with the already-admitted evidence. *United States v. Williston*, 862 F.3d 1023, 1038 (10th Cir. 2017).

"The four factors to consider are whether the statement or statement portion that a party seeks to admit under the rule of completeness (1) explains the admitted evidence, (2) puts the admitted evidence in context, (3) does not itself mislead the jury, and (4) *1039 ensures that the jury can fairly and impartially understand the evidence." *United States v. Williston*, 862 F.3d 1023, 1038–39 (10th Cir. 2017), citing *United States v. Lopez-Medina*, 596 F.3d 716, 735 (10th Cir. 2010).

1. The portions of audio and video that the Defendant seeks to have played are necessary to explain and put in context the evidence that the government seeks to introduce. Without a more complete presentation to the jurors they will be misled and will not be able to fairly and impartially understand the evidence.

In exhibit 38 and transcript 38a the government seeks to introduce 9 clips. The 9 clips total 12 minutes and 26 seconds pulled from over 3 hours of audio recordings. In those 9 clips, the government interrupts the narrative or story all 9 times and it abruptly begins or ends the chosen snippet mid-sentence 5 out of 9 times. The snippets are also not in chronological order.

In exhibit 40 and 40a the government has produced a video clip that is 1 minute and 43 seconds long extracted from a video that is 2 hours and 20 minutes long. The clips are almost six minutes apart in time on the original recording. The snippets are extracted from a much longer narrative and story leaving out the explanatory pre-clip and post clip storyline that not only helps one to understand what they are hearing but puts the government's snippets in context. The government's 40a transcript exhibit is also inaccurate and incomplete. In just two small paragraphs the government manages to leave out 51 words from the original recording and adds 28 words that do not exist in the original.

In government exhibit 42 and 42a they extract 28 seconds from a 1hour and 13-minute

video. The government leaves out 7 words from a short 41-word snippet and pulls that 28 seconds from the 1 hour and 8-minute mark of an approximately 1 hour and 11-minute video. In its failure to offer a complete recording the government extracts a particular phrase and particular words out of the context of a greater story that gives meaning to the very terms they seek to use to create an image of guilt that fits their narrative but that does not match the original video and the plain meaning of the words spoken in context and this will inevitably mislead the jury.

In government exhibit 43 and 43a we see the government's Frankenstein effort to construct evidence. They extract 44 seconds from an approximately 2 hours and 12-minute video and produce a transcript that is 87 words including 6 words that are not in the original video while leaving out 163 words from the original video. In its failure to offer a complete recording the government constructs their desired phrase and particular words that are out of context with the video and story that gives meaning to the very terms they seek to use to create an image of guilt that fits their narrative but does not match the plain meaning of the words when spoken in the context of the original video and this will inevitably mislead the jury.

In government exhibits 44 and 44a the government pulls 51 seconds from an approximately 2 hours and 12-minute video. Their transcript 44a is 62 words long but leaves out 71 words from the same original video segment. Once again, the government interrupts a coherent storyline, narrative and thought extracting a desired result rather than presenting the full context and meaning.

In government exhibits 45 and 45a the government pulls 2 minutes and 8 seconds from a 3 hour long original video. Transcript 45a is missing 127 words from the original recording. It is hard to tell what the government's aim is with exhibit 45a but clarity is surely not it. Once again, the clip and transcript is ripped from the middle of not only a significantly longer video but from

the macro narrative and context that is needed to understand what is being said.

2. Further, Defendant should be given wide latitude as part of his cross examination or as part of his own case in presenting the completion evidence of the video and audio clips that the government fails to include. "In proposing Rule 106, the Advisory Committee stressed that it "does not in any way circumscribe the right of the adversary to develop the matter on cross-examination or as part of his own case." Advisory Committee's Notes on Fed.Rule Evid. 106, 28 U.S.C.App., p. 682. "We take this to be a reaffirmation of the obvious: that when one party has made use of a portion of a document, such that misunderstanding or distortion can be averted only through presentation of another portion, the material required for completeness is ipso facto relevant and therefore admissible under Rules 401 and 402. See 1 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 106[02], p. 106–20 (1986). The District Court's refusal to admit the proffered completion evidence was a clear abuse of discretion." *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 172 (1988).

Mr. Koerber only recently obtained from the government those clips it now proposes to play with one of its first witnesses. And Mr. Koerber has only recently had the ability to compare the government's excerpted transcripts against the video or audio clips at issue. In this work, Mr. Koerber has found that the government's carefully crafted snippets do not explain the evidence but instead are designed, if not intentionally then inadvertently, to mislead the jury by taking Mr. Koerber's words out of context. They are on their face, especially when viewed in context of the original recordings, not plain or understandable except as carefully crafted snippets cut to fit the government's narrative. There is perhaps no better example than the fact that the transcripts themselves appear to leave out dozens of words in some instances. Mr. Koerber would note at this time that his review of this matter was done expeditiously.

Mr. Koerber objects to the government exhibits. The government's lack of completeness should lead the court to exclude the evidence under Rules 402 and 403, and even if it is found to be relevant, the court should exclude the clips because any probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury. Due to this incompleteness, the government should be precluded from introducing exhibit 38, 38a, 40-45, and 40-45a.

In the alternative, the Defendant asks the Court to 1) preclude the transcripts (Exhibits 38a, 40-45a, and 2) require that when any audio and video footage is played from government exhibits 40-45 that certain other portions of the audio and video clips be required to be played, as the Defendant herein requests as set forth in Schedule A, to prevent the jury from being confused and mislead by the incomplete and out of context recordings. Also, that Defendant be recognized as having a standing objection to any evidence or exhibits arising out of the aforementioned original recordings and be given wide latitude in presenting the complete evidence in his cross examination or in his case.

Respectfully submitted this 21st day of August 2017.

/s/ *Marcus R. Mumford*
Attorney for Defendant Claud R. "Rick" Koerber

Schedule A

Exhibit 38

    Clip 1 Start at 00:25 and go through 3:51 then from 8:00 through 9:30 then 10:45-10:52

    Clip 2 Start at 18:00 and go through 22:15

    Clip 3 Start at 26:50 and go through 33:14

    Clip 4 Start at 37:00 and go through 43:03

    Clip 5 Start at 50:44 and go through 55:32

    Clip 6 Start at 1:07:50 and go through 1:11:10

    Clip 7 Start at 1:14:05 and go through 1:18:37

    Clip 8 Start at 1:54:30 and go through to 1:57:00 allowing Defendant ability to present other explanatory clips relative to this clip that are peppered throughout entire original audio

    Clip 9 Defendant needs ability to present other explanatory clips relative to this clip that are peppered throughout entire original audio

Exhibit 40 Start at 23:17 to 26:12 and 27:37 to 31:11

Exhibit 42 Start at 1:08:12 go through to 1:09:58

Exhibit 43 Start at 1:56 go through 2:01:27

Exhibit 44 This is an intellectual and difficult to grasp lecture, Defendant needs access ability to present large portions if not the entire video to create proper context

Exhibit 45 Start at 1:38:15 go to 1:42:58 AM