JOHN W. HUBER, United States Attorney (#7226)
STEWART C. WALZ, Assistant United States Attorney (#3374)
AARON B. CLARK, Assistant United States Attorney (#15404)
RUTH J. HACKFORD-PEER, Assistant United States Attorney (#15049)
TYLER MURRAY, Assistant United States Attorney (#10308)
Attorneys for the United States of America
111 South Main, Suite 1800
Salt Lake City, Utah  84111
Telephone:  (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No.  2:17-CR-00037-RS |
| Plaintiff, | : | |
| v. | : | UNITED STATES' MEMORANDUM ON FEDERAL RULE OF EVIDENCE 106 |
| CLAUD R. KOERBER, | : | |
| Defendant. | : | Judge Robert Shelby<br>Magistrate Judge Paul M. Warner |

The United States, by the undersigned Assistant United States Attorneys submits its memorandum on the scope of Federal Rule of Evidence 106.  The reason for the memorandum is as follows:

Three of the witnesses the United States will call during the first week of trial are Peter Hansen, FBI Special Agent Cameron Saxey, and Michael Isom.  Mr. Hansen will introduce segments for video recordings of the Defendant Koerber talking about his programs, their profitability and his payment of taxes.  Agent Saxey will introduce audio taped admissions of the Defendant made during the February 13, 2009 interview.  Mr. Isom will introduce portions of

recordings of meetings where Mr. Koerber spoke extensively.  All of Mr. Koerber's statements are admissible as admissions of a party opponent under F.R.E. 801(d)(2)(A).

Under F.R.E. 106, the Defendant is entitled to introduce portions of the video tapes and the interview that "in fairness ought to be considered at the same time."  This does not mean that he may introduce clips that are merely favorable to him.  *United States v. Phillips*, 543 F.3d 1197, 1203 (10th Cir. 2008).  "The purpose of Rule 106 is to prevent a party from misleading the jury by allowing into the record relevant portions of a… recorded statement which clarify or explain the part already received."  *United States v. Lopez-Medina*, 596 F.3d 716, 735 (10th Cir. 2010) (citation omitted).  "In determining whether a disputed portion of a statement must be admitted [under the rule of completeness], the trial court should consider whether (1) it explains the admitted evidence, (2) places the admitted evidence in context, (3) avoids misleading the jury, and (4) insures fair and impartial understanding of the evidence."  *Id.* (citation omitted).  Rule 106 "does not give an interview declarant a general right to introduce selected statements to counter the statements in the proponents offered segment."  *United States v. Williston*, 862 F.3d 1023, 1039 (10th Cir. 2017).  Unless any additional statements Mr. Koerber seeks to offer "prevent the jury from being misled," his additional statements are inadmissible hearsay.  *Id.*

DATED this 21st day of August, 2017.

> JOHN W. HUBER
> United States Attorney
>
> /s/ *Stewart C Walz*
> RUTH HACKFORD-PEER
> STEWART C. WALZ
> TYLER MURRAY
> AARON CLARK
> Assistant United States Attorneys