Marcus R. Mumford (12737)
**MUMFORD PC**
405 S. Main Street, Suite 975
Salt Lake City, Utah 84111
Telephone: (801) 428-2000
mrm@mumfordpc.com

*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CLAUD R. KOERBER, <br><br> *Defendant.* | **MOTION TO STRIKE GOVERNMENT TRIAL EXHIBITS AND DISMISS** <br><br><br> Case No. 2:17-CR-37 RS <br><br> District Judge Robert J. Shelby <br> Magistrate Judge Paul M. Warner |

Defendant Claud R. Koerber moves to strike the government's trial exhibits, especially Government Exhibits 25, 25a, 38, 38a, and 39, and to dismiss the case.

FACTUAL BACKGROUND

**Exhibit 38 and 38a – Issues**

1. The government previously represented to the court that it lost any transcript or recording of the Rayhar Legacy meeting.

2. In response to Defendant's motion to compel filed in Koerber I, Case No. 09-cr-302, the government admitted that one of the discs it lost was a "Rayhar Legacy Investor Update" audio file.

3. At a hearing on July 2, 2012, Mr. Koerber argued that this lost audio was significatn because it was *Brady* material, and that the audio files were critical because they would have contained Defendant's actual statements. (7/2/2012 Hrg. 52:4-53:8, 69:15-18)

1

4. In response, the government confirmed this audio file was lost and represented that it did not contain Mr. Koerber's statements. (Id. 59:9-60:10, 70:12-20)

5. The government never revealed that it had a transript of the file, and in fact stated that the "lost" audio files came be addressed by "re-interview[ing]" witnesses. (Id. 60:2-5)

6. Relying on the government's representations, the court stated at that time that it could not compel the government to produce materials that it did not have. (Id. 63:7-9, 64:4-5)

7. The government current Exhibit 38 (FBI-07-00813) is a photocopy of a 3.5 inch floppy disc with handwriting that says "Rayhar Legacy."[1]

8. In a prior version of the Government's Exhibit List, filed on February 16, 2017, the government identified Exhibit 38 as the "Recording of 9/13/07 St. George Meeting," and Exhibit 38a as the "Transcript of Excerpts from St. George Meeting." (See Doc. 4 at 2-3)

9. Defendant had no way to know based on those descriptions that 38 was related to 38a. Also, the government omitted bates-numbers for several documents listed on that version of its Exhibit List, so that Defendant had no way to locate the exhibits in discovery. (Doc. 4)

10. On March 14, 2017, Mr. Koerber complained about the lack of bates-numbers on the government's exhibit list. (3/14/2017 Hrg. at 9:10-15)

11. In response, the government assured Magistrate Warner that it was preparing an index that Mr. Koerber could use to identify documents by bates-number. (3/14/2017 Hrg. at 10:19-11:1)

12. Mr. Koerber also raised the issue of the lost 27 discs that had been raised in the earlier case. (3/14/2017 Hrg. at 11:14-15)

---

[1] References to the government's current exhibit list are to the exhibit list that was circulated via email from Glen Proctor (email address Glen.Proctor@usdoj.gov), on August 18, 2017, at approximately 7:36 pm, and titled "20170818 FINAL EXHIBIT LIST – REVISED.DOCX"

13. And yet it does not appear that the government produced any exhibit list with missing bates-numbers for Exhibits 38 and 38a, or any way for Mr. Koerber to identify the document by other means, until approximately July 26, 2017 at the earliest. On its most recent exhibit list, the government identifies Exhibits 38 and 38a as FBI-07-00813 and FBI-07-00815 through 927.

14. It now appears that the government has identified Exhibit 38a as being the transcript associated with Exhibit 38. It also appears now that the government intends to introduce at trial the video or audio file itself of this meeting.

15. Mr. Koerber understood that the government lost the audio of this "Rayhar Legacy" meeting, and that it did not have any transcript of it.

16. Based on the government's prior representations, Mr. Koerber also understood that the materials lost did not contain his statements.

17. Having reviewed the Rayhar Legacy St. George meeting, it appears that this is the missing Rayhar Legacy investor update that the government previously referenced as being a lost disc item, and that it does contain several statements of the defendant, including potentially exculpatory information, which the government previously represented as lost when Defendant attemtped to compel it previously.

**Exhibits 25, 25a, and 39**

18. On February 16, 2017, the exhibit list that the government filed included the following exhibits, without any further identifying information:

    a. Exhibit 25 – a "Recording of January, 2008 meeting";

    b. Exhibit 25a – a "Transcript of recording of January, 2008 meeting";

19. The February 2017 exhibit list does not identify any Exhibit 39. (See Doc. 4 at 2-

3

3)

20. On February 16, 2017, Magistrate Judge Furse ordered the government to produce discovery by March 2, 2017. (Doc. 6 Minute Entry)

21. On March 2, 2017, the government moved to extend the time to produce discovery to March 9, 2017. (Doc. 14)

22. On March 3, 2017, Magistrate Judge Furse granted that motion and ordered the government to produce discovery by March 9, 2017. (Doc. 16)

23. Recently, the government identified its exhibits by bates number.

24. This issue has been a significant item of contention in this case.

25. On March 14, 2017, Mr. Koerber complained about the lack of bates-numbers on the government's exhibit list. (3/14/2017 Hrg. at 9:10-15)

26. In response, the government assured Magistrate Warner that it was preparing an index that Mr. Koerber could use to identify documents by bates-number. (3/14/2017 Hrg. at 10:19-11:1)

27. Mr. Koerber also raised the issue of the lost 27 discs that had been raised in the earlier case. (3/14/2017 Hrg. at 11:14-15)

28. It does not appear that the government produced any exhibit list with missing bates-numbers for those exhibits identified above until approximately July 26, 2017 at the earliest. On its most recent exhibit list, the government identifies the exhibits listed above by the following bates-numbers:

    a. Exhibit 25 ("Recording of January, 2008 meeting") – FBI-019171 to -019172.

    b. Exhibit 25a ("Transcript of recording of January, 2008 meeting") – FBI-019712.A through 19172.X.

  c. There still is no bates-number for Exhibit 39, which is described as "Audio Recording of 09/20/09 Isom-Koerber Meeting."

29. The documents marked as Exhibit 25 (FBI-019171 to -019172) are photocopies of two discs, one labeled "Spotlight #1 F.S. 1 of 2, Isom-Koerber From: J.S. Bradshaw 9-20-09," and the other similarly labeled "Spotlight #2 F.S. 2 of 2, Isom-Koerber FR: J.C. Bradshaw 9-20-09."

30. Exhibit 25a appears to be an edited partial transcript of Exhibit 25. (Exhibit 1)

31. But in 2012, the government represented that it produced the two discs but was unable to determine which production that was. The government represented that it "never possessed a transcript of this audio." (Koerber I, Doc. 232 at 3)

32. At that time, the government could not identify the audio file, and it appears that it was potentially related to the lost disc issue. (See id.; see also 7/2/2012 Hrg. at 52:10-53:5, 65:25-66:10)

33. At the July 2012 hearing, Mr. Koerber informed the court repeatedly that the government had never produced the two discs photocopied and marked as FBI-019171 to -019172.

34. Based on the government's representations, Judge Waddoups denied Mr. Koerber's motion to compel that information.

35. Notwithstanding the government's assurances, it does not appear that any audio files associated with exhibit 25 and 25a were produced until the July 26, 2017 time period, well after the March 9 deadline.

36. The government only produced a partial transcript of what is now appearing as Exhibit 25a, but not until well after the March 29, 2017 deadline set by Judge Furse.

37. Because there is no bates-number associated with Exhibit 39, Defendant is unable to determine when, if ever, the government produced Exhibit 39. The confusion and prejudice associated with this issue is compounded by the fact that the government's initial exhibit list did not list any Exhibit 39.

38. The district court in Koerber I previously noted the signficant "puzzling" issues raised by the government's discovery practices, including "a strong inference of tactical delay on the part of the Government in its prosecution of the case" and late production of Brady material that was only made after the court dismissed the case.

Given prior issues, and the indication that Exhibits 25, 25a, 38, 38a, and 39 suggest not only a late production of materials but also a withholding of exculpatory information, Mr. Koerber moves to exclude that material, strike the government's exhibit list until the government can provide some explanation for the missing materials. Mr. Koerber also moves to dismiss.

Respectfully submitted this 23d day of August 2017.

    /s/ *Marcus R. Mumford*
    Marcus R. Mumford
    Attorney for Defendant, Claud R. "Rick" Koerber