Marcus R. Mumford (#12737)
Amanda B. Mendenhall (#15677)
**MUMFORD PC**
405 S. Main Street, Suite 850
Salt Lake City, Utah 84111
Telephone: (801) 428-2000
*Attorney for Defendant*
mrm@mumfordpc.com

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLAUD R. KOERBER,<br><br>*Defendant.* | **MEMORANDUM ON RULE 16 DISCOVERY OBLIGATIONS OF DEFENDANT AND ADMISSABILITY OF ISOM EMAILS**<br><br>Case No. 2:17-CR-37 RS<br><br>District Judge Robert J. Shelby<br>Magistrate Judge Paul M. Warner |
|---|---|

Rule 16 does not create any reciprocal discovery obligation on the part of a criminal defendant to produce information or documents, in his possession, that he does not intend to introduce in his case-in-chief, and allows last minute production of information – for purposes of cross-examination of government witnesses. See *United States v. Medearis*, 380 F.3d 1049, 1057 (8th Cir. 2004)

> Thus, the requirement of reciprocal pre-trial disclosure under Rule 16(b)(1)(A) includes only documents which the defendant intends to introduce during his own case-in-chief. Because Medearis received his requested discovery from the government, he had to furnish in exchange tangible evidence which he intended to introduce as evidence in his case-in-chief. Yet, Medearis did not seek to use the letter in his case-in-chief. He tried to use it for impeachment purposes. Because counsel for Medearis was attempting to use the letter to impeach Whiting's testimony, it was not excludable under Rule 16(b)(1)(A).

*Id*. *Medearis* also clarifies: "'[E]vidence in chief" is defined in the Advisory Committee Notes to the 1974 Amendments to Rule 16(b)(1)(A) as "any documents ... which he intends to

introduce in evidence in his case in chief." Thus, the requirement of reciprocal pre-trial disclosure under Rule 16(b)(1)(A) includes only documents which the defendant intends to introduce during his own case-in-chief." *Id*. at 1057,

Other district courts in this circuit have explained that the contours of Rule 16 sould not be expanded against a criminal defendant, because the rules where changed in granting the government new, broad expansive powers of discovery.  See *United States v. Johnson*, No. 07-40012-01-SAC, 2007 WL 2253275, at *3 (D. Kan. July 24, 2007)

> There is no authority for this proposition. "The deletion of the "reciprocal discovery" provision from Rule 16 was accompanied by a great expansion of the government's rights of discovery. Thus, it appears that the drafters of the 1975 amendments to Rule 16 intended to provide the government and the defense with specified rights and to abolish the concept of reciprocity." *United States v. Layton,* 90 F.R.D. 520, 523 (D.C.Cal.1981).

*Id*.  Even when documents are in a defendant's possession, he is not required to produce them if they are only used for cross-examination of government witnesses. *See United States v. Eason*, 829 F.3d 633, 638 (8th Cir. 2016) ("Thus, the fact that defense counsel did not turn over the video to the government prior to trial is not grounds to prohibit the defense from using the video for impeachment purposes.")

Several courts have recognized this same principle.  *See United States v. Gray-Burriss*, 791 F.3d 50, 57 (D.C. Cir. 2015) (Questioning district court's discretion to exclude cross-examination evidence under reciprocal discovery doctrine "at all" given the limits of the case-in-chief distinction. "Rule 16 requires the defendant, having secured disclosure from the government, to disclose in turn certain items that "the defendant intends to use ... in the defendant's case-in-chief at trial." Fed.R.Crim.P. 16(b)(1)(A)(ii). Here, however, the court barred the defense from using the excluded contract "for any purpose," including impeachment and refreshing a witness' recollection during the *government's* case-in-chief. 11/20/2012 Tr. at 117.

Thus, the sanction reached uses of the evidence that may not have triggered a reciprocal discovery obligation under Rule 16 in the first place.")  See also *United States v. Hardy*, 586 F.3d 1040, 1044 (6th Cir. 2009) (Only excluding evidence intended to be presented in case-in-chief).

Other district courts in this circuit have explained:

> A defendant's obligations under Rule 16(b)(1)(A) apply only to evidence that he or she "intends to use ... in the defendant's case-in-chief at trial." Fed.R.Crim.P. 16(b)(1)(A). In *United States v. Harry,* No. CR 10–1915, 2014 WL 6065705 (D.N.M. Oct. 14, 2014)(Browning, J.), the Court defined the term "case-in-chief" to mean the part of a trial during which a party presents evidence to support a claim or defense, and after which it rests. 2014 WL 6065705, at *6 ("The Court concludes that rule 16(b)(1)(A)'s drafters intended for the word 'case-in-chief' to have a more restrictive meaning—the more traditional 'part of a trial in which a party presents evidence to support the claim or defense.' " (quoting *Black's Law Dictionary* 224 (9th ed.2009))). The Court, thus, concluded that evidence used in a party's case-in-chief "refers to evidence that a party presents between the time that the party calls its first witness and the time the party rests," and not to evidence that a party introduces while cross-examining the other party's witness. 2014 WL 6065705, at *10.

*United States v. Chapman*, No. CR 14-1065 JB, 2015 WL 10401776, at *23 (D.N.M. Aug. 28, 2015). The Chapman case also recognizes that Mr. Koerber's discovery obligations are not triggered until the government complies with its obligations.  Thus, in the Koerber I case, where Judge Waddoups expressly found that the government had delayed through a pattern of discovery violations – up until after the court decided it would dismiss the case, due to over 1,400 pages of new discovery – the Court is in error to attribute any obligation to Mr. Koerber in Koerber I. *United States v. Koerber*, No. 2:09-CR-00302, 2014 WL 4060618, at *6 (D. Utah Aug. 14, 2014), *rev'd and remanded,* 813 F.3d 1262 (10th Cir. 2016) ("Most of the evidence was between one and four years old, and clearly has been in the government's possession for a long time. There was no explanation for the late production, no description of the content, no table of contents, and no index.")

Further, this circuit has only found a basis for suppression when case-in-chief evidence is introduced, after the government rests its case.  it an abuse of discretion to exclude Note an abuse of discretion to exclude evidence intended for "case-in-chief" when evidence was produced after government rested its case. *United States v. Sharbutt*, 120 F. App'x 244, 252 (10th Cir. 2005) ("However, his counsel did not move for its introduction until the second day of the trial, well after the government rested its case and released its witnesses.")  This is because in a criminal case, bad faith or severe prejudice to the government should be examined before any consideration is given to suppression. Id.; also *United States v. Gray-Burriss*, 791 F.3d 50, 56 (D.C. Cir. 2015) ("Exclusion is "inappropriate," however, when it would "subvert [ ] one of Rule 16's goals: 'contributing to an accurate determination of the issue of guilt or innocence.' " *Marshall,* 132 F.3d at 70 (quoting Fed. R. Crim. P. 16, advisory committee note to 1974 amendment)."

The material at issue here, are reliable emails, and directly relate to Mr. Isom's claim that he did not exchange his debt for equity, it is exculpatory to Mr. Koerber because and it also shows Mr. Koerber's basis for understanding. Further, use on cross-examination, impeachment is broader than direct impeachment.  "[I]n determining whether "statements" may be used for impeachment purposes, it is not necessary that the statement be a flat contradiction of the testimony at trial, and that the omission from the reports of facts related at the trial, or a contrast in emphasis upon those facts, may be material to the defendant's ability to properly conduct cross-examination testing the credibility of the witness." *United States v. Smaldone*, 544 F.2d 456, 460 (10th Cir. 1976).

DATED this 29th day of August 2017.

>/s/ Amanda B. Mendenhall
> MUMFORD PC
> 405 S. Main Street, Suite 875
> Salt Lake City, UT 84111
> Telephone: (801) 428-2000
> *Attorney for Claud R. "Rick" Koerber*