Marcus R. Mumford (#12737)
Amanda B. Mendenhall (#15677)
**MUMFORD PC**
405 S. Main Street, Suite 850
Salt Lake City, Utah 84111
Telephone: (801) 428-2000
*Attorneys for Defendant*
mrm@mumfordpc.com

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. CLAUD R. KOERBER, Defendant. | **MOTION IN LIMINE RE: TESTIMONY OF CLARK WILKINSON** *Oral Argument Requested* Case No. 2:17-CR-37 RS District Judge Robert J. Shelby Magistrate Judge Paul M. Warner |

The Tenth Circuit recognizes the legitimacy of mid-trial motions in limine when it appears that witness testimony would be inadmissible. *See United States v. Jones*, 768 F.3d 1096, 1103 (10th Cir. 2014).

The government knows now, and knew back as early as May 6, 2009 (see IRSMOI-01518) that he was hired through Mr. Koerber's attorney as a work-product expert related to anticipated litigation with the State of Utah, which was anticipated litigation was turned over to the United States Attorney's Office in February 2008. Further, the government knows now, and knew back in 2009, that decisions regarding the scope and purpose of Wilkinson's work were not made by Mr. Koerber, but that Mr. Koerber was deferring to his securities attorney Randall Mackey on those issues. *Id*. The protected nature of Mr. Wilkinson's work-product communications on behalf of Mr. Koerber and his attorneys, was raised in Koerber I (*see* Koerber I, Doc. 25), and protected communications regarding interactions between Mr.

1

Wilkinson and his firm were excluded by the prior privilege orders (Koerber I, Doc. 95 and Doc. 165). *See United States v. Nobles*, 422 U.S. 225, 238 (1975) ("Although the work-product doctrine most frequently is asserted as a bar to discovery in civil litigation, its role in assuring the proper functioning of the criminal justice system is even more vital.").

While Mr. Koerber has no objection to the draft compilation prepared by Mr. Wilkinson and his firm being introduced, and also has no objection to statements being introduced – which were covered in the government's exhibits – regarding Mr. Wilkinson's "account manager" and CPA employed on the task "never expressed any concerns about Founders Capital," *see* IRSMOI-01518, it is because these statement are not protected by the work-product privilege. Mr. Koerber also does not object to Mr. Wilkinson testifying that he did not formally "issue" the Founders Capital balance sheet due to a disagreement with Mr. Koerber over fees, never received final payment, and that he prepared the "property options and capital leases" documentation for the balance sheet.[1]

But the following testimony is inadmissible – as protected communication and work product of Mr. Koerber's attorneys: Mr. Wilkinson's communications with defense attorney Randall Mackey regarding decisions as to what information to provide or include, and what information was decided against based upon interactions with the Department of Commerce and Michael Hines; all of Mr. Wilkinson's and his firm's memos and other uncommunicated documents prepared in anticipation of litigation with the State of Utah under the general direction and while hired or retained or engaged by Mr. Koerber's attorneys. Additionally, the following are protected communications: any opinion derived from communications with Mr.

---

[1] Mr. Koerber also does not have any objection to the introduction of Gov. Ex. 105, one of the draft versions of the Founders Capital balance sheet prepared by Wilkinson & Cooley. *See* IRSMOI-01521 (emails providing compilation from Wilkinson provided to the government).

Koerber or his attorneys regarding the legal issues he was facing in 2007-2009, any opinion on what decisions were made by Founders Capital or Mr. Koerber based upon discussion with Wilkinson regarding legal requirements or legal conclusions. *See McEwen v. Digitran Sys., Inc.*, 155 F.R.D. 678, 683 (D. Utah 1994) ("[M]aterials produced by an accountant in anticipation of litigation and under the direction of an attorney have been protected by wok product immunity. In this regard the Supreme Court has made it clear that the work product doctrine protects "material prepared by agents for the attorneys as well as those prepared by the attorney himself."); *Aull v. Cavalcade Pension Plan*, 185 F.R.D. 618, 629 (D. Colo. 1998) ("[I]nformation exchanged with the accountant is protected if it is shown that: 1) The accountant was consulted, in confidence, for the purpose of obtaining legal advice from the lawyer, and; 2) The communications between the accountant, client, and the lawyer are reasonably related to the purpose of obtaining confidential legal advice from the lawyer."). Finally, any statements made to Mr. Wilkinson by Mr. Koerber, relating to the judgments, opinions and decisions central to the work for which he was hired by Mr. Koerber's attorneys is privileged, unless waived by Mr. Koerber. *United States v. Kovel*, 296 F.2d 918, 922 (2d Cir. 1961) ("[I]f the lawyer has directed the client … to tell his story in the first instance to an accountant engaged by the lawyer, who is then to interpret it so that the lawyer may better give legal advice, communications by the client reasonably related to that purpose ought fall within the privilege.").

    Additionally, the following testimony is inadmissible hearsay: that Wilkinson believed Founders Capital was not compliant with their tax filings, his communications received from Forrest Allen when he was soliciting tax work, and that Forrest Allen allegedly said "no tax work was being done." DATED this 4th day of September 2017.

                                        /s/ Marcus R. Mumford
                                        *Attorney for Claud R. "Rick" Koerber*