Marcus R. Mumford (#12737)
Amanda B. Mendenhall (#15677)
**MUMFORD PC**
405 S. Main Street, Suite 850
Salt Lake City, Utah 84111
Telephone: (801) 428-2000
*Attorneys for Defendant*
mrm@mumfordpc.com

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | **MOTION TO EXCLUDE IRS SUMMARY WITNESS AND GOVERNMENT EXHIBIT 143** |
|---|---|
| Plaintiff, | |
| v. | *Oral Argument Requested* |
| | Case No. 2:17-CR-37-RS |
| CLAUD R. KOERBER, | |
| Defendant. | District Judge Robert J. Shelby |
| | Magistrate Judge Paul M. Warner |

Mr. Koerber moves to exclude testimony from IRS Agent Steve Roberts and Govt. Ex. 143. This motion incorporates by reference the argument and authority previously made in Doc. 251, filed earlier today.

The Tenth Circuit requires the exclusion of opinion testimony that is based on technical or specialized knowledge but offered by a witness who is not qualified as an expert under Rule 702. *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1214 (10th Cir. 2011). In *James River*, the court reversed the jury's verdict based on the district court's erroneous admission of valuation testimony from a lay witness: "As we have said, Rule 701 'does not permit a lay witness to express an opinion as to matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness.'" *Id*. (quoting *Randolph v. Collectramatic, Inc*., 590 F.2d 844, 846 (10th Cir. 1979)). In *Randolph*, the Tenth Circuit noted that while "[t]here is no fixed or general rule that Requires expert testimony" in

any given area, where the topic of examination "requires special experience, only the testimony of a person of that special experience will be received." *Randolph v. Collectramatic, Inc.*, 590 F.2d 844, 848 (10th Cir. 1979) (citing Wigmore on Evidence).

This case law restricting the admission of expert testimony to experts applies here to preclude the government's effort to introduce expert testimony via a summary witness under Fed. R. Evid. 1006. The government's exhibit 143 purports to state the amount of Mr. Koerber's "unreported income" for 2005 and 2006, purports to state what Mr. Koerber's "standard" and "itemized deductions" should have been for those years, purports to state Mr. Koerber's "Corrected Tax Liability" for those years, and how much Mr. Koerber owes in taxes for those years, using the IRS Form 4549-A. (Govt. Ex. 143 at 21-25) That evidence goes beyond a "summary" of the evidence presented in this case, as it involves Agent Robert's purportedly specialized knowledge of tax laws and regulations. Further, it expresses specialized knowledge in terms of how the summarized evidence in this case should be presented in an IRS form, including calculations, judgments, and characterizations of the evidence that require specialized knowledge. Other cases involving issues of a "tax loss" or "deficiency" presented by a Form 4549-A have turned on competing versions of expert testimony. *See, e.g., United States v. Armstrong*, 2017 WL 52604, at *3 (E.D. Tenn. Jan. 4, 2017) (sustaining defendant's objection, based on competing expert testimony, to the amount of "tax loss" calculated by the government's tax expert and set forth in IRS Form 4549).[1]

Make no mistake. Mr. Koerber acknowledges that the Tenth Circuit has held that "a properly qualified IRS agent may analyze a transaction and give expert testimony about its tax consequences." *United States v. Bedford*, 536 F.3d 1148, 1158 (10th Cir. 2008) (citing *United*

---

[1] See also the IRS Manual discussion of using IRS Form 4549-A as part of the formal audit and tax examination process. See https://www.irs.gov/irm/part4/irm_04-010-008r.html.

*States v. Wade,* 203 Fed. Appx. 920, 930 (10th Cir. 2006)). The problem is that the government has persistently and insistently averred that Mr. Roberts' testimony is not expert testimony. Thus it has avoided its disclosure requirements under Rule 16 but now seeks the benefits of expert testimony by masquerading Mr. Roberts as a lay witness who is purportedly only presenting Exhibit 143 as a summary of voluminous financial records.

The government has had more than ten years to prepare and provide expert reports regarding any tax liability that Mr. Koerber owes. It failed to disclose any such report before last Friday. Allowing Mr. Roberts to testify and/or the government to admit Exhibit 143 into evidence would be a plain violation of the rules. It would also be unfair because it has denied Mr. Koerber the opportunity to seek or prepare expert testimony regarding taxes in response to the government's proposed exhibit. Accordingly, and respectfully, Mr. Koerber moves to exclude.

While the government may argue that it does not have time to respond to this motion, the greater prejudice is to Mr. Koerber's not having time to prepare an adequate and effective defense to the government's proffered evidence.

DATED this 13th day of September 2017.

/s/ Marcus R. Mumford
*Attorney for Claud R. "Rick" Koerber*

3