IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CLAUD R. KOERBER <br><br> Defendant. | **ORDER TO CONTINUE JURY TRIAL** <br><br> Case No. 2:17-cr-00037-DN-PMW <br><br> Chief District Judge David Nuffer <br><br> Chief Magistrate Judge Paul M. Warner |

The Court held a status conference in this matter on December 8, 2017. At that time, the Court set the matter for jury trial to commence June 4, 2018, made Ends of Justice findings on the record, and tolled the Speedy Trial Act from December 8, 2017 until June 4, 2018 based upon those findings and ordered the United States to submit this proposed Order. *U.S v. Koerber*, 2:17-cr-00037-DN-PMW, Docket No. 322. Based on the record of the case and the record made at the aforementioned status conference, and for good cause appearing, the court finds:

1. Defendant first appeared in this court on February 16, 2017 for the initial appearance on the Indictment returned in this matter. The jury trial ended in a mistrial on October 16, 2017.

2. The United States filed a motion for a scheduling conference on November 1, 2017.

3. On November 15, 2017, Judge Nuffer entered a docket text order taking the Motion under advisement and tolling the Speedy Trial Act clock pursuant to 18 U.S.C. § 3161(h)(1)(D) for the period of time between November 1, 2017 and the conclusion of the scheduling conference scheduled (at that time) for December 6, 2017.

4. Judge Warner then excluded time from December 6, 2017 until a second status conference on December 8, 2017.

5. Based on these exclusions, a total of 16 days have run on the Speedy Trial Act clock.

6. The length of time to be tolled requested is 178 days and the facts requiring continuance require a delay of this specific time period.

7. Specifically, the Court has found that the continuance is necessary under 18 U.S.C. § 3161(h)(1)(7)(A) and (B)(iv).

8. At the hearing on December 8, 2017, the Court specifically made ends of justice findings in support of a continuance and made findings on the record that a continuance is necessary because: new counsel needed time for effective preparation, the case is complex, the length of the trial, the prior litigation, the record of the prior trial has not been fully transcribed, the large number of witnesses and exhibits, the amount of material in this case, and Mr. Koerber's own statements stating this case is complex.

9. Specifically, facts on which the Court relied in making these findings include the following: Mr. Koerber was just appointed new trial counsel on December 8,

2017.  New defense counsel needs time to review this case—a case in which Mr. Koerber is charged with complex fraud, money laundering and tax charges, and which involves more than 300,000 pages of discovery, over 100 exhibits, and dozens of potential witnesses.  In addition, this case has been tried once already, over a period of eight weeks.  New counsel will need to review the trial transcripts, which are in the process of being prepared, but most of which are not yet available.  Moreover, Mr. Koerber has stated that he does not object to the proposed continuance.

10. Defendant is not in custody.

11. There are no other defendants.

Based on the foregoing findings, the court concludes that failure to grant such a continuance would deny new counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Therefore, the ends of justice served by such a continuance outweigh the best interests of the public and the Defendant in a speedy trial.

THEREFORE, the 8-Week Jury Trial will be scheduled for the 4th day of June, 2018, at 8:30 a.m.  Accordingly, the time between the scheduling conference, December 8, 2017, and the scheduled trial, June 4, 2018 is excluded from Defendant's speedy trial computation for good cause.

DATED this 18th day of December, 2017.

BY THE COURT:

_____
PAUL M. WARNER
Chief United States Magistrate Judge