Kathryn N. Nester (Utah Bar No. 13967)
Robert Hunt (Utah Bar No. 5722)
Daphne Oberg (Utah Bar No. 11161)
Office of the Federal Public Defender
46 W. Broadway, Ste. 110
Salt Lake City, Utah 8106
Telephone: (801) 524-4010
*Attorneys for Claud R. Koerber*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>v.<br><br>CLAUD R. KOERBER,<br><br>　　　*Defendant.* | **MOTION TO DISMISS BASED UPON SPEEDY TRIAL VIOLATIONS**<br><br>*Oral Argument Requested*<br><br>Case No. 2:17-CR-37<br><br>District Judge Frederic Block |

As the Court is aware, this case has extensive prior Speedy Trial related litigation. Mr. Koerber here moves for three distinct forms of speedy trial relief.  First, Mr. Koerber moves the court to reconsider District Judge Jill Parrish's prior ruling (and District Judge Robert Shelby's ruling declining to revisit the matter) holding dismissal to be without prejudice. Said ruling fell outside the appellate court's mandate, and failed to consider  the  government's misconduct resulting in Speedy Trial Act violations.  The finding of without prejudice also failed to consider the  tactical delay findings originally included by District Judge Clark Waddoups, the pattern of dilatory and neglectful management of the STA clock, and the misconstruing of STA delay (as ordered by the Tenth Circuit on remand) versus general calendar delay (which is part of a prejudice and impact of re-prosecution analysis that was not within the scope of the mandate – where the Court of Appeals had already supported the findings of prejudice and impact of reprosecution factors). Mr. Koerber incorporates his prior briefing in Koerber I (Case No. 2:09-CR-302 CW, Doc. 487

and Doc. 499) as well as from Koerber II (Doc. 90) and asks the Court specifically to revisit the issue given that since the Supreme Court's seminal decision on the issue, *United States v. Taylor*, 487 U.S. 326, 339, (1988), there has not been another federal appellate case where there is an STA dismissal along with detailed and upheld findings of 1) STA linked misconduct, 2) STA related government negligence, 3) STA linked prosecutorial tactical delay, and 4) STA related prejudice – which in this case were all findings upheld by the Tenth Circuit, and a subsequent dismissal without prejudice.  In fact, the Supreme Court has stated that "Any such finding, suggesting something more than an isolated unwitting violation, would clearly have altered the balance" in that case, *id.*, at 339, where the small STA overrun was caused by a defendant who failed to appear.  As the Court knows, the Speedy Trial Act was designed by Congress to prohibit re-prosecution in certain instances but given Judge Parrish's ruling and Judge Shelby's refusal to reconsider that ruling – Mr. Koerber's only chance of vindicating this right, given the clear weight of federal authority on his side and the findings already upheld by the Tenth Cirucit, is if this Court now reconsiders the issue.

Second, Mr. Koerber asks the Court to reconsider his Sixth Amendment and Pre-Indictment Delay Issues previously raised in Koerber I (*see* Case No. 2:09-CR-302, Doc. 426, 456 and 470). These issues were fully briefed.  The Tenth Circuit on remand asked Judge Parrish to consider the Sixth Amendment speedy trial grounds as an alternative if she found the STA dismissal to be without prejudice, but given the exceptional length of time that has transpired since that motion, the year and a half delay caused by the government's appeal, the year that the government waited following that appeal (Jaunuary 2016 to January 2017) (as discussed in the prior Statute of Limitations motion), and the length of delay caused by the government's efforts to remove Mr. Koerber's prior legal counsel and the subsequent mistrial, the motion is ripe for reconsideration.

Further, the Pre-indictment Delay was not ruled on by Judge Waddoups since it was rendered moot by the STA dismissal, even though Judge Waddoups did make factual findings that there was a strong inference of tactical pre-indictment delay, and the Tenth Circuit upheld those findings. Given that finding of pre-indictment tactical delay, the pre-2017 indictment tactical delay (January 2016 to January 2017) that motion is also ripe for reconsideration.

Third, there has been a new Speedy Trial Act violation since the 2017 mistrial. Mr. Koerber here moves the Court to dismiss the current indictment, with prejudice, for the new violation of the Speedy Trial Act.

## FACTUAL AND PROCEDURAL BACKGROUND

The most recent Indictment has been pending since January 18, 2017. This case went to trial on August 21, 2017. The jury was unable to reach a unanimous verdict, and a mistrial was declared on October 16, 2017.

On November 1, 2017, the United States filed a motion for scheduling hearing, indicating that it had made the decision to re-try this case. On November 15, 2017, the court entered a docket order taking under advisement the United States' motion for a scheduling hearing, but set a scheduling conference for December 6, 2017. The docket order directed the parties to jointly propose a new schedule governing retrial, including a new proposed trial date, by December 1.

Prior to that deadline, on November 30, 2017, a status conference in this case was held before the Magistrate Judge. At that hearing, no trial date was set, but the Magistrate Judge gave notice of a potential trial date of April 2, 2017. Mr. Koerber appeared pro se at that hearing, and the Magistrate Judge allowed Mr. Koerber until December 6, 2017 to decide whether he would request appointed counsel or proceed pro se.

On December 6, a status conference was held, but the matter was continued until December 8, 2017. On December 8, a status conference was held, at which Mr. Koerber requested appointment of counsel, and the Utah Federal Public Defender's Office was appointed. At that hearing, the Magistrate Judge set a trial date for the first time since the mistrial, for June 4, 2018. The Magistrate Judge further instructed the United States to submit a proposed order within 10 days excluding all time from that date (the December 8 hearing) until the new June 4 trial date.

On December 18, 2017, the Magistrate Judge entered a written order setting trial for June 4, 2018, and purporting to make findings to exclude all time from the December 8, 2017 status conference until the trial date of June 4, 2018, as necessary for the ends of justice pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).

ARGUMENT

The prior litigation on the Speedy Trial Act in this case is instructive. Several prior problems that led to the prior Speedy Trial Act violation related directly to the manner and method of the district court and prosecutors attempting to exclude time pursuant to faulty ends of justice orders under § 3161(h)(7)(A) and (B)(iv).[1]

---

[1] *See e.g.* Koerber I, Case No. 02:09-CR-302 CW, Doc. 472 at p. 2 (Rejecting proposed retroactive ends-of-justice orders); *id.*, at p. 5 (Adopting Mr. Koerber's "[m]eticulous[[ examining [of] the record of purported ends-of-justice continuances"); *id.*, at pp. 5-6 (finding all of the complained of ends-of-justice continuances invalid and ineffective at excluding time "for the reasons stated in Defendant's Motion"); *id.*, at p. 6 ("the deficiencies in these Orders resulted directly in the running of the STA clock" and "are symptomatic of the Government's pattern of neglect and dilatory conduct in managing the STA clock in this case"); *id.*, at p. 10 ("Finally, the December 14, 2009 Order did not actually grant a continuance but rather simply set a hearing date. *Cf.*, *United States v. Doran*, 882 F.2d 1511, 1516-17 (10th Cir. 1989)[.]")

Significantly, on appeal, the Tenth Circuit affirmed all of Judge Waddoups' findings and Mr. Koerber's prior attacks on the prior faulty ends-of-justice orders and ruled that they did not effectively toll time under the STA. *See e.g. United States v. Koerber*, 813 F.3d 1262, 1278-82 (10th Cir. 2016). And, as it relates to the present issue, the Tenth Circuit expressly affirmed Judge Waddoups finding related to the faulty December 14, 2009 order that did not actually grant a continuance, explaining "The government argues that the order it prepared (and that the district court entered) sufficed under 18 U.S.C. § 3161(h)(7)(A). The district court disagreed, and so do we…the district court did not abuse its discretion by considering this order inadequate.") *Id*. at 1279.

> **I.  The Government Was Required to Bring Mr. Koerber to Trial within 70 STA Days of the October 16, 2017 Mistrial Order.**

Under the Speedy Trial Act (STA), any retrial following a mistrial "shall commence" within 70 days of the declaration of mistrial. 18 U.S.C. § 3161(e). This requirement is plain and unequivocal. In this case, the mistrial was declared on October 16, 2017, which meant that the retrial should have been scheduled and begun on or before December 25, 2017. However, at no time was retrial in this case even scheduled within 70 days of the mistrial. Indeed, the earliest date even mentioned as a possibility by the Magistrate Judge (at the November 30 status conference) was April 2, 2017. This failure to commence trial within 70 days is a plain violation of the STA, and dismissal is required under 18 U.S.C. § 3162.

> **II.  The Magistrate Judge's December 8, 2017 Order Excluding Time Did Not Comply with the Speedy Trial Act.**

Of course, the STA provides for the exclusion of certain limited time periods from the 70 day STA clock, such that trial delays "resulting" from various proceedings do not count against the 70-day STA clock. 18 U.S.C. § 3161(h)(1). Accordingly, delay "resulting from any pretrial

motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" shall be excluded "in computing the time within which the trial of any such offense must commence." *Id.* In this case, the United States filed a motion for a scheduling hearing on November 1, 2017. That motion was resolved on November 15 when the court granted the request and set the hearing. Therefore, 14 days, from November 1 to November 15 are excluded from elapsing on the STA 70-day clock. Nevertheless, even allowing for this exclusion of time, starting the STA 70-day clock on October 16, 2017, and running it until November 1, 2017 meant that **15 days** of the 70, ran. Then, starting the STA clock again on November 15, there were no motions pending and no other events triggering automatically excludable time until November 29 when defense attorney Amanda Mendenhall moved to withdraw from the case. Assuming that this motion automatically excluded time,[2] it was resolved on the same day (see Doc. 318) so the STA clock would start running again at least until the hearing on December 8, 2017. Thus, from November 15 to December 8, excluding the one day for Ms. Mendenhall's motion, another **22 days** ran on the STA clock. Adding this total to the 15 days discussed previously, *as of December 8, 2017* a total of **37** days had elapsed, unexcluded on the 70 STA clock.

On December 8, the Magistrate Judge held a hearing where he appointed counsel to Mr. Koerber. *See* Doc. 322. The Magistrate Judge also set a trial date, for the first time. The trial date was set for June 4, 2017. This was clearly outside the 70-day requirement under the statute. However, if the 70-day STA clock is evaluated, as indicated above, as of December 8, there had

---

[2] There is some question about whether clerical motions exclude STA time under § 3161(h)(1)(D), but for the sake of argument here, Defendant presumes that this motion did exclude time. *See* Koerber I, 2:09-CR-302 CW, Doc. 472 at p. 11.

been 37 days elapsed, and therefore 33 days remaining before there would be an unquestionable 70 overrun.

During the December 8 hearing, Magistrate Judge Warner ordered that "all time from now (December 8, 2017) until June 4, 2018" is excluded "for purposes of speedy trial." Of course, in this case the Magistrate Judge also made explicit findings, as if he were supporting a continuance of the trial date under 18 U.S.C. § 3161)(h)(7), based upon its finding that the ends of justice outweigh the interests in a speedy trial.  However, § 3161(h)(7) **does not apply to a consideration of when a trial date should be set**.  By its terms, § 3161(h)(7) only allows exclusion of time "resulting from a continuance" that is granted, of the trial date otherwise set, and even then, only as long as the "continuance" meets the statutory criterial.  Finally, even with a valid "ends of justice" continuance, the only time a court can exclude from the STA clock – is the new time granted by the continuance or as the language of the statute puts it the period of delay "resulting from a continuance granted." § 3161(h)(7)(A)

In this case, there was no trial date set within 70 days of the mistrial, and therefore no "continuance" was granted.  Compare *United States v. Spring*, 80 F.3d 1450, 1457 (10th Cir. 1996) (delay due to appointment of new counsel was deemed a continuance of trial because the court "vacated the scheduled trial date"). Further, this is the same kind of error that the district court has already addressed in Mr. Koerber's matter, *i.e.* the "the December 14, 2009 Order [that] did not actually grant a continuance but rather simply set a hearing date. *Cf.*, *United States v. Doran*, 882 F.2d 1511, 1516-17 (10th Cir. 1989)[.]"  Case No. 02:09-CR-302 CW, Doc. 472 at p. 10.  The Tenth Circuit affirmed the district court's conclusion that such a continuance does not toll time on the STA. *Koerber*, 813 F.3d at 1279.

The procedure used by the court in this case, setting a trial date well beyond the 70 days allowed, and then making findings as if a continuance had been granted when it couldn't have been since a trial date had just been set at the very same hearing, undermines the purposes and structure of the STA. By requiring a 70 day setting before considering whether trial needs to be continued beyond that time, the STA establishes a presumption for the timing of a trial, making extensions beyond that time a rare exception. "'The ends of justice exception to the otherwise precise requirement of the Act was meant to be a rarely used tool for those cases demanding more flexible treatment.'" *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009), quoting *United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir. 1989). The court's December 18, 2017 order in this case violates the STA because it does not consider the amount of time necessary for a continuance, but instead simply sets a trial date beyond the 70 days based upon a finding of when the parties might be ready. That is not how the STA works.

If the STA is interpreted to allow what the court has done in this case, the trial setting procedures in every case could be altered across-the-board in a way, which undermines the purposes and explicit requirements of the Act. Currently, at every initial appearance, the court sets a trial date within the 70 days allowed under the STA, and thereafter, continuances will have to be based upon findings specified in 18 U.S.C. § 3161(h)(7), and limited to the amount of time found to be necessary and justified. If the court's procedure in this case were approved as allowed under the STA, at each initial appearance, the court could simply inquire of the parties how long it will take them to get ready for trial, set trial for whenever the parties say they can be ready, and then exclude all the time between. The STA thereby becomes a nullity, as the 70 day limit becomes a shadow, provoking only routine findings to justify setting a trial date at a time far beyond 70 days even in a simple case. This is because an ends-of-justice finding can be

made in every case at the initial appearance, since every case will require the parties to have time to prepare.

The procedure used in this case, of making ends-of-justice necessity findings at an initial scheduling hearing, is thus contrary to what the STA sets as the standard time for a trial setting. In every case, counsel will of course need time to prepare for trial: the STA simply assumes that counsel will be able to complete that preparation within 70 days, and only in "rare" cases will that time need to be extended through an ends-of-justice continuance.  However, if a court can simply make ends-of-justice findings to exclude any targeted time – whether the result of a continuance or not - at the outset, instead of a 70-day period as outlined in the statute, the 70 days does not begin to run at all until the time period "excluded" at the initial scheduling has run. This procedure, in effect, actually results in prolonging litigation, since there would be (as in this case) up to 70 days of STA time remaining after the time excluded up to the trial date, and additional periods of excluded time (whether related to continuances or not) up to that 70 days would not require any findings whatsoever, and could be made without any finding of need or balancing of the public interests which the STA seeks to impose on the courts and parties.

The error becomes apparent when the court's ends-of-justice findings in this case are considered: those findings are clearly erroneous because they apply the wrong standard and do not address the issue raised under the STA.  First, the order finds that a "continuance" is necessary even though no trial date had been set, and *there was therefore nothing to continue*. No  hearing was continued and no deadline or proceeding was continued.  On December 8 the Magistrate Judge simply used the word "continuance" to mean he was targeting a period of time – and excluding it.  There is no such provision in the STA.  Second, the order lists reasons why newly appointed defense counsel "needs time to review this case," but does not address or make

findings as to the precise issue at stake in making the findings required to justify a continuance under 18 U.S.C. § 3161(h)(7): specifically, whether the ends of justice require trial to be delayed beyond the 70 days allotted under the STA. The Tenth Circuit has also already addressed this same fault previously made in Mr. Koerber's case, noting that "simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough." *Koerber*, 813 F.3d 1262, 1279; "[T]he record must clearly establish [that] the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (*quoting United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir.1998)).

The fact that the court's order fails to address this issue is apparent due to the fact that it explicitly excludes time under a finding of necessity which plainly do not actually require exclusion at all. The STA provides for exclusion of necessary delays beyond the time otherwise allotted, not for a delay in counting the days up front. The STA cannot be read to allow such a procedure without undermining its explicit requirements and ultimate purposes. *See United States v. Zedner*, 547 U.S. 489, 509 (2006) ("The strategy of § 3161(h)(8), then, is to counteract substantive open endedness with procedural strictness.").

Since the court's order excluding time from December 8, 2017 to June 4, 2018 did not grant a continuance, it did not properly exclude time under the STA. Further, because it didn't include the proper consideration of the STA factors, it did not properly exclude time. Even if the proper findings had been made – at best the Court might suggest that the previously discussed tentative trial date of April 2, 2017 (which date was never set) was continue to June 4. In that case, the only time that would possibly be excludable would be the time from April 2 to June 4.

Therefore, the STA clock continued to run, uninterrupted from December 8 through to December 29, 2017 when Mr. Koerber filed a sealed *ex-parte* motion which was resolved no later than February 20 (see Doc. 360).  Thus, from December 8 to December 29, an additional 21 days elapsed unexcluded on the 70 day STA clock, added to the prior total of 37 unexcluded days, as of February 20, 2018, **a total of 58 unexcluded days** had elapsed on the 70-day STA clock.  From February 20, 2018 there was nothing tolling or excluding time until April 30 when Mr. Koerber filed his Motion to Dismiss on statute of limitations grounds.  *See* Doc. 376. At this point, **another 68 days ran** unexcluded – for a total of 126 days elapsed on the STA clock, an overrun of 56 days.  *The STA clock was actually exceeded no later than March 5, 2018*  when the 70 days allowed for commencement of trial under 18 U.S.C. § 3161(e) expired and this case must be dismissed pursuant to 18 U.S.C. § 3162.  With regard to the issue of whether dismissal is to be with or without prejudice, Mr. Koerber hereby incorporates his previous briefing on this issue, but seeks leave to supplement those arguments with issues arising since the court's rulings on this question in connection with the prior STA dismissal of this case.

CONCLUSION

This most recent violation of the Speedy Trial Act is once again the result of impermissible delay by the government in brining Mr. Koerber to trial, and a fault treatment of the "ends-of-justice" provisions of the Speedy Trial Act.  The district court is nowhere granted the authority to delay setting a trial date, and then simply selecting a range of calendar time and calling that time a "continuance" in name, to exclude the time under the STA.  If this is the case, than any time can be excluded by judicial findings, whether or not a continuance is involved at all – and this would contradict the plain language of the statute and the binding interpretative appellate law.  *See Bloate v. United States*, 559 U.S. 196, 198 (2010) (A court may only exclude

time by "granting a continuance"); *United States v. Williams*, 511 F.3d 1044, 1055 (10th Cir. 2007) (To exclude time, the court must "grant a continuance…at the outset of the excludable period.")  In light of the other factors causing this delay, including those incorporated in this motion by reference, and those that will be provided by additional briefing once the Court orders that dismissal is required, along with the fact that Mr. Koerber has had to re-bring this same argument, previously adopted by the district court, and previously upheld by the Tenth Circuit Court of Appeals, justifies that this dismissal be with prejudice.

    Dated this 4th day of June 2018.

                                                          */s/ Kathryn N. Nester*
                                                          Attorney for Claud R. Koerber