Your Honor,

We are deadlocked at this point and the possibility of this changing doesn't seem possible?

We believe we need further clarification from you on a few points in the jury instructions.

We are scheduled to leave at 3:30 today

[signature] 13

October 11, 2017

Members of the Jury:

The court is in receipt of a note signed by Juror 13 and provided shortly before you recessed yesterday.

The note raised two separate issues.

The note stated that you believe you may need further clarification from the court on a few points in the Jury Instructions. The instructions are the product of significant work by the court, including extensive research and editing to produce what the court believes are legally accurate and correct instructions. The court is often restricted in terms of additional guidance that can be provided. But you may submit specific questions that the court will consider in consultation with the parties.

The note also stated that you may seem deadlocked at this point. Attached is an additional Instruction from the Court for your consideration.

The court and the parties appreciate your hard work.

ROBERT J. SHELBY
United States District Judge

Supplemental Instruction No. 1

Members of the jury, I ask that you deliberate further. I realize that you are having some difficulty reaching a unanimous agreement, but that is not unusual. After further discussion, jurors are often able to work out their differences and agree.

This is an important case. If you should fail to agree upon a verdict, the case is left open and must be tried again. Obviously, another trial would require the parties to make another large investment of time and effort, and there is no reason to believe that the case can be tried again by either side better or more exhaustively than it has been tried before you.

You are reminded that the defendant is presumed innocent, and that the government, not the defendant, has the burden of proof and it must prove the defendant guilty beyond a reasonable doubt. Those of you who believe that the government has proved the defendant guilty beyond a reasonable doubt should stop and ask yourselves if the evidence is really convincing enough, given that other members of the jury are not convinced. And those of you who believe that the government has not proved the defendant guilty beyond a reasonable doubt should stop and ask yourselves if the doubt you have is a reasonable one, given that other members of the jury do not share your doubt. In short, every individual juror should reconsider his or her views.

It is your duty, as jurors, to consult with one another and deliberate with a view toward reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations do not hesitate to reexamine your own views and change your opinion if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.   No juror should relinquish his or her conscientiously held convictions simply to secure a verdict.

What I have just said is not meant to rush or pressure you into agreeing on a verdict. Take as much time as you need to discuss things. There is no hurry.

I ask that you continue your deliberations with these additional comments in mind to be applied, of course, in conjunction with all of the instructions I have previously given you.