Kathryn N. Nester (Utah Bar No. 13967)
Robert Hunt (Utah Bar No. 5722)
Daphne Oberg (Utah Bar No. 11161)
Office of the Federal Public Defender
46 W. Broadway, Ste. 110
Salt Lake City, Utah 8106
Telephone: (801) 524-4010
*Attorneys for Claud R. Koerber*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, Plaintiff, v. CLAUD R. KOERBER, *Defendant.* | **DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO DISMISS BASED UPON FIFTH AMENDMENT DOUBLE JEOPARDY GROUNDS**<br><br>*Oral Argument Requested*<br><br>Case No. 2:17-CR-37<br><br>District Judge Frederic Block |
|---|---|

The government's response urges this Court to adopt, for the first time, specific factors for determining whether "manifest necessity" exists, despite the Tenth Circuit Court of Appeals' repeated refusal to do so.[1]  The government then proposed that each factor should be given equal weight in the analysis, again without authority from the Tenth Circuit to do so.  To the contrary, in cases where the Tenth Circuit found double jeopardy violations arising from mistrials, the Court made fact-specific findings often focusing on only one or two specific factors.  *See, United States v. Crotwell,* 896 F.2d 437 (10th Cir. 1990), *United States v. Horn*, 583 F.2d 1124 (10th Cir. 1978), *United States v. Simpson,* 94 F.3d 1373 (10th Cir. 1996).

---

[1] Government response, p. 3.

The combination of all the facts outlined in Mr. Koerber's "Motion to Dismiss Based Upon Fifth Amendment Double Jeopardy Grounds" created a scenario where a judge new to the case, who had a prior history with the parties that reasonably had a legal impact on his ability to exercise his discretionary authority, met the jury for the first time a few minutes before he declared a mistrial. Under the authority cited in Mr. Koerber's initial motion, this factor alone is sufficient to find an abuse of discretion and to dismiss on double jeopardy grounds.

The government suggests that because the jury had already deliberated for multiple days that a mistrial was a manifest necessity. However, the first indication that the jury was having trouble reaching a verdict was on October 10th. After receiving a modified Allen charge on the morning of the 11th, the jury continued to deliberate for four more days without an indication that they were unable to reach a verdict. As soon as the jury indicated they were deadlocked on the morning of October 16th, the presiding judge declared a mistrial in a matter of minutes. Even a brief delay of the proceedings awaiting Judge Shelby's return may have had an impact on the jurors who had received the Allen charge from him and who had formed a bond of respect with him that would naturally lead them to want to comply with his request for a verdict.

In the *Horn* case, the Tenth Circuit gave several examples of various ways that Court's have examined whether manifest necessity existed at the time mistrials were declared. The *Horn* Court included an analysis of *United States ex rel. Webb v. Court of Common Pleas*, 516 F.2d 1034 (3d Cir. 1975), where a mistrial

was declared after a jury was unable to reach a verdict. In the *Webb* case, the factors that weighed most heavily in the finding of a double jeopardy violation were that the Court asked only the foreman whether there was any hope of a verdict and did not solicit any of the other jurors' views and the shortness of the deliberations. *Horn* at 1127. In Mr. Koerber's case, the jury did not deliberate at all after their note on the 16th that they were deadlocked.

The decision to declare a mistrial in a case that had spanned over a decade, taken over six weeks to try, and subjected Mr. Koerber to years of stress, anxiety, loss of reputation and financial ruin certainly called for at a minimum: questioning of each juror, a review of the circumstances under which a verdict might be reached, an option of delay until the presiding judge returned, or an inquiry into whether a partial verdict involving some acquittals was still a possibility.

Based on the argument and authorities above, and based upon facts outlined in Mr. Koerber's supporting declaration which he intends to submit after the Court grants leave to file under seal, Mr. Koerber seeks an order of dismissal barring retrial on the grounds that the declaration of his mistrial violated the Fifth Amendment's prohibition against Double Jeopardy.

Respectfully submitted on this the 9th day of June, 2018.

 */s/ Kathryn N. Nester*
 *Attorney for Claud R. Koerber*