JOHN W. HUBER, United States Attorney (#7226)
AARON B. CLARK, Assistant United States Attorney (#15404)
RUTH J. HACKFORD-PEER, Assistant United States Attorney (#15049)
TYLER MURRAY, Assistant United States Attorney (#10308)
Attorneys for the United States of America
111 South Main, Suite 1800
Salt Lake City, Utah  84111
Telephone:  (801) 524-5682

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No.  2:17-CR-00037-FB |
| Plaintiff, | : | |
| | | MOTION IN LIMINE TO EXCLUDE |
| v. | : | EVIDENCE OF CONDUCT BY UTAH STATE OFFICIALS AND FAILURE OF THE |
| CLAUD R. KOERBER, | : | STATE OF UTAH TO SUE THE DEFENDANT |
| Defendant. | : | |
| | : | Judge Frederick Block |

---

The United States of America, by the undersigned Assistant United States Attorneys, moves in limine to exclude evidence pertaining to the conduct of Utah State government officials during the State investigation of Mr. Koerber, and to exclude the evidence that the Utah State Attorney General's Office failed to file a lawsuit against Mr. Koerber.  The motion should be granted for the following reasons.

On May 29, 2009, the Defendant Koerber held a press conference in Salt Lake City, Utah in order to rebut the criminal charges against him.  Attached to this motion as <u>Exhibit 1</u> is a copy of an FBI-302 describing events at the press conference and a copy of the press release issued by Mr. Koerber.  Most of the items in the press release describe conduct by Utah State officials

- 1 -

Case 2:17-cr-00037-FB-PMW   Document 429   Filed 07/25/18   Page 2 of 5

during the State's investigation of Mr. Koerber and related individuals and entities. The only portions of the press release that concern whether Mr. Koerber committed any criminal violations are found in item # 3.

To put the allegations in item # 3 in context, the quotations from Michael Hines, former Enforcement Director for the Utah Division of Securities, in February 2006, and later in October 2007 occurred without the benefit of the results of the investigation conducted by the U.S. Attorney's Office, the IRS, and the FBI. Although the Internal Revenue Service had summonsed Mr. Koerber's business records in 2007, the joint investigation between the IRS and the FBI did not commence until early 2008.

## ARGUMENT

Based upon Mr. Koerber's statements to the press and his former counsel's public statements, the United States anticipates that Mr. Koerber may seek to defend the charges at trial by attacking the conduct of the Utah Division of Securities during its investigation. The evidence should be excluded because: (i) it is not material under Federal Rule of Evidence 401; (ii) if the evidence has any probative value, that probative value is substantially outweighed by the dangers of confusion, waste of time, and unfair prejudice under Rule 403; and (iii) Mr. Hines' opinions are inadmissible as lay opinions under Federal Rule of Evidence 701.

Initially, the fundamental issue in a criminal case is whether the defendant is guilty. As the Tenth Circuit stated in *United States v. McVeigh*, 153 F.3d 1166, 1192 (10th Cir. 1998):

> Under our system of criminal justice, the issue submitted to the jury is whether the accused is guilty or not guilty. The jury is not asked to render judgment about non-parties, nor is it normally asked to render a verdict on the government's investigation.

Similarly, in *United States v. Cheung Kin Ping*, 555 F.2d 1069, 1073 (2nd Cir. 1977), the Second Circuit affirmed the ruling of the trial judge that the focus of a jury should be on the real issue in

- 2 -

the case—whether the government had proved its case beyond a reasonable doubt.  Additionally, in *United States v. Patrick*, 248 F.3d 11, 22 (1st Cir. 2001), the defendant attempted to admit police notes of tips regarding a salient murder.  The defendant wanted to argue, among other things, that this evidence showed the investigation was unreliable.  The First Circuit affirmed the exclusion of the evidence and wrote "the phrase 'inadequacy of the police investigation' covers a variety of problems and cuts across the full spectrum of relevant and irrelevant evidence… merely showing that an investigation is sloppy does not establish relevance."  *Id.*  Although the tenor of Mr. Koerber's attacks on State officials is not that they were sloppy, but is that they were biased, the point is the same.  Unless the Defendant can point to some evidence that the United States will introduce where the integrity or probative value of that evidence is compromised by the State's actions, the activities of the State officers as detailed in Mr. Koerber's press release are irrelevant.

   The fact that most, if not all, of the conduct that Mr. Koerber refers to in his press release occurred before the investigation that resulted in his indictment on federal charges further diminishes any probative value his allegations may have.  Mr. Hines' opinions relative to Mr. Koerber's culpability are in no way based upon his knowledge of the evidence gathered by federal authorities beginning in 2008.  The two statements by Mr. Hines referenced in # 3 of the press release were made in 2006 and in 2007.  His statements are not relevant to the charges at issue here.

    Moreover, even if the allegations Mr. Koerber made have any probative value, that probative value would be substantially outweighed by the adverse consequences to the trial should they be admitted, and therefore, the allegations should be excluded under Federal Rule of Evidence 403.  Should evidence of State officers' conduct be admitted, the United States, in

order to rebut that evidence, would be forced to introduce evidence demonstrating that none of the State actors were acting on behalf of the United States at the time they made the complained-of statements, and that none of the State actors were privy to the evidence gathered by the United States during 2008 and 2009 leading up to the indictment.  Accordingly, a mini trial, totally divorced from whether Mr. Koerber committed the crimes charged in the indictment, would ensue.  Because the only question for the jury is whether Mr. Koerber committed the crimes charged in the indictment, the jury would be left to wonder how any evidence alleged in the press release would play into its decision.

Finally, Mr. Hines' opinions, if they truly are opinions that Mr. Koerber committed no wrong doing, are inadmissible under Federal Rule of Evidence 701.  Lay opinions or inferences must be rationally based upon the perception of the witness.  *United States v. Hoffner*, 777 F.2d 1423, 1426 (10th Cir. 1985) (law opinion testimony admissible only when rationally based on the perception of the witness and helpful to a clear understanding of the witness' testimony or the determination of a fact in issue); *United States v. Garcia*, 994 F.2d 1499, 1506–07 (10th Cir. 1993) ("In order for a lay opinion to be rationally based on the perception of the witness, the witness must have first hand knowledge of the events to which he is testifying" (citations omitted)). Presumably, Mr. Hines' opinions were based upon evidence he had seen that was gathered by investigators and by himself.  For the most part, Mr. Hines would not have firsthand knowledge of Mr. Koerber's activities.

The inadmissibility of this evidence is easily demonstrated in another way.  If Mr. Hines' statements, which are hearsay and inadmissible under Rules 801 and 802, were admitted, the United States would be permitted to offer the opinion of an investigating agent that, based on the evidence that he saw after the full investigation by the United States, the Defendant is in fact

guilty. Clearly, these determinations are left to the jury, and cannot be based on opinions of investigators.

During the course of this case, Mr. Koerber has made much of the "fact" that the Utah Attorney General's Office declined to bring charges against him in 2007. In fact, he refers to this in the first paragraph under the conclusion in his press release. Such evidence is inadmissible. In *United States v. Morel*, 751 F.Supp.2d 423 (E.D.N.Y. 2010), the court ruled that allowing the defendant "to present evidence that the government initially declined his prosecution presents a substantial risk of confusing and misleading the jury." *Id.* at 431. The potential confusion to the jury in this case is exacerbated because the State's decision not to file a civil case was not predicated upon the evidence discovered in the federal investigation. That, in it of itself, should preclude admission. Again, however, if such evidence were admitted, the jury would be forced to sit through a mini trial where the United States presents evidence that the decision of the Utah Attorney General's Office was made on incomplete facts.

## CONCLUSION

For these reasons, the Court should preclude Defendant from offering evidence or argument pertaining to (i) the conduct of Utah State government officials during the State investigation of Mr. Koerber, and (ii) the fact that the Utah State Attorney General's Office did not file a lawsuit against Mr. Koerber.

DATED this 25th day of July, 2018.

JOHN W. HUBER
United States Attorney

/s/ *Tyler Murray*
RUTH HACKFORD-PEER
TYLER MURRAY
AARON CLARK
Assistant United States Attorneys