Kathryn N. Nester (Utah Bar No. 13967)
Robert Hunt (Utah Bar No. 5722)
Daphne Oberg (Utah Bar No. 11161)
Jessica Stengel (Utah Bar No. 8915)
Office of the Federal Public Defender
46 W. Broadway, Ste. 110
Salt Lake City, Utah 8106
Telephone: (801) 524-4010
*Attorneys for Claud R. Koerber*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLAUD R. KOERBER,<br><br>*Defendant.* | **DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF GOVERNMENT'S SPEEDY TRIAL ACT VIOLATIONS**<br><br>*Oral Argument Requested*<br><br>Case No. 2:17-CR-37<br><br>District Judge Frederic Block |

Mr. Koerber respectfully requests this Honorable Court deny the government's motion *in limine* to exclude evidence relating to the government's previous Speedy Trial Act (STA) violations.

The conduct underlying the STA violations is relevant to the extent such action calls into question the credibility of government witnesses. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *United States v. Leonard*, 439 F.3d 648, 651 (10th Cir. 2006). This is a "minimal level of probability-the evidence must render

1

the asserted fact of consequence more probable than it would be without the evidence." *Id*.

The evidence of STA violations meet that minimum level of probability. The government's "pattern of neglect" directly implicates the reliability and credibility of government case agents/witnesses. *United States v. Koerber*, 813 F.3d 1262, 1178 (10th Cir. 2016). Credibility must be called into question when the government's "discovery practice raise[s] a strong inference of tactical delay ... in its prosecution of the case." *Id*., at 1283.

Delay serves the prosecution well, as memories grow faint as more time passes. Memories are dissimilar to wine or cheese; they are not better served with time. Time is often the enemy of accuracy in terms of memory. In lieu of personal knowledge, the government can then turn to decades-old FBI interview notes to refresh witness recollections. Refreshed recollections are not the equivalent of personal knowledge, and heavy reliance on words of a witness filtered through the bias of an FBI agent can serve to deny a defendant his right to confront and cross-examine witnesses against him.

To be sure, evidence of the government's prior STA violations will not be allowed to facilitate jury nullification. *United States v. Rith*, 164 F.3d 1323, 1338 (10th Cir. 1999). However, the government may choose to call witnesses who were involved with or may have knowledge of the government's deliberately dilatory prosecution of Mr. Koerber. It is well within the bounds of ordinary cross-

examination to impeach a witness or to create questions about such witness's credibility and reliability.

While the ultimate questions for the jury are whether the government has proven guilt beyond a reasonable doubt on any or all of the eighteen counts, questions of credibility directly factor into the jury's determinations. Mr. Koerber should not be denied his Sixth Amendment right to confront and cross-examine witnesses against him, including impeaching their credibility.

The government's motion in *limine* should be denied.

Respectfully submitted on this the 4th day of August, 2018.

*/s/ Kathryn N. Nester*