Kathryn N. Nester (Utah Bar No. 13967)
Robert Hunt (Utah Bar No. 5722)
Daphne Oberg (Utah Bar No. 11161)
Jessica Stengel (Utah Bar No. 8915)
Office of the Federal Public Defender
46 W. Broadway, Ste. 110
Salt Lake City, Utah 8106
Telephone: (801) 524-4010
*Attorneys for Claud R. Koerber*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLAUD R. KOERBER,<br><br>*Defendant.* | **DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* TO ALLOW CROSS-EXAMINATION OF MR. KOERBER ON PRIOR JUDICIAL FINDING**<br><br>*Oral Argument Requested*<br>Case No. 2:17-CR-37<br><br>District Judge Frederic Block |

The government seeks leave from the court, pursuant to the Tenth Circuit's 7 factor test, to admit evidence that purports to relate to a prior court finding as to Mr. Koerber's credibility or truthfulness.

Mr. Koerber requests the government's motion *in limine* to subject Mr. Koerber to cross-examination on a prior judicial finding be denied. The government's characterization of the judicial finding at issue is both overstated and incomplete. The finding at issue did not assess Mr. Koerber's "truthfulness or untruthfulness" *United States v. Woodard*, 699 F.3d 1188, 1194 (10th Cir. 2012).

Additionally, the government's motion is premature and serves no purpose other than to chill Mr. Koerber's constitutional right to testify on his own behalf.

Rule 608(b) of the Federal Rules of Evidence allows a party to impeach a witness with inquiries into prior conduct if probative of the witness' character for truthfulness or untruthfulness. Given that "the possibilities for abuse are substantial[,]" the protections of F.R.E. 403 and 611 exist, as well as a temporal restriction. Fed.R.Evid. 608 Advisory Committee Note (1972). Rule 608(b) absolutely prohibits extrinsic evidence when the only reason for offering the evidence "is to attack or support the witness' character for truthfulness." Fed.R.Evid. 608 Advisory Committee Note (2003). Clearly, the government seeks to introduce this testimony solely to attack the character of Mr. Koerber and the testimony contains no probative value whatsoever.

Most significantly, the Tenth Circuit has adopted a list of factors from the Second Circuit, as a test for determining admissibility of this kind of evidence. The Government's proposed use clearly fails the seven-factor test.

**1. Whether the prior judicial finding addressed the witness's veracity in that specific case or generally.**

The prior judicial finding relates to a state court divorce case from years ago, involving a dispute between Mr. Koerber's current wife and her ex-husband. Mr. Koerber was not a party to the action. Mr. Koerber was not represented at the time. Mr. Koerber was called as a fact witness, on the issue of whether his wife had made a court ordered payment to a child therapist. Mr. Koerber was not allowed to choose what evidence to introduce, and was not allowed to argue or litigate.

Instead, the attorney for his wife presented some evidence of Mountain America Bank Records, showing a scheduled electronic payment, and Mr. Koerber testified about those details, stating that the payment had been made electronically, via Mountain America's Electronic Bill Pay service, and sent by mail to the opposing party's law firm. Mr. Koerber referenced other evidence to prove the payment, and that the payment had been sent, received and cashed. But the attorney questioning him was prohibited by the court from admitting that additional evidence A witness from the law firm testified that the payment had not been received. The court ultimately concluded, "Petitioner's extrinsic evidence of payment, consisting of screenshots from Mountain American Credit Union, failed to demonstrate payment had been made to Respondent." Importantly, Mr. Koerber was not allowed to present evidence independently, since he was not a party to the litigation. The court also concluded, "Petitioner did not submit a canceled check and there is no confirmation by Mountain America Credit Union that payment was sent." Again, Mr. Koerber was not provided an opportunity to present evidence not requested by his wife's attorney or to argue for admissibility of other evidence regarding questions presented to him. Neither could Mr. Koerber appeal the decision, not being a party to the litigation. The state court found that "credible testimony" of the comptroller for the receiving law firm "undermined Mr. Koerber's testimony that payment had been sent." Finally, the court ruled, "The Court finds Mr. Koerber's testimony regarding payment was not credible." Thus, the court made no general finding about the veracity of Mr. Koerber himself, but simply compared his

testimony and the evidence at issue – and made a finding related to that one particular issue – "regarding payment." Thus, under the first factor, this weighs against admission here as not being probative of Mr. Koerber's character for truthfulness or reliability.

**2. Whether the two sets of testimony involved similar subject matter.**

There is no allegation in the indictment in this case, that Mr. Koerber ever claimed to make a payment, and did not. Neither is there any question in this case about the sufficiency of bank records to establish whether any particular transaction took place or not. Thus the second factor weighs against admission.

**3. Whether the lie was under oath in a judicial proceeding or was made in a less formal context.**

There is no finding that Mr. Koerber lied. The finding was that his testimony, as elicited, was not credible to establish the defense of another party. While it was under oath and in a judicial proceeding, Mr. Koerber was not free to litigate, present evidence or argue the point. Thus, this factor should weigh against introduction.

**4. Whether the lie was about a matter that was significant.**

The finding at issue in the state case was a $750 court ordered payment, which payment was ultimately never made and the opposing party forfeited the demand for payment when after the litigation terminated it became apparent that the court was mistaken. Mr. Koerber was not the subject of the court order, Mr. Koerber did not owe the money, Mr. Koerber was not found in contempt, and Mr.

Koerber was not a party in the proceeding. Thus, this factor should weigh against introduction.

**5. How much time elapsed since the lie was told and whether there had been any intervening credibility determination regarding the witness.**

While there have been no intervening court determinations of Mr. Koerber's credibility, it is significant in this matter that Mr. Koerber has testified repeatedly over the decade-long litigation in this case including at hearings on the attorney-client privilege issue in 2010, and on the suppression issue in 2012. Relevant to this consideration, this court has made its own credibility determinations when Mr. Koerber's testimony was compared to a key government witness; when Mr. Koerber's testimony was compared to the lead prosecutor AUSA Stew Walz; and when Mr. Koerber's testimony was compared to a SAUSA, Jen Korb. *In each instance* the court found Mr. Koerber's testimony the most credible and reliable and supported by the evidence. *See e.g. United States v. Koerber*, No. 2:09-CR-302 CW, 2011 WL 2174355, at *4 (D. Utah June 2, 2011) (Explaining the court's reliance on Koerber's testimony over the government witness, "While there is no evidence to corroborate Ms. Taylor's recollection, there is evidence to the contrary"… "Koerber flatly denied…Koerber recalls…Koerber put on evidence to corroborate his statements"); *United States v. Koerber, No. 2:09-CR-302 CW, 2011 WL 2174355, at *4 (D. Utah June 2, 2011) United States v. Koerber*, 966 F. Supp. 2d 1207, 1221 (D. Utah 2013) ("The conversation AUSA Walz remembers with former AUSA Washburn in approximately October 2008 is unreliable in the face of more credible contrary testimony and evidence"). Thus, this factor weights against introduction.

*See Seifert v. Unified Gov't of Wyandotte Cty./Kansas City*, 779 F.3d 1141, 1154 (10th Cir. 2015) ("We question whether a federal court would have permitted cross-examination on such an old statement, particularly in light of the more recent ringing endorsement of Plaintiff's character for truthfulness by the federal judge in Bowling.") Alternatively, if the court allows introduction of the state case evidence, it should instruct the jury that this court has already found Mr. Koerber's testimony reliable and credible when compared to multiple government witnesses.

**6. The apparent motive.**

Mr. Koerber's apparent motive in the state case was to support his wife's defense that she had made a court ordered payment. Nothing similar exists in these proceedings, and this factor should weigh against introduction.

**7. The explanation.**

Mr. Koerber stated in the state court proceeding that he could produce additional evidence, but he was not allowed to do so, since his wife's legal counsel was the one conducting the examination. Thus, unless the court is going to allow Mr. Koerber to fully and fairly air his full testimony and related evidence to the prior payment of the fee for his wife, including all the related Mountain America records, and put on a witness to show that no payment was ultimately made or required after the state court proceeding – this factor weights against introduction.

On the remote chance the government is successful in demonstrating relevance and that the evidence is more probative than prejudicial, the government can only ask Mr. Koerber about the acts underlying the contempt order. *United States v. Davis*, 183 F.3d 231, 257 n.12 (3rd Cir. 1999). The government cannot use

Judge Peuhler's actual findings. *United States v. Olivo*, 80 F.3d 1466, 1471 (10th Cir. 1996) (affidavit is extrinsic evidence). The government cannot make reference to the judicial finding. The actual document likely to be (or contain) inadmissible hearsay, as well as be precisely what FRE 608(b) precludes, constitutes inadmissible extrinsic evidence. *Davis*, 183 F.3d at 257 n.12. *See also Seifert*, 779 F.3d at 1154 (10th Cir. 2015) ("The order itself (or testimony about what the judge said) would not be admissible in federal court. *See* Fed.R.Evid. 608(b) ("[E]xtrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness.").

What the government *can* do if and when Mr. Koerber decides to testify is cross- examine him on the acts underlying the contempt order – presuming the door to credibility has been opened. Questions are permissible. *United States v. Drake*, 932 F.3d 861, 867 (10th Cir 1991). The government may neither go into the other court's actual findings nor may it show the jury the document.

The government's motion *in limine* to cross-examine Mr. Koerber should be dismissed.

Respectfully submitted on this the 4th day of August, 2018.

*<u>/s/ Kathryn N. Nester</u>*