**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  v.  **CLAUD R. KOERBER,**  Defendant. | **MEMORANDUM DECISION AND ORDER**  **Case No. 2:17-cr-00037-FB-PMW**  **District Judge Frederic Block**  **Chief Magistrate Judge Paul M. Warner** |

District Judge Frederic Block has referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is the United States of America's ("USA") motion to allow testimony and documents of Adoption Center of Choice.[2]

## INTRODUCTION

According to the USA, Don Hansen ("Mr. Hansen") and Teresa Tuttle Ringger ("Ms. Ringger") were employees of Adoption Center of Choice at the time of the adoption of two of Claud R. Koerber's ("Defendant") children. In its motion, the USA seeks several court orders. First, the USA seeks a court order allowing the disclosure and use at trial of certain redacted documents that relate to the relevant adoption proceedings ("Documents"). The USA argues that the Documents are relevant to the tax evasion charges against Defendant.

---

[1] *See* docket no. 362.

[2] *See* docket no. 434.

Second, the USA moves the court for an order allowing at trial the testimony of Mr. Hansen and Ms. Ringger, without regard to the obligations imposed upon those two individuals by the Utah Adoption Act. *See* Utah Code §§ 78B-6-101 to -146. The USA contends that Mr. Hansen is expected to lay the foundation for the Documents, and Ms. Ringger is anticipated to testify about Defendant's representations concerning his income and assets. As with the Documents, the USA asserts that the anticipated testimony is relevant to the tax evasion charges against Defendant.

Finally, the USA seeks a court order stating that any past testimony in this case concerning the relevant adoption proceedings was not in violation of the Utah Adoption Act. The court will address the USA's requests in turn.

## ANALYSIS

**I.   Documents**

The USA seeks a court order allowing the disclosure and use at trial of the Documents. The USA argues that the Documents are relevant to the tax evasion charges against Defendant.

In relevant part, the Utah Adoption Act provides:

> (1) Information maintained or filed with the office under this chapter may not be disclosed except as provided by this chapter, or pursuant to a court order.
>
> (2) Any person who discloses information obtained from the office's voluntary adoption registry in violation of this part, or knowingly allows that information to be disclosed in violation of this chapter is guilty of a class A misdemeanor.

Utah Code § 78B-6-145(1)-(2). The Utah Adoption Act further provides that adoption documents and any other documents filed in connection with an adoption petition are sealed. *See* Utah Code § 78B-6-141(2). At the same time, the Utah Adoption Act states that such documents

may be open to inspection and copying "upon order of the court expressly permitting inspection and copying, after good cause has been shown." Utah Code § 78B-6-141(3)(c).

Defendant objects to the USA's request to use the Documents at trial by arguing that the USA's claim of relevance is unsupported and that the USA has not shown good cause to support its request, as required by the Utah Adoption Act.

The court has determined that Defendant's arguments are without merit. First, the court concludes that the USA has sufficiently demonstrated that the Documents are relevant to the tax evasion charges against Defendant. Second, the general relevance of the Documents leads the court to the conclusion that the USA has demonstrated good cause for permitting inspection and copying of the Documents and for using them at trial. Notwithstanding that conclusion, obviously Judge Block can and will make his own final determinations at trial concerning the specific relevance and admissibility of any of the individual Documents.

As a final matter on this issue, the court acknowledges Defendant's concerns about the privacy of adoption records. However, the court concludes that the limited purpose for which the USA intends to use the Documents alleviates those concerns. At the same time, the court orders the USA to comply with its stated intention to use the Documents only for the purpose of eliciting information about Defendant's finances.

## II.     Testimony of Mr. Hansen and Ms. Ringger

The USA seeks a court order allowing Mr. Hansen and Ms. Ringger to testify at trial without regard to the obligations imposed upon them by the Utah Adoption Act. Defendant objects to the use of Mr. Hansen's and Ms. Ringger's testimony by relying on the same arguments he raised in objecting to the use of the Documents.

The good cause requirement under the Utah Adoption Act appears to apply only to the disclosure of adoption documents and records.  *See* Utah Code § 78B-6-141(3)(c).  However, because Mr. Hansen's and Ms. Ringger's anticipated testimony appears to be closely linked to the Documents, the court, out of an abundance of caution, requires that the USA show good cause to support the disclosure by Mr. Hansen or Ms. Ringger of any information related to the relevant adoption proceedings.

The court has already concluded that the USA has made a sufficient showing that the Documents are relevant in this case.  Given the close relationship between the Documents and Mr. Hansen's and Ms. Ringger's anticipated testimony, the court concludes that said testimony is likewise relevant in this case.  Based upon that relevance, the court concludes that the USA has shown good cause for this court to allow Mr. Hansen and Ms. Ringger to disclose information and testify at trial about the relevant adoption proceedings.  So that they may be called as witnesses to testify, the court concludes that any disclosure of information or testimony by Mr. Hansen or Ms. Ringger about the relevant adoption proceedings will not violate the Utah Adoption Act.  Notwithstanding the court's conclusions on this issue, any final determinations about the specific admissibility of any or all of Mr. Hansen's and Ms. Ringger's testimony will obviously be made by Judge Block in the context of trial.

### III.     Past Testimony

In its final request, the USA seeks a court order stating that any past testimony in this case concerning the relevant adoption proceedings was not in violation of the Utah Adoption Act.  In its reply memorandum in support of its motion, the USA has indicated that it withdraws this request.  In light of that assertion, the court need not address this request further.

## CONCLUSION AND ORDER

IT IS HEREBY ORDERED that the USA's motion to allow testimony and documents of Adoption Center of Choice[3] GRANTED IN PART and DENIED IN PART, as detailed above.

IT IS SO ORDERED.

DATED this 21st day of August, 2018.

BY THE COURT:

*[signature]*

PAUL M. WARNER
Chief United States Magistrate Judge

---

[3] *See* docket no. 434.