Kathryn N. Nester (Utah Bar No. 13967)
Robert Hunt (Utah Bar No. 5722)
Daphne Oberg (Utah Bar No. 11161)
Jessica Stengel (Utah Bar No. 8915)
Office of the Federal Public Defender
46 W. Broadway, Ste. 110
Salt Lake City, Utah 8106
Telephone: (801) 524-4010
*Attorneys for Claud R. Koerber*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  v.  CLAUD R. KOERBER,  *Defendant.* | **Defendant's motion *in limine* to exclude video clip of personal religious beliefs**  *Oral Argument Requested*  Case No. 2:17-CR-37  District Judge Frederic Block |

Mr. Koerber moves *in limine* for an ordering preventing the government from introducing Government Exhibit 45, a video clip in which Mr. Koerber mentions religious doctrine. The clip is inadmissible under Fed.R.Evid. 401 and 403. The clip's only purpose is to fan the flames of prejudice and deny Mr. Koerber his right to fair trial.

## Standard of Review

As the gatekeeper, the trial court must first decide whether evidence is relevant – that is, whether it "has any tendency to make a fact more or less probable than it would be without the evidence." FRE 401. If evidence is relevant, it must still pass through FRE 403, which gives the trial court discretion to "exclude

1

evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403.

## Argument

The government has identified as Government Exhibit 45 a video clip in which Mr. Koerber mentions his personal faith and religious beliefs.

This evidence is irrelevant. Personal beliefs and religious affiliation are not probative of money laundering, tax evasion, or fraud in the sale of securities. "A person's beliefs, superstitions, or affiliation with a religious group is properly admissible where probative of an issue in a criminal prosecution." *United States v. Beasley*, 72 F.3d 1518, 1527 (11th Cir. 1996) (*string citations omitted*); *see also United States v. Goldman,* 563 F.2d 501, 504 (1st Cir. 1977) (defendant's religion has no bearing on legitimate issues in the case). Mr. Koerber's personal religious beliefs are not probative of any of the issues identified in the Indictment. The information is simply not relevant and is properly excluded under FRE 401.

Personal, private beliefs are not fodder for the government to exploit. Playing this clip does not go to an element of any of the charged crimes; this clip will serve only as "an irrelevant and inflammatory appeal to the jurors' private, religious beliefs" or animosities. *United States v. Giry*, 818 F.2d 120, 133 (1st Cir. 1987). The evidence is designed to cultivate a negative flavor of Mr. Koerber amongst the jurors, which may serve to lower the government's burden of proof.

## Conclusion

For these reasons, Mr. Koerber move *in limine* for an order preventing the government from offering Government Exhibit 45 (or transcript of such clip) in which Mr. Koerber shares his personal religious beliefs.

Dated this 22nd day of August, 2018.

*/s/ Kathryn N. Nester*
Attorney for Claud R. Koerber
