Kathryn N. Nester (Utah Bar No. 13967)
Robert Hunt (Utah Bar No. 5722)
Daphne Oberg (Utah Bar No. 11161)
Jessica Stengel (Utah Bar No. 8915)
Office of the Federal Public Defender
46 W. Broadway, Ste. 110
Salt Lake City, Utah 8106
Telephone: (801) 524-4010
*Attorneys for Claud R. Koerber*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| UNITED STATES OF AMERICA, Plaintiff, v. CLAUD R. KOERBER, Defendant. | MOTION IN LIMINE TO PRECLUDE SPECULATIVE QUESTIONING  Case No. 2:17-cr-0037 FB  District Judge Frederic Block |
|---|---|

Mr. Koerber, through counsel, Kathryn N. Nester, submits the following motion in limine, respectfully requesting that this Court prohibit the government from asking witnesses speculative questions about whether they would have invested if they had known the money was being used for any one of various purposes. In the first trial, the government repeatedly asked witnesses these improper, speculative questions. Presumably, the government plans to do so again. However, such questions are improper and extremely prejudicial and should be prohibited.

## ANALYSIS

Any questions by the government about whether a witness would have invested if they had known their money was going to be used for a given purpose should be prohibited in this trial on the grounds that they improperly call for speculation, they assume the very issue the jury exists to decide, they are irrelevant, and they create a substantial danger of unfair prejudice under Rule 403 of the Rules of Evidence.  In the first trial, the government asked witnesses a series of improper questions, such as:

- Q:     "Would you have invested if you had known your money was coming from other investors' money?"   First Trial Transcript 2247:1-2.

- Q:     "Would you have invested if you had known that any of your money was going to pay off other investors?"   *Id.* at 322:8-9.

- Q:     "Would you have invested if you had known that interest payments were coming from investments of other investors?"   *Id.* at 200:3-5.

- Q:     "You say you were surprised or just learned through that email that there were loans outside the real estate market.   Would you have invested had you known that?"   *Id.* at 214:19-21.

- Q:     "If you had known that the money was going to be used for those things rather than real estate, would you have invested?"   *Id.* at 2442:22-24.

- Q:     "Did you ever know that Founders Capital was a Ponzi scheme?"
  Q:     "Would you have placed money with them had you known that?"   *Id.* at 2517:24-2518:3.

- Q:     "And if you had known that it wasn't profit, that 40 percent of that $60,000, or $24,000 was coming from some other investor just like you, would that have given you any pause?"   *Id.* at 4658:10-13.

- Q: "And if you had known that Mr. Koerber was losing money each year, you never would have invested with him, would you?" *Id.* at 4666:12-14.

- Q: "If you had known back when Freestyle Holdings was making its investments in Founders Capital that say 40 percent of your investment money was going to be used to make interest payments, would that have affected your decision to invest?" *Id.* at 4440:8-12.

- Q: "[W]ould you have put your $2 million in if you had known that money was going to go to Iceberg restaurants?"
  Q: "To a movie?"
  Q: "To an academy?"
  Q: "A school?" *Id.* at 332:5-13.

This type of question has been deemed speculative and, thus, improper, time and time again. The speculative nature of the questions, alone, is enough for this Court to exclude them. Lay witnesses must have personal knowledge about which they testify. Fed. R. Evid. 602. And the testimony of lay witnesses must be "rationally based on the perception of the witness." Fed. R. Evid. 701(a). "Speculative testimony as to what a witness would have done under different circumstances cannot possibly be based on the witness's perception." *Athridge v. Aetna Cas. & Sur. Co.*, 474 F. Supp. 2d 102, 105 (D. D.C. 2007); *see also Chapa v. United States*, 497 F.3d 883, 890 (8th Cir. 2007) (finding testimony regarding what action witness would have taken if she had known grandchild was being abused was properly excluded as speculative); *United States v. Morrison*, 98 F.3d 619, 627 (D.C. Cir 1996) (finding witness could not be questioned whether only way she could keep children was to testify because it was speculative); *United States v. Maestas*, 554 F.2d 834, 837 n.2 (8th Cir. 1977) ("Evidence which is vague and

3

speculative is not competent proof and should not be admitted into evidence."). The government's lay witnesses can properly testify about what they did do, based on what they did know. But it is nothing but speculation for them to claim what they would have done if they would have known various facts the government states as truth.

Such questions are also improper because they state as fact the very questions the jury exists to decide. The Indictment against Mr. Koerber is based on the allegations that he misused investor funds in various ways. One of the primary questions before the jury will be exactly that: did Mr. Koerber use investor funds to pay investors and did he improperly use investor funds for other purposes? It is not proper to try to prove this by way of speculative, hypothetical questions posed to witnesses. This question is like the government asking, in a murder trial, "Would you still have trusted the defendant even if you had known he was a murderer?" or "Would you still have felt safe with the defendant if you had known he carried knives so he could brutally stab someone?" The government cannot prove its claims by assuming its own allegations are true (the same allegations the jury exists to decide) and posing its assumptions in speculative questions to the witnesses.

Under the Federal Rules of Evidence, "evidence which is not relevant is not admissible." Fed. R. Evid. 402. The evidentiary definition of relevancy incorporates both materiality and probativity. *United States v. McVeigh*, 153 F.3d 1166, 1190 (10th Cir. 1998). With respect to materiality, a fact is "of consequence" under Rule 401 when

its existence provides the fact-finder with a basis for an inference or chain of inferences about an issue necessary for a verdict.  As for the probativity, evidence is probative if it has any tendency to make a fact more probable than without the evidence.  *Id.*  Any evidence about whether an investor would have or would not have invested if a certain fact scenario were true does not legitimately further the government's allegations that Mr. Koerber misused investor funds.  Whether, more than ten years after the fact, a lay witness thinks, with the benefit of hindsight, that she theoretically would have, maybe, hypothetically invested or not invested if she had "known" whatever fact the government inserts into the question is of no consequence to any key issue in the case.  Nor does it make any fact any more or less likely to have occurred.  As such, these questions are irrelevant.

Finally, this line of questions is extremely prejudicial.  Indeed, the line of questions seems calculated to inflame the jury.  To the extent such questions have any relevance at all, it is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.  Prejudice is "unfair" where the prejudice arises from the tendency of proffered evidence to suggest that the jury should base its findings "on an improper basis, commonly, though not necessarily, an emotional one."  *McVeigh*, 153 F.3d at 1191 (citing Fed. R. Evid. 403, Adv. Comm. Notes (1972 Proposed Rules)). These questions are prejudicial because they assume Mr. Koerber did, indeed, use investor money to pay other investors, etc.—even though this is the precise issue the jury

exists to decide. The questions also presume Mr. Koerber acted wrongfully and state this presumption as fact. Upon hearing this repeatedly throughout the trial, the jury may come to believe this evidence is settled and there is no remaining issue for them to decide. Such speculative questions might cause the jury to convict Mr. Koerber without assessing the actual evidence against him, and it is proper for courts to exclude speculative questions under Rule 403. *See United States v. Lucas*, 499 F.3d 883 (8th Cir. 2007) (finding speculative evidence may be excluded under Rule 403 to avoid confusing or misleading the jury). To the extent the questions have any relevance at all, the unfair prejudice they create substantially outweighs it.

For all these reasons, Mr. Koeber respectfully asks the Court to prohibit the government's use of similar questions at trial. Hearing the questions, the jury will be predisposed to believe Mr. Koerber acted wrongfully and to convict Mr. Koerber. Such questions and answers use prejudice to further government's case, while doing nothing to make any relevant fact more or less probable. And because the questions call for pure speculation, they are improper. This, alone, is reason to prohibit them.

Respectfully submitted this 24th day of August, 2018.

*/s/ Kathryn N. Nester*
Kathryn N. Nester
Attorney for Claud R. Koerber