JOHN W. HUBER, United States Attorney (#7226)
TYLER MURRAY, Assistant United States Attorney (#10308)
AARON B. CLARK, Assistant United States Attorney (#15404)
RUTH J. HACKFORD-PEER, Assistant United States Attorney (#15049)
RYAN D. TENNEY, Assistant United States Attorney (#9866)
Attorneys for the United States of America
111 S. Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Facsimile: (801) 524-6924

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | UNITED STATES' MOTION FOR A FRIVOLOUSNESS CERTIFICATION |
| Plaintiff, | |
| vs. | Case No. 2:17-CR-00037 |
| CLAUD R. KOERBER, | District Judge Frederic Block |
| Defendant. | |

As this Court is well aware, trial is set to begin next week, and jurors have already been summoned.

Last Friday, Defendant Rick Koerber filed a Notice of Appeal in which he challenges (i) this Court's denial of his motion to dismiss the appeal on double jeopardy grounds, as well as (ii) this Court's denial of the motion to

reconsider that ruling.  It is anticipated that Koerber will soon claim that this Notice of Appeal deprives this Court of jurisdiction to try the case.[1]

It is true that an appeal often divests a district court of jurisdiction. And it is also true that a double jeopardy appeal is often appealable before trial under the collateral order exception.  See Abney v. United States, 431 U.S. 651, 660 (1977).

But "[r]ules implementing the Double Jeopardy Clause must also be fashioned in light of the public policy favoring rapid disposition of criminal cases."  United States v. Hines, 689 F.2d 934, 936 (10th Cir. 1982).  Because of this, there are exceptions to the "divestiture of jurisdiction rule."  Id. Such exceptions are necessary so that the district court is not left "powerless to prevent intentional dilatory tactics."  Id. at 936.  Otherwise, a defendant could "unilaterally obtain a continuance at any time prior to trial by merely

---

[1] Koerber did something similar last fall.  Three weeks before his first trial began, he filed a notice of appeal from a ruling denying his motion to dismiss on statute of limitations grounds.  That was soon followed by a "notice of divestiture" that he filed in the district court, wherein Koerber claimed that his notice of appeal deprived the district court of jurisdiction to try him.  Then, on the Friday before the scheduled Monday start to the trial, Koerber filed a separate notice of appeal from a ruling that denied his motion to recuse the trial judge.
   The Tenth Circuit ultimately dismissed both appeals for lack of appellate jurisdiction, thereby allowing the trial to proceed.

filing a motion, however, frivolous, and appealing the trial court's denial thereof." *Id.* at 936-37.

To avoid this, the Tenth Circuit has held that where a district court "has (1) considered the double jeopardy claim after a hearing and, for (2) substantial reasons given, (3) found the claim to be frivolous," it may continue to exercise jurisdiction and try the case while the appeal is pending. *Hines,* 689 F.2d at 937 (numbering added).

The district court may enter the frivolousness determination even after the notice of appeal has been filed. *See United States v. Valadez-Camarena*, 194 F.3d 1321, *6 (10th Cir. 1999) (unpublished). For example, the frivolousness ruling in *Hines* was entered after the notice of appeal, and yet the Tenth Circuit still concluded that it could establish jurisdiction in the district court. *Hines,* 689 F.2d at 936-37. Thus, by "certifying the appeal as frivolous," the district court is allowed to "regain jurisdiction" and try the case. *Stewart v. Donges*, 915 F.2d 572, 577 (10th Cir. 1990).[2]

---

[2] While such a certification creates "dual jurisdiction," the "idea of dual jurisdiction is not a new concept in federal jurisprudence." *United States v. Dunbar*, 611 F.2d 985, 989 (5th Cir. 1980) (en banc). "After the filing of a notice of appeal," for example, "the trial court retains jurisdiction to modify or grant an injunction pending appeal, to act with regard to appeal and supersedeas bonds, and to aid execution of a judgment that has not been superseded." *Id.*

The frivolousness certification is ultimately "reflective of practical common sense," in that it "'prevent[s] intentional dilatory tactics,'" protects "'the nonappealing party's right to continuing trial court jurisdiction,'" and preserves "'the smooth and efficient functioning of the judicial process.'" *United States v. Dunbar*, 611 F.2d 985, 988 (5th Cir. 1980) (en banc) (citation omitted).

This Court should now comply with *Hines* and allow the scheduled trial to proceed. To do so, it should hold a hearing—telephonically, if necessary—and then issue a written ruling certifying that, for substantial reasons, Koerber's double jeopardy claim is frivolous. It should do so based on the same reasons given in its July 30, 2018, memorandum decision in which it originally denied the claim—namely, that the mistrial ruling was entered after a week of deliberations, during which the jury twice informed the court that it was deadlocked. *Memorandum Decision,* Doc. 432 at 2. Under these circumstances, Koerber's argument that there was no manifest necessity for a mistrial is plainly frivolous. This Court should also do so because of the Supreme Court's insistence that "a retrial following a 'hung jury' does not violate the Double Jeopardy Clause." *Richardson v. United States,* 468 U.S. 317, 324 (1984); *see also Holland*, 956 F.2d at 993 (holding that when a

district court declares a mistrial before a jury reaches a verdict, the charges "were never resolved for jeopardy purposes," and a subsequent double jeopardy claim is "unfounded"); *accord United States v. Wood*, 950 F.2d 638, 642 (10th Cir. 1991) (noting that "an appeal following the declaration of a mistrial due to a hung jury" has "consistently" "been held not to bar retrial").

Koerber has repeatedly attempted to delay his trial by filing meritless appeals. Indeed, this is his *fifth* interlocutory appeal. The previous four were all dismissed for lack of appellate jurisdiction, and the United States has filed a motion in the Tenth Circuit (contemporaneous with this filing) asking the Tenth Circuit to dismiss the appeal for similar reasons.

To avoid any unwarranted delay, this Court should certify the appeal as frivolous and proceed with trial.

RESPECTFULLY SUBMITTED on August 28, 2018.

JOHN W. HUBER
United States Attorney


/s/ Ryan D. Tenney
RYAN D. TENNEY
TYLER MURRAY
AARON CLARK
RUTH HACKFORD-PEER

Assistant United States Attorneys