IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. CLAUD R. KOERBER, Defendant. | **MEMORANDUM DECISION AND ORDER** Case No. 2:17-CR-37 District Judge Frederic Block Chief Magistrate Judge Paul M. Warner |

On August 24, 2018, Koerber brought an interlocutory appeal of the court's order denying his double jeopardy motion and motion to reconsider. Pursuant to *Abney v. United States*, 431 U.S. 651 (1977), holdings on double jeopardy is appealable before trial under the collateral order exception. 431 U.S. at 660. However, this procedure does not render "the trial court powerless to prevent intentional dilatory tactics by enabling a defendant unilaterally to obtain a continuance at any time prior to trial by merely filing a motion, however frivolous, and appealing the trial court's denial thereof." *United States v. Hines*, 689 F.2d 934, 936-37 (10th Cir. 1982). As a result, "this potential misuse of interlocutory

review could be prevented if the district court '(1) after a hearing and, (2) for substantial reasons given, (3) found the claim to be frivolous.'" *Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990).

The court held such a hearing on the morning of August 31, 2018. As an initial matter, the court notes that Koerber has a long history of using procedural mechanisms to delay trial. As the government points out, this is his fifth interlocutory appeal, and he attempted to pull the same stunt on the eve of his first trial.

Koerber's double jeopardy motion and motion for reconsideration were utterly frivolous.

"Where the trial is terminated over the objection of the defendant, the classical test for lifting the double jeopardy bar to a second trial is the 'manifest necessity' standard . . . ." *Oregon v. Kennedy*, 456 U.S. 667, 672 (1982). "[T]he most common form of 'manifest necessity' [is] a mistral declared by the judge following the jury's declaration that it was unable to reach a verdict." *Id.* "The hung jury remains the prototypical example" of a case meeting the manifest necessity standard. *Id.* "The most critical factor is the jury's own statement that it was unable to reach a verdict." *United States v. Horn*, 583 F.2d 1124, 1127 (10th Cir. 1978).

Here, Judge Nuffer declared a mistrial for manifest necessity because the jury was hung after over a week of deliberation. The jury originally indicated they were deadlocked on October 10, 2017 and were given a modified *Allen* charge on October 11, 2017. The jury then asked on October 16, 2017 whether a partial verdict was acceptable. They were instructed that they could return a partial verdict. The same day, the foreperson sent another note indicating the jury was "hopelessly deadlocked."

Judge Nuffer called a hearing and asked the foreperson whether additional deliberation would be helpful. The foreperson answered no. Judge Nuffer then inquired of the jurors collectively if any disagreed with the foreperson's assessment. None did. Both before and after calling the jury in for the hearing, Judge Nuffer asked counsel for both parties if they had any "commentary or advice" regarding calling a mistrial. Neither did. Only then did Judge Nuffer declare a mistrial. This is the "prototypical example" of manifest necessity.

Koerber attempts to circumvent the clear weight of Supreme Court law by attacking Judge Nuffer's impartiality. This argument is a meritless sideshow that has nothing to do with his double jeopardy claim.

First, Koerber waived the argument by not making it in his actual briefing, instead attaching it to an evidentiary exhibit submitted more than a week after the

briefs were filed. While Koerber's initial briefing suggested that he may have additional evidence that Judge Nuffer was not impartial, he did not present or make arguments regarding that evidence until well after briefing had closed. Legal arguments are won by applying law to facts, not by unsubstantiated insinuation and late-submitted briefs mislabeled as evidence.[1]

Second, the argument is meritless. Judge Nuffer was not recused at the time he declared the hung jury. Koerber's only argument to support his position is that Judge Nuffer indicated an intent to recuse himself from cases involving Koerber's former attorney Marcus Mumford in a prior letter referring Mumford for disciplinary review. However, this letter did not effectively recuse him from Koerber's case; at most, it expressed an intent to recuse. Nothing prevented Judge Nuffer from revoking that intent. Certainly he was not required to recuse sua sponte – binding Tenth Circuit law made that clear. *United States v. Mendoza*, 468

---

[1] At the hearing, Koerber claimed that he was allowed to raise the argument for the first time in his motion for reconsideration. However, "'advancing new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed' is 'inappropriate'" on a motion for reconsideration. *United States v. Koerber*, 966 F. Supp. 2d 1207, 1212 (D. Utah 2013) (quoting *Van Skiver v. United States*, 952 F.2d 1241, 1242 & 1244 (10th Cir. 1991)).

F.3d 1256, 1262 (10th Cir. 2006) ("referrals for disciplinary review" do not "call into question the impartiality of a judge").[2] Therefore, Judge Nuffer's eventual recusal from the case, which did not occur until well after the mistrial, was prudential, not mandatory.

Even assuming arguendo that Judge Nuffer should have recused himself and should not have presided over the question of whether to declare a hung jury, the remedy would not be the attachment of double jeopardy. Instead, it would be a retrial. *See, e.g.*, *Williams v. Pennsylvania*, 136 S. Ct. 1899, 1910 (2016) (holding state court judge erred in failing to recuse himself but remanding for a new proceeding in which the defendant "may present his case with assurance that no member of the court is predisposed to find against him") (internal quotation marks omitted); *Commonwealth v. Williams*, 168 A.3d 97 (Pa. 2017) (following Supreme Court decision, remanding for new penalty phase trial). Therefore, the argument regarding Judge Nuffer's failure to recuse himself has nothing to do with double

---

[2] Koerber cites *Moody v. Simmons*, 858 F.2d 137 (3d Cir. 1988), for the proposition that a judge is bound by his expressed intent to recuse. However, in *Moody*, the judge announced his intention to recuse repeatedly on the record after he "commented extensively on the recusal issue." 858 F.2d at 139. The appellate court "defer[red] to that finding." *Id.* at 143. Here, the only expressed intent to recuse occurred in a sealed letter completely unrelated to the *Koerber* proceedings. This letter cannot fairly be characterized as a "finding" on the *Koerber* record.

5

jeopardy and is not subject to immediate review under *Abney* or the collateral order doctrine. And the only remedy that Koerber would have available is a retrial with a new judge. This is the precise remedy he has already received.

Because Koerber's double jeopardy arguments are frivolous, the court retains jurisdiction over his retrial. The trial will commence as scheduled on September 4, 2018.

IT IS SO ORDERED.

DATED this 31st day of August, 2018.

BY THE COURT:

/s/
_____

FREDERIC BLOCK
United States District Judge