IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. CLAUD R. KOERBER, Defendant. | **MEMORANDUM DECISION AND ORDER** Case No. 2:17-CR-37 District Judge Frederic Block Chief Magistrate Judge Paul M. Warner |

This order assumes the parties' familiarity with the facts and procedural history. Defendant Claud Koerber brings a motion to dismiss for speedy trial violations, arguing the speedy trial clock elapsed during the period after his mistrial was declared.[1] His motion is denied.

---

[1] Koerber also asks the Court to reconsider two prior decisions regarding alleged speedy trial clock violations. The Court concurs with the reasoning in Judge Shelby's thorough and thoughtful order denying Koerber's earlier request for the same relief. *See* Order Denying Pre-Trial Motions, July 21, 2017, Dkt. No. 140, at 26-38.

# I

In the event of a mistrial, the Speedy Trial Act requires the new trial to begin "within seventy days from the date the action occasioning the retrial becomes final." 18 U.S.C. § 3161(e). However, certain "periods of delay shall be excluded . . . in computing the time within which the trial" must begin, including "[a]ny period of delay resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). When granting such a continuance, the judge must set forth reasons supporting his decision that the ends of justice outweigh the interests of the public and the defendant. 18 U.S.C. § 3161(h)(7)(B); *United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009).

Magistrate Judge Warner issued a December 18, 2017 order granting a continuance that excluded the time between that date and the new trial date of June 4, 2018. Koerber argues this order was ineffective because an initial trial date within the 70-day timeframe had not yet been set. He argues that because there was no initial trial date to continue, the granted continuance was a legal nullity. In other words, he views the law as requiring the continuance to be granted from a preexisting trial date within the 70-day timeframe. Because the order was

ineffective, Koerber concludes the speedy trial clock ran in the interim period and exceeded the 70-day limit.

Koerber is wrong on the law. Nothing in the Speedy Trial Act requires that a continuance be calculated from a formally scheduled trial date within the initial 70-day period. Nor would that make sense – the trial date is the *end* date of the 70-day period, not the beginning. Instead, the continuance is calculated from the day the speedy trial clock begins to run. In this case, the clock began to run on October 16, 2017, the date the mistrial was declared. 18 U.S.C. § 3161(e). Judge Warner's order properly granted a continuance of the 70-day time period which began on this date.

In addition, Koerber mischaracterizes the relevant proceedings. The continuance was granted at his request. At a December 6, 2017 scheduling conference, Judge Warner offered Koerber a January 8, 2018 trial date, within the speedy trial timeframe. Koerber requested a delay until September or October 2018 because he wanted new counsel. At a December 8, 2017 conference, with new counsel for Koerber present, Judge Warner offered a compromise trial date of June 4, 2018.

Undoubtedly aware of Koerber's long history of pushing for delays in the proceedings and then using those delays to claim speedy trial violations, Judge Warner addressed Koerber directly about the speedy trial clock:

> THE COURT: I am prepared – and this is important, Mr. Koerber, for you to hear this, so please refrain from talking to Mr. Hunt for just a moment here because I want you to hear what I'm about to say. I am prepared to set this within the speedy trial time period, which would be early January by our calculations. . . .
>
> Now that's to comply with the speedy trial statute. Obviously, there's reasons why that doesn't work to your advantage, primarily from the standpoint of your counsel being able to prepare and get up to speed. . . .
>
> So let me address you, Mr. Hunt, since Mr. Koerber is now represented. . . . [D]o you have any objection to me continuing this matter until June 4th for trial? And if I do, I will be excluding the time between today and then for the purposes of speedy trial.
>
> MR. HUNT: Mr. Koerber did have some –
>
> THE COURT: You're free to talk to him now, but I just wanted to make sure you people were paying attention to what I was saying.
>
> MR. HUNT: Thank you Your Honor. We don't have any objection.

Hrg. Tr., Dec. 8, 2017, at 17:13-18:25.

Judge Warner then made specific findings on the record that the ends of justice were served by excluding time between December 8 and June 4 and continuing the trial until June 4, 2018. He confirmed these findings in a written

4

order filed on December 18, 2017. He was careful to address Koerber directly, explain the requirements of the Speedy Trial Act, and make sure both Koerber and his counsel had no objection to Judge Warner granting their request for a continuance.

Given that Judge Warner offered an initial trial date within the speedy time period and Koerber himself sought the delay, it is disingenuous for him to now complain that his own request was granted. Moreover, Koerber's current counsel, who brought this motion, agreed at a later February 27, 2018 status conference that "the time [on the speedy trial clock] is *definitely tolled* through the June trial date that Judge Warner set back in December." Hrg. Tr., Feb. 27, 2018, at 8:25-9:2.

Therefore, the speedy trial clock did not run out.

## II

None of Koerber's remaining arguments have merit. The motion is denied.

IT IS SO ORDERED.

DATED this 4th day of September, 2018.

BY THE COURT:

/s/

FREDERIC BLOCK
United States District Judge