# Exhibit 29

# FOUNDERS CAPITAL
*INVESTMENTS*



## OFFERING B

FRANKLINSQUIRES COMPANIES, LLC

85 EASTBAY BLVD. PROVO, UTAH 84606



DEFENDANT'S EXHIBIT 516

## WYOMING SECRETARY OF STATE

SOS Home | Corporations | Directory | Elections | Notaries | Rules | Securities



### BEFORE THE SECRETARY OF STATE

### STATE CAPITOL

### CHEYENNE, WYOMING 82002-0020

| | |
|---|---|
| IN THE MATTER OF ) | |
| ) | |
| National Business Solutions, LLC ) | |
|   A Securities Issuer, ) | |
| ) | |
| And ) | Case #00-04 |
| ) | |
| C. Rick Koerber, ) | |
|   Individually and as a managing partner, ) | |
| ) | |
| Respondents. ) | |

### STIPULATED ORDER ADOPTING SETTLEMENT

WHEREAS, the Secretary of State filed a petition making certain allegations against National Business Solutions, LLC ("NBS") and C. Rick Koerber ("Koerber"); and

WHEREAS, without admitting or denying the specific allegations, other than as specifically set forth below, but with Koerber and NBS specifically denying any willful violations of the Wyoming Uniform Securities Act, the parties agree to the resolve the matters in the petition as follows:

### Findings of Fact

1. NBS is a Wyoming limited liability company. Koerber is a member and a manager of NBS.
2. Wyoming Statute ("W.S.") §17-4-107 provides, in part:

    "(a) it is unlawful for any person to offer or sell any security in this state unless:

    (i) it is registered under this chapter;
    (ii) the security or transaction is exempt under W.S. §17-4-114; or
    (iii) it is a covered security.

3. W.S. §17-4-103 provides, in part, "(b) it is unlawful for any broker-dealer or issuer to employ an agent unless the agent is registered."
4. W.S. §17-4-101(a)(ii) provides in part, "(a) it is unlawful for any person, in connection with the offer, sale or purchase of any security, directly or indirectly... (ii) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statement made, in light of the circumstances under which they are made, not misleading."
5. Koerber is the registered agent and the member responsible for management of NBS.
6. Beginning in about February, 2000, NBS, through Koerber and others, sold interests in NBS to approximately 100 people and issued interests in NBS to approximately 140 people.
7. The interests sold in NBS were unregistered "securities" and were not otherwise exempt from registration.
8. In connection with some of the security sales, financial information was given to some investors regarding the financial condition of the company. Financial statements were prepared in February, 2000 by NBS and were not audited by a CPA or professionally prepared in accordance with generally accepted accounting principals (GAAP).
9. Financial Statements later prepared by the CPAs for NBS in accordance with GAAP were different, in some material respects, from the financial statements prepared by Koerber.
10. In connection with the sale of the investments in NBS, NBS paid commissions to a number of persons for selling the interests in NBS. None of the persons who sold such interests were registered as stock brokers.
11. Prior to selling the investments, NBS neither registered a security offering with the Wyoming Securities Division, nor filed for an exemption from registration.
12. Prior to selling the investments, NBS did not amend its Articles of Organization or Operating Agreement to provide for handling additional members.
13. Prior to making an investment, many of the investors were not informed that their investment proceeds would be used to pay sales commissions and disbursed to pay past or current operating expenses.
14. NBS and Koerber do not have the financial ability to make restitution and therefore should not be ordered herein.
15. This Order is in the public interest.

## Conclusions of Law

1. The Wyoming Secretary of State has jurisdiction over the matters contained herein and the

FBI-05-00383
FBI-05-00383

activities of NBS and Koerber which are the subject of the Petition.

2. NBS issued unregistered securities in violation of W.S. §17-4-107.

3. NBS employed non-registered agents to sell securities in volition of W.S. §17-4-103.

4. The financial information given to investors at the time of the investment, to the extent such information was in fact given, was not prepared in accordance with GAAP and would have been different, in some material respects, if they had been prepared in accordance with GAAP.

5. The financial information and other disclosures given to investors, to the extent such disclosures were in fact given, were inadequate as the kinds of disclosures to be made for unaccredited investors purchasing registered securities.

6. The financial information provided to investors by NBS and Koerber either contained untrue statements of material fact or omitted to state a material fact in violation of W.S. §17-4-101(a)(ii).

7. Prior to selling any interests in NBS, the Articles of Organization and Operating Agreement for NBS should have been amended to address the addition of new members and how such interests would be handled.

### Order

Based on the findings of fact and the waiver of rights by NBS and Koerber to a hearing and appeal under the Wyoming Securities Act and Wyoming's Administrative Procedures Act, and upon admission of jurisdiction of the Secretary of State over all matters herein, the Secretary of State finds that NBS and Koerber, individually, have agreed to stipulate to the entry of this Order and further agree to certain undertakings pursuant to this Order.

THEREFORE, it is ordered that:

1. Rick Koerber is ordered to cease and desist from committing any violations of Wyoming's Uniform Securities Act;

2. National Business Solutions, Inc. is ordered to cease and desist from committing violations of Wyoming's Uniform Securities Act;

3. For a period of four years from the entry of this Stipulated Order, Rick Koerber shall not own more than a 10% interest in a corporation, LLC, or other business entity having more than ten owners unless the securities in such business entity are registered under either Wyoming law or Federal law.

4. Other than as provided in this Order, for four years from the date of this Order, Rick Koerber will not be directly involved in the sale of securities, or solicitation of or communication with respective investors in any corporation, LLC or other business entity unless the securities are registered with the Wyoming Secretary of State or Federally. Nothing contained herein shall prevent Rick Koerber from being employed by any corporation, limited liability company or other business entity and offering advice to his employer or the current investors of the company relative to matters concerning the business of the company or the prospects of selling securities in the company. Rather, the prohibitions of this paragraph are limited to Rick Koerber's personal and direct involvement and communication with perspective investors.

5. Notwithstanding the foregoing, Rick Koerber will not be prohibited from being involved in the sale of securities, or solicitation of or communication with respective investors in any corporation, LLC or other business entity that is formed in order to continue the business of

FBI-05-00384
FBI-05-00384

GlobalCentral.com or NBS so long as the securities are registered with the Wyoming Security of State and so long as such solicitation of or communication with respective investors is accompanied by registration.

6. NBS and Rick Koerber, jointly and severally, are ordered to pay the Wyoming Secretary of State's office $2,000.00 in attorneys fees and costs of investigation relative to these proceedings; provided, however, that such assessment shall be suspended and ultimately waived at the end of two years from the date hereof so long as the other provisions and requirements of this Order are met.

7. So long as NBS and Koerber abide by the terms of this Order, neither the Secretary of State nor the Attorney General's office of the State of Wyoming will pursue any further action against Koerber or NBS and will not recommend any further action be taken by any other law or administrative enforcement agency. Neither office, however, is precluded from referral to law enforcement without recommendation.

DATED this 22nd of November, 2000.

Approved as to form and effect:

_____/s/_____
C. Rick Koerber, individually

_____/s/_____
J. Kenneth Barbe, attorney for Koerber and NBS

_____/s/_____
National Business Solutions, LLC
By C. Rick Koerber, managing member

_____/s/_____
James C. Mitchell, Project Administrator,
Wyoming Secretary of State's Office

_____/s/_____
Barbara Boyer, Senior Assistant Attorney General for the State of Wyoming

### Approval of Order by Secretary of State

The Secretary of State of Wyoming hereby approves and incorporates all findings of fact, conclusions of law and order set forth above, and

IT IS FURTHER ORDERED THAT:

This order represents the complete and final resolution, release and discharge with respect to all claims, demands, actions and causes of action by the Secretary of State against National Business Solutions and C. Rick Koerber arising as a result of or in connection with the Petition for Order to Cease Desist and Impose Sanctions for Violation of Wyoming's Uniform Securities Act filed herein and is in lieu of further civil, criminal, or administrative proceedings by the Securities Division of the Office of the Secretary of State or the State Attorney General.

The Division reserves the right to initiate proceedings for failure to comply with the terms of this

FBI-05-00385
FBI-05-00385

order.

The Secretary of State in no fashion waives the right to sovereign immunity of the state of Wyoming by signing this Order.

By order of the Secretary of State of Wyoming

_____/s/_____
Joseph Meyer, Wyoming Secretary of State

Return to Wyoming Securities Enforcement Page

Document URL: http://soswy.state.wy.us/securiti/o00-04a.htm
Last Modified: 1-December-2000
Copyright © State of Wyoming