# **Exhibit 30**

The Order of Court is stated below:
Dated:   February 24, 2015         /s/   SANDRA N. PEULER
             03:12:56 PM                         District Court Judge



NICOLE SALAZAR-HALL (#13349)
**CLYDE SNOW & SESSIONS**
One Utah Center
201 South Main Street, Thirteenth Floor
Salt Lake City, Utah 84111-2216
Telephone (801) 322-2516
Email nsh@clydesnow.com

*Attorneys for Respondent*

# IN THE THIRD JUDICIAL DISTRICT COURT FOR

# SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| JEWEL K. FISH (nka Skousen),<br><br>   Petitioner,<br><br>   v.<br><br>WESLEY A. FISH,<br><br>   Respondent. | **CONTEMPT TRIAL ORDER AND FINDINGS OF FACT & CONCLUSIONS OF LAW**<br><br>Civil No. 034903679<br><br>Judge Kate Toomey<br><br>Commissioner T. Patrick Casey |

On September 22 and 23, 2014, the Motion for Order to Show Cause filed January 13, 2014 by Petitioner Jewel K. Skousen ("Petitioner"), Petitioner's April 28, 2014 Motion for Order to Show Cause, and the Motion for Order to Show Cause of Respondent Wesley A. Fish ("Respondent") came on for Trial before the Honorable Judge Sandra Peuler. Petitioner was present and represented by J. Morgan Philpot. Respondent was present and represented by Nicole Salazar-Hall. The presence of Martin N. Olsen, Guardian ad Litem for the minor child, was excused from the

contempt proceedings.

## RELEVANT PROCEDURAL HISTORY

1. The parties' Decree of Divorce ("the Decree") was entered on May 4, 2006. At the time the Decree was entered the parties had three minor children. The parties currently have only one minor child, JF, born May 1999, currently 15 years old.

2. In May 2009, Petitioner filed a petition to modify the Decree seeking sole physical custody of all three children. Petitioner alleged Respondent refused to provide her with information regarding the children's medical, educational, or other activities of the children.

3. In response, Respondent filed a motion to dismiss Petitioner's modification petition and a cross petition to modify denying Petitioner's allegations and requesting Petitioner be ordered to pay child support and attorney fees. Respondent alleged instances of the parties' difficulties communicating and co-parenting the minor children.

4. The parties litigated the matter for approximately five years resulting in multiple motions and court hearings. During that time, two of the minor children reached adulthood with JF as the only remaining minor child.

5. In addition to the Decree, the Court entered a Memorandum Decision and Order on November 1, 2013, and a Stipulation reached between the parties on March 27, 2014 (hereafter collectively referred to as "the Court's orders" or "orders of the Court").

6. Petitioner filed two Motions for Order to Show Cause against Respondent on or about January 10, 2014 and April 28, 2014. In her two motions Petitioner included over 47 instances of Respondent's alleged violations of the court's various orders. The Court certified the issues for trial including parental alienation, denial of parent-time, property distribution, failure to obtain appropriate mental health care for the child, registering the child for public school without appropriate safeguards in place, and failure to support Petitioner's home school efforts.

7. Respondent filed a Motion for Order to Show Cause against Petitioner on June 24, 2014, alleging Petitioner procured her cousin, who is an attorney, as a juvenile defender for the minor child without consulting Respondent, failed to engage in parent-coaching, withheld parent-time in January 2014, and failed to pay her portion of the child's neuropsychological evaluation fees. The Court certified for trial all but the parent-time withholding and failure to engage in parent-coaching.

8. A trial on the cross motions for contempt was schedule for July 21, and 22, 2014 before the Honorable Judge Kate Toomey.

9. On July 21, 2014, Respondent was unable to appear due to illness. Respondent's counsel indicated Respondent gave counsel permission to proceed in his absence and counsel requested the same. Petitioner objected and the Court declined to proceed without Respondent present.

10. The Court scheduled a trial on the contempt issues and the underlying cross-petitions to modify the divorce decree for September 22, 23, 24, 25, and 26, 2014 with the first two days of trial reserved for the contempt issues and the final three days for the modification petitions. Petitioner requested Respondent subpoena his treating physician to prove Respondent was ill on July 21, 2014, the Court ordered the same.

11. On September 22, 2014 the parties appeared for trial, the Honorable Sandra Peuler presiding. Dr. Chad D. Christensen, Respondent's physician from the West Jordan Clinic, was examined by the Court regarding Respondent's illness on July 21, 2014, and excused Dr. Christensen from further proceedings.

12. Ms. Salazar-Hall invoked Rule 615 of the Utah Rules of Evidence. All non-party witnesses were excluded from the courtroom for the entirety of the proceedings.

13. Mr. Philpot and Ms. Salazar-Hall offered opening arguments to the Court.

14. Mr. Philpot called and examined the following witnesses to testify: Respondent; Claud R. Koerber, Step-Father; and Petitioner. Ms. Salazar-Hall cross-examined all witnesses

presented by Petitioner.

15. Ms. Salazar-Hall called and examined the following witnesses: Respondent; Travis Dunn, Respondent's neighbor; Claudia Anderson, Respondent's neighbor; Dr. Alice Hoesch, School Psychologist of Sunset Ridge Middle School; Marian Knudson, LCSW, Corner Canyon Counseling, former therapist of the parties' minor child JF; and Kirsten Juhlin, Assistant Comptroller of Clyde Snow & Sessions. Mr. Philpot cross-examined all witnesses presented by Respondent.

16. Mr. Philpot and Ms. Salazar-Hall offered closing arguments to the Court. The Court ruled orally from the bench following closing arguments.

## FINDINGS OF FACT

Based on the sworn testimony of the witnesses, the evidence submitted by the parties, oral argument, and representations of counsel, the Court finds as follows:

1. The Court finds Petitioner did not present evidence for all 47 allegations of contempt against Respondent and will enter findings based only on the allegations Petitioner presented evidence.

2. The Court finds, based on the allegations in three Motions for Order to Show Cause, that the parties are completely unable to communicate with each other or work together in any manner.

3. The Court finds both parties presented hearsay testimony of the minor child, that the testimony was brought improperly as the child's attorney was not present, and that the Court has not relied on the hearsay statements of the minor child in making these findings of fact, conclusions of law, or orders.

PHOTOS AND MEMORABILIA

1. Petitioner alleged Respondent willfully failed to return to her photos, keepsakes, and family memorabilia in violation of the Decree.

2. The Court finds, based on the testimony of the parties and the pleadings, that the parties

separated in 2002, the Decree was entered in 2006, the Decree ordered both parties to cooperate in the copying and exchanging of photos and other family memorabilia and that there was no particular burden on either of the parties.

3. The Court finds that Petitioner's allegation is disingenuous in that Petitioner has waited 8 years from the date the Decree was entered and 12 years from the separation to bring the allegation.

4. The Court finds, based on the testimony of the parties, that Respondent is not in contempt for failure to return certain photos, keepsakes, and memorabilia to Petitioner as there was no greater requirement of Respondent than Petitioner to provide Petitioner with the items in question, and that any failure of Respondent to do so was not willful.

RIGHT OF FIRST REFUSAL

1. Petitioner alleged Respondent refused to allow her the right of first refusal in violation of the Decree.

2. The Court finds Petitioner offered no evidence indicating Respondent required surrogate care at any particular time.

3. The Court finds the testimony Petitioner offered in support of her allegation was vague and insufficient[1] to make a finding of contempt.

INTERFERENCE WITH PETITIONER'S PARENT-TIME

Excessive Calling and Texting

1. Petitioner alleged Respondent interfered with Petitioner's parent-time by excessively calling and texting the minor child, JF, in violation of the orders of the Court.

2. The Court finds the testimony of the parties conflicted regarding the excessive calling and texting.

3. The Court finds Respondent's extrinsic evidence, including e-mails, Respondent's phone records, and JF's phone records, was credible and supported Respondent's testimony that the

---

1

child, not Respondent, was responsible for the bulk of the calling and texting.

4. The Court finds, based on Respondent's testimony and extrinsic evidence, that there is no evidence to support an allegation that Respondent violated the Court's orders by excessively calling and texting the minor child.

Encouraging the Minor Child to Runaway from Petitioner's Home

1. Petitioner alleged Respondent interfered with her parent-time by coaching the minor child to run away from Petitioner's home.

2. The Court finds that the child left Petitioner's home or refused to return to Petitioner's home but that the parties' testimony assigning fault to either party is conflicting.

3. The Court finds that the testimony of Travis Dunn, Claudia Anderson, and Marian Knudson, LCSW, supported Respondent's testimony that Respondent did not coach the child to run away from Petitioner's home and that he attempted to convince the child to return to Petitioner's home.

4. The Court finds, based on Respondent's testimony supported by the testimony of Mr. Dunn, Ms. Anderson, and Ms. Knudson, that there is no evidence to support an allegation that Respondent violated the Court's orders by coaching the minor child to run away from Petitioner's home thereby interfering with her parent-time.

Involving the Minor Child in Changes to the Parent-Time Schedule

1. Petitioner alleged Respondent interfered with her parent-time by involving the minor child in modifying the parent-time schedule and parent-time negotiations relative to a wedding reception in April 2014, in violation of the Court's orders.

2. The Court finds the parties' testimony conflicted on this issue and that Petitioner provided no affirmative evidence that Respondent coached the child or instructed the child to call Petitioner to alter the parent-time schedule.

3. The Court finds, based on Respondent's testimony and Petitioner's lack of affirmative evidence, that there is no evidence to support an allegation that Respondent violated the Court's orders by coaching or instructing the minor child to call Petitioner to alter the parent-time schedule.

PUBLIC SCHOOL

Enrolling JF in Public School

1. Petitioner alleged Respondent unilaterally enrolled the minor child in public school, in violation of the Court's orders.

2. The Court finds that the Decree required both parties to share in all major decisions.

3. The Court finds, based on the parties' testimony, that Respondent violated the Court's orders by enrolling the minor child without first consulting Petitioner.

4. The Court finds that Respondent did not willfully violate the Court's orders by enrolling the minor child in public school as he relied in good faith on others who informed him he needed to enroll the child in school, and therefore, Respondent is not in contempt. The Court's findings are based on the following:

    1. Respondent testified he enrolled the minor child in public school based on his understanding from his discussions with the school that the child needed to be enrolled in order to receive services through the school and only after the Guardian *ad Litem* instructed the parties, in a formal letter, to immediately enroll JF in school.

    2. Respondent's exhibit 42, a letter from the Guardian *ad Litem*, dated December 18, 2013, states " [JF] needs to be immediately enrolled in [school]," support Respondent's testimony.

Disregarding JF's Mental Health

1. Petitioner alleged Respondent disregarded the minor child's mental health in enrolling the child in public school in violation of the Court's orders.

2. The Court finds Petitioner presented only her testimony that Respondent disregarded the

child's mental health when Respondent enrolled the child in school.

3. The Court finds Respondent adequately refuted Petitioner's testimony with his testimony and the testimony of Dr. Alice Hoesch. The Court finds Dr. Hoesch testified that a plan was developed to introduce the child to school, that the child was eager to attend school, and that the child was happy when he was at the school.

4. The Court finds, based on the testimony of Respondent and Dr. Hoesch, that there is insufficient evidence to support an allegation that Respondent violated the Court's orders by disregarding the child's mental health in enrolling the minor child in public school.

CHURCH RECORDS

1. Petitioner alleged Respondent changed the location of the child's church records in violation of the Court's orders.

2. The Court finds the Decree required both parties to share in all major decisions.

3. The Court finds, based on the parties' testimony, that Respondent violated the Court's orders when he changed the location of the child's church records.

4. The Court finds, based on Respondent's testimony, that Respondent's explanation for changing the church records was reasonable and therefore did not willfully violate the Court's orders. Accordingly, the Court finds Respondent is not in contempt for changing the child's church records.

HOME SCHOOL

Disparaging Petitioner's Homeschooling

1. Petitioner alleged Respondent obstructed her efforts to homeschool the minor child by disparaging Petitioner's homeschooling.

2. The Court finds the testimony of the parties conflicted regarding this issue.

3. The Court finds Respondent's extrinsic evidence, including e-mails, supported Respondent's testimony that Respondent was supportive of Petitioner's homeschooling efforts.

4. The Court finds, based on Respondent's testimony and extrinsic evidence, that there is no

evidence to support an allegation that Respondent violated the Court's orders by obstructing Petitioner's homeschooling efforts.

<u>Weekly E-mail Updates</u>

1. Petitioner alleged Respondent obstructed her efforts to homeschool the minor child by failing to provide Petitioner with weekly updates in violation of the Court's orders.

2. The Court finds the Court previously and specifically ordered the parties to exchange weekly e-mail updates regarding their time with the minor child.

3. The Court finds that Respondent violated the Court's order when he failed to send weekly updates to Petitioner.

4. The Court finds, based on Respondent's testimony, that Respondent's explanation for not sending the weekly updates was reasonable and therefore did not willfully violate the Court's orders. Accordingly, the Court finds Respondent is not in contempt for failing to send the weekly updates to Petitioner.

<u>JF'S THERAPY</u>

1. Petitioner alleged Respondent failed to keep the minor child in on-going therapy after JF's previous therapist Marian Knudson, LCSW, resigned.

2. The Court finds Respondent's testimony regarding Respondent's numerous efforts, phone calls, and attempts to obtain a new therapist was credible and reasonable.

3. The Court finds, based on Respondent's credible testimony as to his efforts to obtain a new therapist, that Respondent did not violate the Court's orders and therefore is not in contempt.

<u>JF'S JUVENILE DEFENSE ATTORNEY</u>

1. Respondent alleged Petitioner unilaterally retained her cousin to represent the minor child in the Juvenile Court delinquency proceedings.

2. The Court finds the Decree required both parties to share in all major decisions.

3. The Court finds that Petitioner violated the Court's order when she retained counsel for the

minor child in the juvenile delinquency matter without first consulting with Respondent.

4. The Court finds that Petitioner's testimony was credible in her explanation that she believed she had to act quickly in obtaining an attorney for JF because of the juvenile court Judge's requirements.

5. The Court finds, based on Petitioner's credible testimony, as to her belief of what was expected of her, that Petitioner did not willfully violate the Court's orders and therefore is not in contempt.

DR. GOLDSTEIN'S FEES

1. Respondent alleged Petitioner failed to pay her portion of Dr. Goldstein's fees in violation of the Court's orders.

2. The Court finds the parties were specifically ordered to each pay half of Dr. Goldstein's fees for the minor child's neuropsychological evaluation.

3. The Court finds that Petitioner willfully violated the Court's orders by failing to pay to Respondent her portion of Dr. Goldstein's fees and is therefore in contempt of Court for failure to pay $745.00. The Court's finding is based on the following:

    1. Mr. Koerber testified he arranged for payment to be made to Respondent through Mountain America Credit Union.

    2. Petitioner's extrinsic evidence of payment, consisting of screenshots from Mountain America Credit Union, failed to demonstrate payment had been made to Respondent.

    3. Petitioner did not submit a cancelled check and there is no confirmation by Mountain America Credit Union that payment was sent.

    4. The credible testimony of Kirsten Juhlin, the assistant comptroller for Respondent's counsel's firm, undermined Mr. Koerber's testimony that payment had been sent.

    5. The Court finds Mr. Koerber's testimony regarding payment was not credible.

4. The Court finds the appropriate sanction for Petitioner's contempt is a judgment should be

entered against Petitioner in the sum of $745.00 and a portion of attorney fees to be determined at the conclusion of the custody trial. Any assessment of attorney fees shall be included in the custody order.

## CONCLUSIONS OF LAW

Based on the foregoing Findings of Fact, the Court makes the following conclusions:

1. Respondent is not in contempt of court for any violation of a Court order that Petitioner alleged in her January 13, 2014 and April 28, 2014 Motions

2. Petitioner is not in contempt of court for unilaterally retaining an attorney to represent the minor child in the juvenile court delinquency matter.

3. Petitioner is in contempt of court for willfully failing to pay her portion of Dr. Goldstein's fees to Respondent in the amount of $745.00.

## ORDERS

Based on the foregoing Findings of Fact and Conclusions of Law, the Court orders as follows:

1. Petitioner's Motions for Order to Show Cause filed January 13, 2014 and April 28, 2014 are denied.

2. Respondent's Motion for Order to Show Cause is granted. With respect thereto, Petitioner failed to reimburse Respondent in the amount of $745.00 representing Petitioner's unpaid portion of the minor child's neuropsychological evaluation.

3. A judgment shall be entered against Petitioner in the amount of $745.00.

4. Respondent is awarded a portion of attorney fees, the amount of which is reserved until conclusion of the modification trial.

****END OF TRIAL ORDER AND FINDINGS OF FACT AND CONCLUSIONS OF LAW****

In accordance with the Utah State District Courts eFiling Standard No. 4, and URCP Rule 10(e), this Order does not bear the handwritten signature of the Judge, but instead displays an electronic signature at the upper right-hand corner of the first page of this Order along with the court's seal and the date the order was executed by the court

NOTICE PURSUANT TO RULE 7(f)(2) OF THE UTAH RULES OF CIVIL PROCEDURE
TO THE PARTIES AND THEIR COUNSEL

NOTICE IS HEREBY GIVEN that pursuant to Rule 7(f)(2) of the Utah Rules of Civil Procedure, that this Order prepared by the Respondent's counsel shall be the Order of the Court unless you file an objection in writing within seven (7) days from the date of the service of this notice.

APPROVED as to form this \_\_\_\_\_
day of February, 2015.

_____
J. MORGAN PHILPOT
Attorney for Petitioner

### CERTIFICATE OF SERVICE

On this 9th day of February, 2015 I hereby caused the **CONTEMPT TRIAL ORDER AND FINDINGS OF FACT & CONCLUSIONS OF LAW** to be e-mailed to the following:

> J. Morgan Philpot
> Attorney at Law
> 2089 West 400 South
> Lehi, UT 84043
> morgan@jmphilpot.com
> *Attorney for Petitioner*
>
> Martin Olsen
> Olsen & Olsen
> 8142 S. State Street
> 2nd Floor
> Midvale, UT 84047
> molsen@olsenfamilylaw.net
> *Private Guardian ad Litem*
>
> /s/ Jennifer Spencer

The Court notes the recollection of Petitioner's testimony in this regard was "well there were some occasions that he [Respondent] was gone for hours."