# **Exhibit 31**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

No. 3:16-cr-00051-BR

ORDER TO MARCUS R. MUMFORD TO SHOW CAUSE WHY *PRO HAC VICE* ADMISSION SHOULD NOT BE REVOKED

v.

**AMMON BUNDY, et al.,**

    Defendants.

**MOSMAN, J.,**

    TO:   MARCUS R. MUMFORD, ATTORNEY ADMITTED *PRO HAC VICE* FOR AMMON BUNDY

    The Court hereby directs you to show cause in writing no later than **May 4, 2017,** why this Court should not revoke your *pro hac vice* admission for any remaining proceedings in this matter and / or permanently preclude you from such admission for any new matter in the District of Oregon on account of one or more of the following:

    1.    Repeated failures or refusals to observe Court rulings. See, e.g., Ex. 1 at 5-11, 15-16, 20-21; Ex. 3 at 4-6, 10; Ex. 4 at 4-9, 18-22, 28-31; Ex. 5 at 17-23; Ex. 7 at 4-9, 16, 17-21; Ex. 8 at 4-8; Ex. 9 at 8-9, 16, 18-19, 21-25, 29-31; Ex. 10 at 15-16, 31; Ex. 11 at 5-6, 20-21; Ex. 12 at 25-27, 51-52, 65-66; Ex. 13 at 4-5, 17-20, 30-31; Ex. 14 at 8-11; Ex. 15 at 5-7; Ex. 16 at 4-6; Ex. 17 at 5-6; Ex. 19 at 5-7; Ex. 21 at 27-33.

1 –ORDER TO MARCUS R. MUMFORD TO SHOW CAUSE WHY *PRO HAC VICE* ADMISSION
    SHOULD NOT BE REVOKED

2. Repeated instances of improperly arguing with the Court, including at times in the presence of the jury and/or with a raised voice. *See, e.g.*, Ex. 2 at 5-6; Ex. 4 at 32-34; Ex. 6 at 7-12; Ex. 9 at 4-7, 28; Ex. 10 at 23-24, 37; Ex. 12 at 5-6, 12-14, 25-27, 35-40, 46-47, 54-56; Ex. 13 at 4-6, 25-27; Ex. 18 at 5-6; Ex. 19 at 5-7; Ex. 21 at 27-33.

3. Inappropriate commentary on the testimony of a witness in the presence of the jury. *See* Ex. 20 at 14-15.

4. Proffering as substantive evidence the fact-testimony of "Claud R. Koerber" without first disclosing to the Court that you associated the same individual under the name "Rick Koerber" as a paralegal in this case who was present in the courtroom throughout the trial as part of your defense team and notwithstanding the Court's repeated orders that witnesses were excluded from the courtroom (*See, e.g.*, Ex. 24, Ex. 25), and without timely disclosing that the same individual was also a client of yours in an unrelated, ongoing criminal proceeding. *See* Ex. 22 at 3-4, Ex. 23 at 4-5; Motion (#1424) to Reconsider Preliminary Rulings Excluding Witnesses at 17-25.

5. Arguing for Ammon Bundy's release from custody after his acquittal in the District of Oregon without a good-faith basis to believe that the pre-existing custody order from the District of Nevada in *United States v. Ammon E. Bundy*, 2:16-cr-46-GMN-PAL, was not still in effect (See Def.'s Motion (#881) to Consolidate Hearings Regarding Pretrial Release; Order (#903) on Motion for Release from Pretrial Detention); repeatedly refusing to accept the Court's rulings against release; and yelling at the Court in objection to its rulings against release. See Ex. 21 at 27-33.

///

///

///

///

In the event that the Court revokes your admission *pro hac vice* as described herein because you have failed to show cause, you are hereby advised the Court will disclose that sanction to any licensing authority under which you are currently licensed to practice law and you must also disclose such sanction in any future application for admission to practice before any federal court.

DATED this 12 day of April, 2017.

MICHAEL W. MOSMAN
Chief United States District Judge

3 –ORDER TO MARCUS R. MUMFORD TO SHOW CAUSE WHY *PRO HAC VICE* ADMISSION
SHOULD NOT BE REVOKED