JOHN W. HUBER, United States Attorney (#7226)
AARON CLARK, Assistant United States Attorney (#15404)
TYLER MURRAY, Assistant United States Attorney (#10308)
RUTH HACKFORD-PEER, Assistant United States Attorney (#15049)
Attorneys for the United States of America
111 South Main Street, Ste 1800 • Salt Lake City, Utah 84111
Telephone: (801) 524-5682

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:17-CR-00037 |
| Plaintiff, | : | |
| v. | : | UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING |
| CLAUD R. KOERBER aka RICK KOERBER, | : | |
| Defendant. | : | District Judge Frederic Block |

---

Defendant moves the Court to replace his scheduled sentencing hearing for an evidentiary hearing on May 13, 2019. Defendant claims such a hearing is necessary to resolve factual disputes regarding the loss calculation and number of victims. He is in error.

Nearly eight months ago, following a two-week trial, a jury found Defendant guilty of 15 counts of securities fraud, wire fraud, and money laundering. The Court initially set sentencing for January 2019,[1] and then on November 7, 2018, the Court reset the sentencing for March 2019.[2]

---

1 Clerk's Record (CR) 520.
2 CR 542

On February 2, 2019, Defendant filed a motion to continue the sentencing hearing,[3] and the Court ultimately rescheduled to hearing to its current date of May 13, 2019.[4]

At trial, the United States offered expert testimony on investors' total losses in Defendant's Ponzi scheme – roughly $45.2 million. That number has remained largely consistent post-trial, even as the United States has undertaken efforts to more specifically identify the number of victims in this case. Throughout the process, the United States has provided regular updates to US Probation and defense counsel. And, in addition to the conclusions and supporting documentation referenced in the Pre-Sentence Report, the United States has filed a detailed sentencing memorandum, with citations to the record and other documentation supporting its position.[5]

Throughout all this, Defendant has yet to provide the United States (and, apparently, US Probation) with any contrary figures on either the loss amount or number of victims. He has had roughly eight months to do so. Reading between the lines of Defendant's motion, he apparently has yet to compile these figures.

Instead, without offering specifics that might put the Unites States' calculations potentially at issue, he asks for a hearing -- ostensibly simply to challenge the conclusions of the United States and its witnesses. The Court should not indulge this approach.

The United States does not believe an evidentiary hearing is necessary, at least at this stage in the proceedings. If Koerber contests facts in the Pre-Sentence Report and/or the United States' Sentencing Memorandum, he should properly file objections and/or his own sentencing memorandum that, among other things, set forth the information and supporting data that would

---

3 CR 544.
4 CR 552.
5 CR 559.

properly create a factual dispute. If, after he does so, the Court is unable to resolve any material factual disputes, the Court could hold a hearing then to resolve them.

As things stand, the requested hearing (based merely on Koerber's objections and promise of forthcoming, contrary figures) would be both unwieldy and unnecessary. And, in what has been a pattern in Koerber's approach to this case, it promises to further delay Koerber's eventual sentencing for months.

The Court should avoid any further unwarranted delay here and deny Koerber's motion for an unnecessary hearing.

DATED this 29th day of April, 2019.

JOHN W. HUBER
United States Attorney

/s/ Ruth Hackford-Peer
TYLER MURRAY
AARON B. CLARK
RUTH HACKFORD-PEER
Assistant United States Attorneys