Kathryn N. Nester (Utah Bar #13967)
Federal Defenders of San Diego, Inc.
225 Broadway, Ste. 900
San Diego, CA   92101
(619) 234-8467

Robert K. Hunt, Assistant Federal Public Defender (#5722)
Daphne A. Oberg, Assistant Federal Public Defender (#11161)
Jessica Stengel, Assistant Federal Public Defender (#8915)
Office of the Federal Public Defender
District of Utah
46 W. Broadway, Ste. 110
Salt Lake City, UT  84101
(801) 524-4010

Attorneys for Claud R. Koerber

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLAUD R. KOERBER,<br><br>Defendant. | DEFENDANT'S REPLY TO UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF DETENTION ORDER<br><br>2:17-cr-00037-FB-PMW<br><br>District Court Judge Frederic Block<br>Chief Magistrate Judge Paul M. Warner |

Perhaps one of the most difficult issues for a Court to decide is determining the liberty of an individual in any procedural posture before this Court.  Such a decision implicates weighty constitutional questions and involves a careful balancing of the requirements of due process, public safety and general fairness to the parties.  This Court holds broad authority to craft an Order of

Release that carefully considers what is in the best interest of all parties, while still holding a defendant accountable and responsible for complying with Court orders.

Here, Mr. Koerber has proposed five new conditions of release that he respectfully maintains are more than sufficient to assure the safety of the community.[1] In its filing, the government contends that Mr. Koerber's proposed conditions fail to protect the public. However,

---

[1] 1. Mr. Koerber shall not have any management or executive level responsibilities in any business. Within 5 days of being released from custody, Mr. Koerber shall resign all of his managerial and/or executive level positions, including in Corvus Administration and Management, LLC. Mr. Koerber shall present proof of this resignation in compliance with this condition to the U.S. Pretrial Services Office.
2. Mr. Koerber shall not be a signer on any business bank or business credit union account. Within 5 days of being released from custody, Mr. Koerber shall remove his name from any such accounts, and shall present proof of compliance with this condition, to the U.S. Pretrial Services Office.
3. While on release, in financial transactions and in his employment, Mr. Koerber shall use his legal name, Claud R. Koerber, at all times and without exception.
4. While on release, Mr. Koerber shall maintain active employment and keep the U.S. Pretrial Services Office updated as to any changes in his employment. To the extent that Mr. Koerber continues to be employed by attorneys, Mr. Koerber shall not file any documents with any court on the matters for which he is employed, and Mr. Koerber shall not provide verifications of dates, or provide any certifications or authentications of documents that will be filed with any court in any case for which he is employed. If there is a need for an exception to this restriction, Mr. Koerber may request an exception 72 hour in advance, by writing an email to the Pretrial Services Office. The email shall contain a description from his employer justifying the requested exception, and a certification of good faith from his employer that the exception is reasonably required to accomplish a valid legal objective. The U.S. Pretrial Services Office may, but is not required to grant the exception, and any exception shall be in writing. This condition does not affect Mr. Koerber's ability to represent himself in any matter.
5. While on release, Mr. Koerber shall provide a copy of the conditions of his release to any employing attorney, and before commencing any work for any attorney or any law firm, Mr. Koerber shall have the employing attorney sign an acknowledgment that he or she has received and reviewed the conditions of release, and that he or she expressly agrees to cooperate and ensure these conditions are followed. Further, from this point forward while Mr. Koerber is on release, each employing attorney shall also sign an acknowledgment, before Mr. Koerber commences any work for that attorney, that he or she will independently and immediately report and detail to the Pretrial Services Office in writing any claim or complaint made by any person, if and when made, regarding Mr. Koerber's personal conduct.

the government fails to address any of the proposed conditions in detail and fails to explain how they are insufficient. Instead, it outlines a laundry list of additional grievances, the majority of which were never raised—let alone established to any evidentiary standard—before this Court.

For example, the new facts proffered by the government relate to a landlord/tenant dispute, which even if the Court were to accept as true, do not involve any fraud or deception and refer to instances where the proffered facts were not alleged in the related eviction proceedings. Evidence to support these proffers has not been provided and the alleged activities occurred over seven years ago, significantly prior to the government's concession that Mr. Koerber should be released pending sentencing. In order to reassure the Court, Mr. Koerber is attaching as Exhibit 1 to this Reply a declaration from his current landlord, Mr. Runyan, who has dealt with Mr. Koerber for the last 5-plus years and who is completely satisfied that during that period of time Mr. Koerber has acted in good faith and taken good care of the owner's property. Contrary to the narrative advanced by the United States, Mr. Koerber has built relationships and developed a reputation for being a valuable contributor to his community, including with his current landlord, so there is no reasonable risk of danger. The Court can be confident that the proposed conditions of release insure that Mr. Koerber will continue to be a reliable member of his community.

In light of the authority provided by Mr. Koerber, it is clear that release should be denied "only for the strongest of reasons." Sellers v. U.S., 89 S.Ct. 36 (1968) ("The idea that it would be 'dangerous' in general to allow the applicant to be at large must…relate to some kind of danger that so jeopardizes the public that the only way to protect against it would be to keep the applicant in jail.") See also Doc. 612 at p. 39.

The five new conditions proposed by Mr. Koerber address the concerns the Court raised during the revocation hearing. The conditions address any risk Mr. Koerber could possibly pose to the public by eliminating Mr. Koerber being involved in any business transactions as a decision-maker, and eliminating any involvement by Mr. Koerber in business financial transactions. Transparency and accountability will be achieved by taking Mr. Koerber out of any management role of any business, by requiring him to use his legal name in all employment and financial transactions, and by preventing him from making any court filings or certifications. These conditions—coupled with any additional conditions the Court deems necessary—are sufficient to ensure the safety of the community. The government's failure to address these proposed conditions, in light of the required Section 3142(g) factors, gives the Court an adequate basis to impose these conditions and to find that they will reasonably ensure that Mr. Koerber is no danger under either a preponderance of the evidence standard (as explained in U.S. v. Gotti, 794 F.2d 773, 776, 777 (2d Cir. 1986)) or the clear and convincing standard advocated by the government.

The government argues that 18 U.S.C Section 3143 functions as a sort of roaming constant companion to any release decision made after sentencing. But, that is not what the plain language of the statute says, neither is the authority cited by the government taking that position. Mr. Koerber was released under Section 3143 after trial. He was brought before the Court on May 31 for an alleged violation of his release and the Court's consideration of revoking his release under Section 3148. The plain language of this statute requires the Court to examine the facts alleged, after finding a violation by probable cause, by reviewing the Section 3142(g) factors. The government omits this point and the supporting authority. Most significantly, in making this analysis the plain language of the revocation statute – Section 3148 – makes clear that there is no presumption that conditions of

release cannot assure appearance or safety – unless the alleged violation involves a felony. Mr. Koerber's motion outlines this, provides supporting authority (e.g. *U.S. v. Cook*, 880 F.2d 1158, 1160 (10th Cir. 1989); *United States v. Gonzales*, No. CR12-0128JB (D. New Mexico. Jan. 17, 2013) (Unpublished) – and the government omits any direct reference to the argument or authority. The government also ignores the explanation and reasoning in *U.S. v. Gotti*, 794 F.2d 773, 776, 777 (2d Cir. 1986)) which the Tenth Circuit has repeatedly relied upon for similar issues – showing that when revocation is at issue for a purported release violation Section 3148 governs and post-conviction the burden is on the government to prove flight risk or dangerousness by a preponderance of the evidence.

## Conclusion

Mr. Koerber has an urgent need to assist his attorneys in preparation for sentencing and despite the best efforts of Mr. Koerber and his attorneys the accommodations available through the detention facility, and even with the generous and repeated accommodations provided by the Court and the U.S. Marshal's service, it has proven impossible to effectively prepare for Mr. Koerber's sentencing given his unique, extensive role in his defense over the last 10 years, and his present attorney's necessary reliance on his records, his access to records, his familiarity with records and prior work done with these records by his prior attorneys and the defense expert in this case. Mr. Koerber's defense team is unable to access the data and information necessary for its sentencing arguments with Mr. Koerber incarcerated. Mr. Koerber personally vows to comply with both the spirit and the letter of any and all conditions this Court deems necessary. He will gratefully comply. While the United States clearly does not believe Mr. Koerber will prevail on appeal, it is already established that he has a non-frivolous basis for appeal and it is consistent with longstanding

Supreme Court guidance when conditions can reasonably assure a defendant's appearance, and the public's safety, that the Court should "avoid the hazard of unjustifiably imprisoning persons with consequent reproach to our system of justice" should they prevail on appeal. *Williamson v. United States*, 184 F.2d. 280, 284 (2d. Cir. 1950) ("[T]here is a very practical aspect of this application which must not be overlooked or underestimated – that is the disastrous effect on the reputation of American justice if [the court] should now send…men to jail and [a reviewing] Court later decide that their conviction is invalid.")

For all these reasons, Mr. Koerber respectfully asks that the Court release him from custody, if necessary, on additional conditions.

Respectfully submitted this 6th day of August, 2019.

                                                   */s/ Kathryn N. Nester*
                                                  Kathryn N. Nester
                                                  Attorney for Claud R. Koerber