# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> Plaintiff, <br><br> v. <br><br> **CLAUD R. KOERBER,** <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br> **Case No. 2:17-cr-00037-FB-PMW** <br><br> **District Judge Frederic Block** <br><br> **Chief Magistrate Judge Paul M. Warner** |

District Judge Frederic Block referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendant Claud R. Koerber's ("Koerber") motion for reconsideration[2] of this court's May 31, 2019 detention order.[3]

## **BACKGROUND**

Koerber was previously convicted in this case of fifteen counts of wire fraud, money laundering, and securities fraud.[4] After he was convicted, Judge Block allowed Koerber to remain on post-trial release pending his sentencing.[5]

---

[1] *See* docket nos. 39, 362.

[2] *See* docket no. 612.

[3] *See* docket no. 592-93.

[4] *See* docket nos. 520, 530.

[5] *See* docket nos. 520, 533.

On May 22, 2019, the United States Probation Office for the District of Utah ("USPO") filed a petition with this court alleging that Koerber had violated the conditions of his post-trial release.[6]  That petition was subsequently amended on May 29, 2019.[7]  Also on May 29, 2019, the United States of America ("USA") filed a written submission to support the allegations of Koerber's violation of his conditions of release.[8]

On May 31, 2019, this court held a hearing on the allegations of Koerber's violation of his conditions of post-trial release.[9]  Koerber denied the allegations set forth in the petition. After considering the documentary evidence submitted in advance of the hearing, the testimony of several witnesses during the hearing, and the arguments of counsel, the court concluded that there was probable cause to believe that Koerber had violated the conditions of his post-trial release.  *See* 18 U.S.C. § 3148(b)(1)(A).  The court then concluded that Koerber had not met his burden of demonstrating by clear and convincing evidence that he was not a danger to the community.  *See* 18 U.S.C. § 3143(a)(1); Fed. R. Crim. P. 32.1(a)(6), 46(c).  Accordingly, the court ordered that Koerber be detained pending his sentencing.[10]

## ANALYSIS

In the motion before the court, Koerber asks this court to reconsider its May 31, 2019 detention order.  Koerber argues that (1) the court should reconsider its probable cause

---

[6] *See* docket no. 580.

[7] *See* docket no. 583.

[8] *See* docket no. 584.

[9] *See* docket no. 592.

[10] *See* docket nos. 592-93.

determination, (2) the release revocation proceedings were not properly initiated, (3) the court applied incorrect standards in the release revocation proceedings, and (4) there are conditions that can be imposed that will ensure that Koerber is not a danger to the community.  The court will address those arguments in turn.

I.      **Probable Cause Determination**

Koerber argues that the court should reconsider its probable cause determination.  In support of that argument, Koerber proffers approximately eight pages of "facts and evidence that were not reasonably available" at the time of the May 31, 2019 hearing.[11]  Koerber follows that proffer with approximately fourteen pages of argument in which he contends that the evidence does not support findings of probable cause that he committed any of the possible crimes alleged in the USPO petition.  For the following reasons, the court declines to reconsider its probable cause determination.

First, the court sees no reason to revisit its probable cause determination.  As the court indicated during the May 31, 2019 hearing, its probable cause determination was based on the documentary evidence submitted.  Any of the "new" evidence Koerber has submitted in his motion does not alter that determination.  Most significantly, the court is not persuaded by any "new" evidence that is based on the hearing testimony of J. Morgan Philpot, Russell C. Skousen, or John Belcher.  The court concludes that the testimony of those witnesses at the May 31, 2019 hearing was, at best, unpersuasive and, at worst, not worthy of belief.  If anything, those

---

[11] Docket no. 612 at 4.

witnesses' testimony, and any "new" evidence based upon their testimony, actually buttress the court's probable cause determination.

Second, the court will not allow Koerber to now relitigate the issue of probable cause. Koerber had a full and fair opportunity at the May 31, 2019 hearing to present any evidence he wanted the court to consider on the issue of probable cause. While Koerber refers to the evidence in his motion as "new" evidence, it is not clear to the court why this evidence was not available for or could not have been presented at the May 31, 2019 hearing. Furthermore, all of the evidence he submits in his motion is in the form of a proffer and is not subject to cross-examination of witnesses testifying under oath.

Third, Koerber's arguments on the crimes alleged in the USPO petition appear to be directed toward his innocence of each of those crimes. In making such arguments, Koerber misapprehends the standard for probable cause. *See, e.g.*, *Maryland v. Pringle*, 540 U.S. 366, 371 (2003) ("The probable-cause standard is incapable of precise definition or quantification into percentages because it deals with probabilities and depends on the totality of the circumstances. We have stated, however, that [t]he substance of all the definitions of probable cause is a reasonable ground for belief of guilt . . . ." (quotations and citations omitted) (first alteration in original)); *Gomez v. Martin*, 593 F. App'x 756, 758-59 (10th Cir. 2014) ("Probable cause is a 'common-sensical standard' that is 'not reducible to precise definition or quantification.' Nor does it require the suspect's guilt to be more likely true than false." (quoting *Florida v. Harris*, 568 U.S. 237, 243-44 (2013)) (other quotations and citations omitted)).[12]  Koerber's arguments

---

[12] As an aside, the court notes that it gives far more weight to these recent cases than the cases Koerber has cited on probable cause, which date back to the late-1800s.

concerning each alleged crime do nothing to persuade the court to revisit its determination under the standard for probable cause, which is much lower than beyond a reasonable doubt.

Finally, this court notes that in over thirteen years on the bench, this court has made probable cause determinations on hundreds of warrants and other related matters. In an unrelated context, United States Supreme Court Justice Potter Stewart famously opined that he "could never succeed in intelligibly" defining obscene material, but he stated: "I know it when I see it." *Jacobellis v. State of Ohio*, 378 U.S. 184, 197 (1964) (Stewart, J., concurring). By way of analogy, this court may not be able to precisely define probable cause, but this court knows it when it sees it, and this court determined that it existed with respect to the allegations in the USPO petition.

## II.     Initiation of Release Revocation Proceedings

Koerber argues that under 18 U.S.C. § 3148(b), the USA must initiate release revocation proceedings. Koerber further argues that because the USPO filed the petition initiating release revocation proceedings, the May 31, 2019 hearing was an unauthorized act. That argument fails.

Contrary to Koerber's argument, section 3148(b) provides two different ways in which a violation can make its way to the district court. "The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court." 18 U.S.C. § 3148(b). Additionally, "[a] judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release." *Id*. There is nothing unauthorized about the USPO bringing violations to the judicial officer to issue a warrant, as was done in this case. *See, e.g.*, *United States v. Roland*, No. 1:05MJ111, 2005 WL 2318866, at *6 (E.D. Va. Aug. 31, 2005) ("This Court, however, does not read Section 3148(b) restrictively and maintains that the

plain language of Section 3148 authorizes the Court, *sua sponte*, to initiate a proceeding for the sanctions of revocation of release and an order of detention under Section 3148(b).").

### III.     Standards for Release Revocation Proceedings

Koerber argues that the court applied incorrect standards during the release revocation proceedings. More specifically, Koerber argues that the standard of clear and convincing evidence found in 18 U.S.C. § 3143(a)(1) and Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure applies only at the initial determination of whether a defendant rebuts the presumption of detention pending sentencing. In essence, Koerber argues that once Judge Block released Koerber pending sentencing, the court may not revisit section 3143(a)(1).

The court disagrees and concludes that Koerber's interpretation of the relevant rules and statutes is entirely without merit. Koerber's argument is contrary to the express terms and titles of the relevant rules and statutes. Additionally, Koerber has failed to persuade the court that it cannot revisit the section 3143(a)(1) determination.

By its own terms and title, section 3143(a)(1) governs release or detention of a defendant pending sentencing or appeal. *See* 18 U.S.C. § 3143(a)(1). That principle is reinforced by the language of Rule 46(c) of the Federal Rules of Criminal Procedure, which provides that "[t]he provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." Fed. R. Crim. P. 46(c). Thus, section 3143(a)(1) and Rule 46(c) govern the precise situation that was presented to the court during the May 31, 2019 hearing: Koerber's release or detention pending sentencing.

It is true that Judge Block initially determined that Koerber could be released pending sentencing under section 3143(a)(1). However, Koerber has failed to persuade the court that a section 3143(a)(1) determination cannot be revisited, particularly when, as in this case, there are

new facts that bear upon that determination, to include a probable cause determination that there was a new violation of a condition of post-trial release.

As previously noted, the court concluded at the May 31, 2019 hearing that there was probable cause to believe that Koerber had violated the conditions of his release. *See* 18 U.S.C. § 3148(b)(1)(A). The court then concluded that Koerber had not met his burden of demonstrating by clear and convincing evidence that he was not a danger to the community. *See* 18 U.S.C. § 3143(a)(1); Fed. R. Crim. P. 32.1(a)(6), 46(c). Accordingly, the court ordered that Koerber be detained pending his sentencing. Contrary to Koerber's argument, those were the correct standards to be applied.

### IV.   Proposed Conditions

Koerber proposes five new conditions of release, which he asserts will ensure that he is not a danger to the community and will not commit any further release violations. The court disagrees.

As discussed in the USA's opposition to Koerber's motion, Koerber has a long history of deceptive and dishonest conduct. When that is combined with Koerber's actions underlying his conviction in this case and his violation of his release condition pending sentencing, the court must conclude that there is not any combination of release conditions that would ensure that Koerber is not a danger to the community. Indeed, Koerber had to have known after his conviction in this case that he would be subject to close scrutiny while on release pending sentencing. The fact that he nonetheless engaged in behavior as alleged in the USPO petition amply demonstrates to this court that Koerber is a danger to the community and therefore should be, and is, detained pending sentencing.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Koerber's motion for reconsideration of this court's May 31, 2019 detention order[13] is DENIED.

IT IS SO ORDERED.

DATED this 20th day of August, 2019.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[13] *See* docket no. 612.