KATHRYN N. NESTER, Federal Public Defender (#13967-UT)
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Ste. 900
San Diego, CA  92101-5030
Telephone: (619) 234-8467
Fax: (619) 687-2666

DAPHNE A. OBERG, Assistant Federal Defender (#11161)
ROBERT K. HUNT, Assistant Federal Defender (#5722)
JESSICA STENGEL (#8915)
OFFICE OF THE FEDERAL PUBLIC DEFENDER
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
Fax: (801) 524-4060

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLAUD R. KOERBER,<br><br>Defendant. | **POSITION OF DEFENDANT WITH RESPECT TO SENTENCING FACTORS**<br><br>Case No. 2:17-cr-00037<br><br>District Judge Frederic Block<br><br>Magistrate Judge Paul M. Warner |

Claud R. Koerber, through counsel, submits this position statement in accordance with DUCrimR 32-1.  Counsel has conferred with government counsel and the United States Probation Office in good faith about his objections to the Presentence Investigation Report (PSR).  The PSR (Doc. 556), the First Amended PSR (Doc. 562) and the Second Amended PSR (Doc. 619), as well as the First Addendum (Doc. 556-1) and Third

Addendum (Doc. 619-1) to the PSR, reflect these efforts.  As recently as last week, the parties agreed that the four-level adjustment in paragraph 52 of the PSR for role in the offense is NOT applicable in this case and should be removed.  Following that recent change, the guideline calculation submitted by the Government (Doc. 631) reflects a current Total Offense Level of 34 and a Criminal History Category of I – resulting in a guideline range of 151-188 months.  Mr. Koerber continues to object to the most current guideline range recommended by the government and Probation.

Mr. Koerber has filed two sets of objections to the PSR in this case.  Mr. Koerber's first ten objections were encapsulated in the First Addendum to the PSR (Doc. 556-1).   Out of this first set of objections, objections numbered 1,2,3,4,7,9 and 10 remain unresolved.  In support of his objections numbered 2-4, Mr. Koerber filed his "Reply to Response to Government's Evidentiary Submission Regarding Loss Amount for Sentencing."  (Doc. 622) and that pleading remains under consideration by the Court at this time.   Objection 5 has been resolved via a stipulation of the parties that there are more than ten and less than 50 victims for purposes of the guideline calculations.  Objection 6 was resolved due to US Probation's agreement to utilize the 2007 Guidelines Maunal.  Objection 8 was conceded by the government this past week and Probation has agreed to remove the 4-level adjustment for Role in the Offense.

Mr. Koerber's second set of supplemental objections (Doc. 566) incorporated his prior objections numbered 1-10 and added objections numbered 11, 12 and 13.  Objection number 11 contained arguments why the government's calculation of the number of victims was in error.  Although the parties have now agreed that the number of victims

for purposes of guideline calculations is between 10 and 50, the arguments contained in Objection number 11 are still relevant to the Court as the Court considers whether to apply a downward variance to the sentencing guideline range due to overrepresentation of loss contained in the loss amount.  Objection number 12 simply expands on the prior objections relating to loss amount and this issue of loss amount remains unresolved at this time.  Objection number 13 objects to Probation's sentencing recommendations submitted to the Court as failing to consider any factors which might justify a downward departure or variance.  This issue remains unresolved.

Mr. Koerber is filing a Sentencing Memorandum under seal on this day, which is seeking both downward departures as authorized by Section 5K of the United States Sentencing Guidelines and a downward variance from the sentencing guideline range for all the reasons contained in his sentencing memo.

Because the issue of restitution will depend largely on the Court's rulings relating to loss amount, Mr. Koerber will seek to bifurcate any restitution hearing and to consider any and all claims for restitution at a later date pursuant to 18 USC §3663A.

Respectfully submitted this 8th day of October, 2019.


*/s/ Kathryn N. Nester*
Attorney for Claud R. Koerber