JOHN W. HUBER, United States Attorney (#7226)
AARON B. CLARK, Assistant United States Attorney (#15404)
RUTH J. HACKFORD-PEER, Assistant United States Attorney (#15049)
TYLER MURRAY, Assistant United States Attorney (#10308)
Attorneys for the United States of America
111 South Main, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, :     Plaintiff, : v. : CLAUD R. KOERBER, :     Defendant. : | Case No. 2:17-CR-00037 **UNITED STATES' RESPONSE TO OBJECTION REGARDING ALLEGED ANTI-RELIGIOUS BIAS** Judge Frederic Block Magistrate Judge Paul M. Warner |

The United States respectfully responds to Mr. Koerber's assertion that the United States has exhibited bias against him because of his religion. ECF No. 634.

Mr. Koerber's assertion is based on the fact that in its sentencing memo, the United States described how Koerber used ideas and language familiar to members of The Church of Jesus Christ of Latter-day Saints (commonly called "Mormons") to gain the trust of his investors, many of whom were members of this faith and who got to know Koerber as a result of their association in this faith. (ECF. No. 559).

This is not evidence of religious bias. Instead, as the United States' sentencing memo makes clear, it shows Koerber engaged in affinity fraud—a type of fraud in which "targets members of a particular group and is perpetrated by members of that group or by those claiming

to advance its interests."[1] Those who perpetrate affinity fraud are successful because they talk and act like members of the group, thereby engendering trust. The idea is that "[y]ou can trust me because I'm like you."[2] Affinity fraudsters often enlist respected community or religious leaders from within the group to promote the scheme. The trust they engender from their affiliation with the group makes investor-victims comfortable with giving the fraudsters their money. Such frauds have targeted many groups in recent years, including a gay community in Florida, a Persian-Jewish community in Los Angeles, Evangelical Christians in Dallas, and veteran and military groups in Chicago.[3]

As detailed in the United States' sentencing memo, Koerber was able to engender the trust of his investor-victims by using concepts and language familiar to Mormons. He also used respected members of the Mormon community—like former Mormon leader Harman Rector, Jr.—to establish why people should trust him with their money.

For sentencing, this is relevant to show the nature and circumstances of Koerber's offenses, and why his crimes were particularly egregious. He knew just what to say to a Mormon audience to get them to trust him and part with their money. Moreover, it is relevant for deterrence. Koerber's crimes are emblematic of Utah's particular problem with affinity fraud within the Mormon community here. The Court should take these facts into account when sentencing Mr. Koerber.

---

[1] Lisa M. Fairfax, "*With Friends Like These*" . . .: *Toward a More Efficacious Response to Affinity-Based Securities and Investment Fraud*" 36 Ga. L. Rev. 63, 64-65 (2001).
[2] *Id.* at 64 (citing Mark J. Griffin, Remarks at the Columbus Club, Union Station Press Conference, at http://www.nasaa.org/nasaa/scripts/fu_window_display.asp? usid=0&ref =118 (Nov. 12, 1997).
[3] https://www.sec.gov/investor/pubs/affinity.htm

For these reasons, Mr. Koerber's allegations of anti-religious bias are meritless.

Dated this 10th of October, 2019

                                        JOHN W. HUBER

                                        */s/ Tyler L. Murray*_____
                                        Aaron B. Clark
                                        Tyler L. Murray
                                        Ruth Hackford-Peer
                                        Assistant United States Attorneys