FILED
United States Court of Appeals
Tenth Circuit

February 4, 2020

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CLAUD R. KOERBER,

    Defendant - Appellant.

No. 19-4147

_____

**ORDER**
_____

    This matter is before the court on the Federal Public Defender for the District of Utah's (the "Utah FPD") Motion to Withdraw as Counsel for Appellant (the "Motion"). Appellant Claud R. Koerber has, until now, been represented in this appeal by counsel appointed under the Criminal Justice Act, 18 U.S.C. § 3006A. The Utah FPD represented Mr. Koerber through the later stages of the district court proceedings, filed the notice of appeal, and has been appointed to represent Mr. Koerber for this appeal. On January 30, 2020, attorneys Dick Baldwin, Troy L. Booher, and Michael David Zimmerman filed an entry of appearance as retained counsel for the appellant. The Utah FPD has now filed the Motion, noting the change in representation and seeking leave to withdraw as a counsel of record in this appeal.

Upon consideration, the Motion is granted. The clerk's office shall remove the Utah FPD as appointed counsel of record in this appeal, and that office is relieved of any further representation of the appellant in this court. Messrs. Baldwin, Booher, and Zimmerman shall be shown as the only counsel representing the appellant at this time.

As a result of this change in counsel, the status of the appeal has changed as well. Accordingly, we direct as follows:

1. The clerk shall change all appropriate docketing statuses to show that the appellant now proceeds with retained counsel.

2. The appellant's newly retained counsel should note that this appeal will proceed under Federal Rule of Appellate Procedure 30 and Tenth Circuit Rule 30.1. Therefore, the appellant is required to file an appendix with the opening brief.

3. No deadline has been set at this time to file an opening brief (and now an appendix). When the district court transmits its notice that the record is complete for this appeal, the court will notify the parties by minute order of the opening brief and appendix deadline. For planning purposes, the briefing schedule for this appeal will follow Federal Rule of Appellate Procedure 31 and Tenth Circuit Rule 31.

4. To the extent any issues remain outstanding before the district court can transmit its notice that the record is complete, the appellant's retained counsel must take prompt action to review what has been filed at this time and resolve any omissions or incomplete items. For example, if any necessary transcripts have not been filed (or are not in the process of completion), retained counsel must file their final transcript order forms in the district court (or any other necessary documents) on or before February 21,

2020. To avoid preventable delays in briefing on the merits of this appeal, the district court should wait until at least February 24, 2020, before transmitting its notice that the record is complete.

    5. Finally, because the appellant was previously represented by the FPD, the appellant shall show cause to this court in writing why he should not be ordered to reimburse the government for expenses paid on his behalf under the Criminal Justice Act. *See* 18 U.S.C. § 3006A(f); 10th Cir. R. Addendum I, Criminal Justice Act Plan, § V. The appellant's current financial status and continued eligibility to proceed *in forma pauperis*, as well as the source of payment of retained counsel's legal expenses, are relevant to the response. The appellant's response to this order must be filed and served on or before February 18, 2020.

                              Entered for the Court
                              CHRISTOPHER M. WOLPERT, Clerk

                              *Lara Smith*

                              by: Lara Smith
                                  Counsel to the Clerk