Michael D. Zimmerman (3604)
Troy L. Booher (9419)
Dick J. Baldwin (14587)
ZIMMERMAN BOOHER
341 South Main Street, Fourth Floor
Salt Lake City, Utah 84101
mzimmerman@zbappeals.com
tbooher@zbappeals.com
dbaldwin@zbappeals.com
(801) 924-0200

*Attorneys for Claud R. Koerber*

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CLAUD R. KOERBER,<br><br>    Defendant. | **RENEWED EMERGENCY MOTION FOR COMPASSIONATE RELEASE AND REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)(i) (INDICATIVE RULING UNDER F.R.Crim.P. 37)**<br><br>Case No. 2:17-cr-00037-FB-1<br>District Judge Frederic Block |

Claud "Rick" Koerber, an inmate currently housed at Terminal Island, previously moved this court for an indicative ruling that it would order his immediate home confinement due to his high risk of severe illness or death from COVID-19. The court denied the motion without prejudice, concluding that Rick had not shown extraordinary and compelling reasons for home confinement, and invited a renewed motion should circumstances change. Circumstances have changed. The BOP has lost control of the disease at Terminal Island where 54% of the inmates have tested positive for COVID-19. Rick hereby renews his motion and incorporates the arguments from his initial motion.

To be clear, Rick does not seek a windfall in the form of home confinement for the duration of his sentence. He seeks protection from the risk that his sentence could become a death sentence. Consequently, in addition to seeking an order releasing him for home confinement, he alternatively requests the court order his home confinement under conditions that would allow the court, at some future date, to re-evaluate Rick's risk to the disease and order his return to Terminal Island once this court is assured he can be safely incarcerated there.

### Background

At the time of this writing, the BOP reports that 570 inmates out of the 1,055 housed at Terminal Island (and 10 staff members) have tested positive for COVID-19. *See* COVID-19 Coronavirus, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Apr. 29, 2020). That means 54% of inmates held at Terminal Island currently have the virus.

On April 2nd, the Attorney General issued a memorandum reiterating his prior guidance for BOP to expand the use of home confinement. He determined that certain facilities had been materially affected by the outbreak, including but not limited to, FCI Oakdale, FCI Danbury, and FCI Elkton. At that point in time, FCI Oakdale had reported 11 inmates testing positive, FCI Danbury had reported 9 inmates testing positive, and FCI Elkton had reported 2 inmates testing positive. Nearly one month later, FCI Oakdale still only reports 11 inmates testing positive; FCI Danbury now reports 18 inmates testing positive, and FCI Elkton reports 49 inmates testing positive. *Id.* Combined, the three facilities that the Attorney General identified as requiring dramatic action have a total of 78 cases. Terminal Island currently has more than 7 times that amount.

Less than three weeks ago (April 10th), when Rick initially filed his motion, the prison had not yet reported a single infection. By the time the prior motion was fully briefed—5 days later (April 15th)—BOP reported that 9 inmates at Terminal Island had tested positive, and one inmate had died. And when the court denied the motion—just 5 more days later (April 20th)—BOP reported that 33 inmates at Terminal Island had tested positive, and two inmates had died.

As if on cue, the rate of infection at Terminal Island has exploded in the days since the court's order, increasing more than 1,600% in just over a week. BOP is currently reporting that 570 inmates at Terminal Island have tested positive. BOP also reports that only 1,534 inmates have tested positive system-wide, in 45 BOP facilities and 18 residential reentry centers. In other words, Terminal Island is just one of 63 affected locations but it accounts for more than one-third of the inmate infections in the entire federal prison system.

Additionally, the Warden at Terminal Island still has not responded to Rick's initial request for release on home confinement, submitted via counsel by email on March 27, 2020. That was 32 days ago.

## Argument

This court should grant Rick's motion, ordering his immediate home confinement under 18 U.S.C. § 3582(c)(1)(A)(i).[1]

The court denied Rick's prior motion without prejudice, explaining that Rick had not presented extraordinary and compelling reasons for release on home confinement, but invited a renewed motion if circumstances changed. That had been the government's position as well—it

---

[1] The exhaustion requirement has now been satisfied. As explained in greater detail in the reply memorandum supporting Rick's prior motion, his counsel submitted the initial request for release on home confinement on March 27, 2020. More than 30 days have now lapsed, which satisfies the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A).

argued that Rick had not shown extraordinary and compelling reasons for his release because BOP was undertaking extraordinary efforts to control the situation and because Rick's claims about the conditions at Terminal Island and about his own health were not credible. The government's callous position has aged poorly. And this court should not double down on the government's mistaken predictions about how the BOP would control the disease.

The government urged this court to decline to grant Rick's motion because the BOP had implemented an action plan, has dealt with disease outbreaks in the past, and is in the best position to deal with the crisis. (ECF 690 at 2, 14-15.) In the space of two short weeks, those assertions have proven hollow. At the time of writing, Terminal Island has the greatest number of inmates testing positive in the entire federal system, by nearly 300. The second most infected facility, Fort Worth FMC, reports just 298 inmates testing positive. And Fort Worth FMC houses 500 more inmates than Terminal Island. BOP has lost control of the disease at Terminal Island, where more than half of the inmates are now infected.

The government also urged this court to deny Rick's motion because "[t]he prison yard rumors Koerber repeats in his brief are myths, and the BOP is working to address this misreporting and misinformation." (ECF 690 at 14.) They were not myths, and the government's dismissiveness should give this court pause. As now confirmed by the BOP's reports, Rick's assertions were credible and prescient. The court should not ignore the growing catastrophe at Terminal Island.

Finally, although this point was argued in the reply memorandum supporting Rick's initial motion, it bears repeating: Rick has presented evidence of his current medical risks. He presented the court with a letter from a doctor at the clinic where he was a patient, which

confirms he is at risk based on his medical history. That letter was written this month. And he presented medical records to support the doctor's assertions in that letter. Moreover, BOP designated him for confinement at a level 3 care facility, further confirming that he has health risks.

Rick's risk of severe illness or death from COVID-19 is an extraordinary and compelling reason to order his home confinement in light of BOP's complete failure to contain the outbreak at Terminal Island. For those reasons—and those stated in his prior motion seeking release on home confinement—this court should issue an indicative ruling in Rick's favor.

## Conclusion

This court should enter an indicative ruling explaining that it would order Rick's immediate home confinement if the court of appeals remands for that purpose. Alternatively, it should issue such an order subject to conditions that would allow this court, at some future date, to re-assess the situation and order Rick's return to Terminal Island once the court is assured that Rick can be incarcerated there safely.

DATED this 29th day of April, 2020.

ZIMMERMAN BOOHER

s/ Dick J. Baldwin
Michael D. Zimmerman
Troy L. Booher
Dick J. Baldwin
*Attorneys for Defendant Claud R. Koerber*

**Certificate of Service**

This is to certify that on the 29th day of April, 2020, I caused the foregoing to be served

on the following via CM/ECF:

Aaron B. Clark (aaron.clark@usdoj.gov)
Ruth J. Hackford-Peer (ruth.hackford-peer@usdoj.gov)
Ryan D. Tenney (ryan.tenney@usdoj.gov)
Tyler L. Murray (tyler.murray2@usdoj.gov)
U.S. ATTORNEY'S OFFICE
*Attorneys for Plaintiff United States of America*

Robert K. Hunt (robert_hunt@fd.org)
Scott K. Wilson (scott_wilson@fd.org)
Daphne A. Oberg (daphne_oberg@fd.org)
Bretta Pirie (bretta_pirie@fd.org)
Jessica Stengel (jessica_stengel@fd.org)
Kathryn Neal Nester (kathy_nester@fd.org)
UTAH FEDERAL DEFENDER OFFICE
*Attorneys for Claud R. Koerber*

Mary Schuman (mary_schuman@utp.uscourts.gov)
U.S. PROBATION/PRETRIAL

Victim Witness Coordinator (candelaria.bennett@usdoj.gov)
US Attorney's Office

s/ Dick J. Baldwin