Michael D. Zimmerman (3604)
Troy L. Booher (9419)
Dick J. Baldwin (14587)
ZIMMERMAN BOOHER
341 South Main Street, Fourth Floor
Salt Lake City, Utah 84101
mzimmerman@zbappeals.com
tbooher@zbappeals.com
dbaldwin@zbappeals.com
(801) 924-0200

*Attorneys for Claud R. Koerber*

Public

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLAUD R. KOERBER,<br><br>Defendant. | **REPLY SUPPORTING RENEWED EMERGENCY MOTION FOR COMPASSIONATE RELEASE AND REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)(i) (INDICATIVE RULING UNDER F.R.Crim.P. 37)**<br><br>Case No. 2:17-cr-00037-FB-1<br>District Judge Frederic Block |

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████

████████████████████████████████████ It is time to be proactive, not simply reactive. ████████████████████

██████████████████████████████████████

████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████ This court should be troubled by the government's cynical reversal. It should also be troubled by the government's demonstrated inability to implement the medical protocols necessary to combat this disease. Terminal Island is now overrun, and it strains credulity to believe that it has the capacity to deal with the onslaught of symptomatic inmates that could soon overwhelm the facility's medical resources. ████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████

## Background

The government again does not acknowledge or address the letter, attached hereto as Exhibit 1, written last month by Dr. Carroll, a doctor who has personally examined and treated Rick. Dr. Carroll explained that Rick is at high risk of severe illness or death from the virus. The court should not similarly ignore the letter. Instead, the government relies on BOP's incomplete records. Rick has only been in BOP's custody for eleven weeks, during which time BOP could not have had adequate time to perform a full medical evaluation in light of the current crisis. Further, BOP's failure to obtain Rick's prior medical records and incorporate them into the BOP's files on him does not negate their relevance to this court. ████████████████



The outbreak at Terminal Island is a stark illustration of how the executive branch fumbled its response to COVID-19. The government previously assured this court that the BOP had the situation under control, and that Rick's warnings and descriptions of conditions inside

the prison were myths. Reality has quickly proven the government's statements to this court were wrong. BOP has utterly failed to protect against an outbreak of COVID-19 at Terminal Island, where the virus has infected nearly 60% of the inmates. It is now one of 72 federal prison facilities affected by the virus, but it still accounts for nearly one-third of the inmates who have tested positive—it currently reports 620 inmates (out of 1,051) have the virus.

The judiciary is beginning to recognize the scope of the BOP's failures. One federal court has granted an injunction requiring the BOP to release hundreds of inmates at FCI Elkton (a facility with a much smaller outbreak than Terminal Island is experiencing), based on that court's conclusion that there was a substantial likelihood of success on petitioner's claims that the BOP's failures amounted to cruel and unusual punishment, in violation of the Eighth Amendment. *Wilson v. Williams*, No. 4:20-CV-00794 (N.D. Ohio Apr. 22, 2020), ECF 22. And the Sixth Circuit has refused to stay the injunction pending the government's appeal. *Wilson v. Williams*, No. 20-3447 (6th Cir. May 4, 2020), ECF 23-2.

The situation at Terminal Island has also gotten the attention of the legislative branch. Senator Diane Feinstein and Senator Kamala Harris recently expressed concerns about the outbreak and requested information from the Bureau of Prisons about how it would contain the disease at Terminal Island. Letter from Diane Feinstein, Senator, U.S. Senate, and Kamala Harris, Senator, U.S. Senate, to Michael Carvajal, Director, Bureau of Federal Prisons (Apr. 30, 2020), *available at* https://www.feinstein.senate.gov/public/index.cfm?a=files.serve&File_id=E7AEB024-2AAA-4FB0-9D5F-FB7A5BAB5C27. The Congresswoman who represents the district in which Terminal Island is located has spoken out repeatedly about the BOP's failures at Terminal Island. Just as Mr. Koerber warned this court weeks ago, she explained, "It is clear they

are not making sure these inmates are protected. . . . Being incarcerated at Terminal Island should not be a death sentence." Nanette D. Barragán (@RepBarragan), Twitter (Apr. 28, 2020, 8:39 PM), https://twitter.com/RepBarragan/status/1255325882341888001.

The government's ineptitude and blithe response appears likely to cost lives at Terminal Island. The global experience with this virus teaches that death rates skyrocket among those infected who are at high risk, and also when infection rates overwhelm health systems. Terminal Island appears to involve both. First, the prison is a care level 3 facility, which means it houses fragile inmates with medical or mental health issues that may require some assistance with daily living, but do not require daily nursing supervision. Second, where the rate of infection is so great that resources for life-sustaining therapies are limited, deaths increase. Jean-Louis Vincent & Fabio S. Taccone, *Understanding Pathways to Death in Patients with COVID-19*, The Lancet, https://www.thelancet.com/journals/lanres/article/PIIS2213-2600(20)30165-X/fulltext (last visited May 4, 2020). Terminal Island's level of infection poses a real risk of overwhelming the prison's medical resources. And the BOP's performance thus far does not indicate they are prepared to care for the infected inmates. Additionally, the sheer volume of infected inmates at Terminal Island may deepen the severity of cases there. That is because early studies suggest that viral load may correlate with the severity of symptoms. Yang Liu et al., *Viral Dynamics in Mild and Severe Cases of COVID-19*, The Lancet, https://www.thelancet.com/journals/laninf/article/PIIS1473-3099(20)30232-2/fulltext (last visited May 4, 2020).

In an attempt to provide "context" for the explosion of inmates who are currently infected with COVID-19 at Terminal Island, the government makes the stunning assertion that the "large number of positive results at Terminal Island is a function of . . . the facility's diligent efforts to

5

protect its population from the disease." (ECF 699 at 2.) That is nonsense. The large number of positive results is biological proof that the BOP has failed to prevent the disease from spreading, despite the government's assurances that BOP was doing exactly that. For the 620 inmates at Terminal Island who have tested positive, the test will not protect them from the disease. Now, their immune systems and the prison's medical resources are all that can protect them.

**Argument**

This court should issue a ruling under Federal Rule of Criminal Procedure 37 indicating that, upon remand from the Tenth Circuit under Federal Rule of Appellate Procedure 12.1, it would order Rick's immediate home confinement under 18 U.S.C. § 3582(c)(1)(A)(i). ▮

▮

▮

▮

**1.    This Court Has Authority to Order Rick's Home Confinement**

The government argues this court lacks statutory authority to grant Rick's motion, even though courts around the country are currently invoking § 3582 to grant the relief Rick has requested. (ECF 699 at 4-6.) The government's argument is a distraction, and it is wrong. As one court explained, "The circumstances faced by our prison system during this highly contagious, potentially fatal global pandemic are unprecedented. It is no stretch to call this environment 'extraordinary and compelling' . . . ." *United States v. Foster*, No. 1:14-CR-00324-JEJ, at *10 (M.D. Pa. Apr. 3, 2020), ECF 191.

Rick moved, under 18 U.S.C. § 3582, for compassionate release and reduction of sentence. Specifically, Rick seeks an order reducing his sentence to home confinement or temporarily ordering his home confinement subject to a condition that he be returned once this court has assured itself that Rick can be safely incarcerated at Terminal Island.

First, 18 U.S.C. § 3582 has been used repeatedly during the COVID-19 crisis to convert the remainder of a term of imprisonment to home confinement. *E.g.*, *United States v. Etzel*, No. 6:17-CR-00001-AA, 2020 WL 2096423, at *5 (D. Or. May 1, 2020) (granting motion pursuant to 18 U.S.C. § 3582, and "impos[ing] home confinement equal to the remaining time on his in-custody sentence"); *United States v. Saad*, No. 16-20197, 2020 WL 2065476, at *7 (E.D. Mich. Apr. 29, 2020) (granting motion pursuant to 18 U.S.C. § 3582, and ordering "the remaining term of Defendant's 72-month sentence shall be served under home confinement"); *accord, e.g.*, *United States v. Ben-Yhwh*, No. 15-00830 LEK, 2020 WL 1874125 (D. Haw. Apr. 13, 2020); *United States v. Burrill*, No. 17-CR-00491-RS-1, 2020 WL 1846788 (N.D. Cal. Apr. 10, 2020); *Foster*, No. 1:14-CR-00324-JEJ (M.D. Pa. Apr. 3, 2020); *United States v. Mace*, No. 4:17-CR-00618 (S.D. Tex. Apr. 1, 2020), ECF 56; *United States v. Gonzalez*, No. 2:18-CR-0232-TOR-15, 2020 WL 1536155 (E.D. Wash. Mar. 31, 2020); *United States v. Campagna*, 2020 WL 1489829, No. 16-Cr-00078 (S.D.N.Y. Mar. 27, 2020).

Second, 18 U.S.C. § 3583(d) authorizes the court to order "any other condition it considers to be appropriate," subject to inapplicable limitations. As such, pursuant to §§ 3582 and 3583(d), this court has ample authority to grant Rick's release by reducing his sentence to time served in conjunction with imposing a term of supervised release subject to conditions designed to ensure his return to prison when this court deems it appropriate. For example, this

court has the authority to impose conditions that he be confined at home and that his supervised release will be revoked and he will be returned to Terminal Island for the remainder of his sentence once the court is assured that he can be safely incarcerated there. As argued in the renewed motion, Rick does not seek a windfall; he seeks protection and adequate medical care.

2. **Rick Exhausted His Remedies**

As demonstrated in his prior motion, Rick's initial request to the warden was submitted via email on March 27, 2020. (ECF 692 at Ex. 1.) More than 30 days have passed since that request. Consequently, Rick has exhausted his administrative remedies.

The government argues the court should not consider that request because it was submitted by Rick's counsel, rather than Rick directly. But the federal prison had implemented restrictions that prevented Rick from obtaining information about the virus, guidance from the Department of Justice, or documents to support his request.

The government instead argues the 30-day clock began when a physical request was provided to the warden on April 3rd. Even that date is adequate. Under that timeline, more than 30 days have passed since that request. And assuming this court issues an order indicating it would grant Rick's motion, it would not be attempting to invoke its jurisdiction to enter that order until far more than 30 days will have passed.

3. **Home Confinement Is Consistent with the Policy Statement**

Rick has underlying medical conditions that place him at high risk of severe illness or death from COVID-19. The government continues to argue that an inmate's risk of severe illness or death from COVID-19 based on underlying health risks does not satisfy the language of the

8

Policy Statement, without citing any judicial decisions supporting that position. Indeed, many courts have released inmates for home confinement after deciding that would be consistent with the Policy Statement. *E.g.*, *Etzel*, 2020 WL 2096423, at *3 ("The Court finds that the scenario provided in U.S.S.G. § 1B1.13 cmt. n.1(A)(ii) in combination with cmt. n.1(D) applies in this case."); *accord e.g.*, *United States v. Lacy*, No. 15-CR-30038, 2020 WL 2093363 (C.D. Ill. May 1, 2020); *United States v. Peters*, No. 3:18-Cr-188, 2020 WL 2092617 (VAB) (D. Conn. May 1, 2020); *United States v. Lucas*, No. 15-CR-143, 2020 WL 2059735 (W.D.N.Y. Apr. 29, 2020); *United States v. Dunlap*, No. 1:02CR165-1, 2020 WL 2062311 (M.D.N.C. Apr. 29, 2020).

The government also argues that Rick is not entitled to release under the Policy Statement's catch-all provision. That argument has been roundly rejected. The Policy Statement has not yet been amended according to statutory amendments made by the First Step Act, so "a growing number of district courts have concluded the Commission lacks an applicable policy statement regarding when a judge can grant compassionate release . . . because the Commission never harmonized its policy statement with the [Act]." *United States v. Mondaca*, No. 89-CR-0655 DMS, 2020 WL 1029024, at *3 (S.D. Cal. Mar. 3, 2020) (citing *United States v. Brown*, 411 F. Supp. 3d 447, 499 (S.D. Iowa 2019) (canvassing district court decisions)). Consequently, "the most natural reading of the amended § 3582(c) and § 994(t) is that the district court assumes the same discretion as the BOP Director when it considers a compassionate release motion properly before it." *Brown*, 411 F. Supp. 3d at 451.

**4.  Temporary Home Confinement Is Supported by the § 3553(a) Factors**

The government reiterates its prior position that the § 3553(a) factors do not support Rick's home confinement. In light of Rick's modest request—███████████

9

███████████████████████████ and under conditions that permit this court to order his return to prison—the government's application of the factors is untenable.

The government's analysis regurgitates the reasoning for imposing a 170-month term of imprisonment in the first place. ████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████

Ideally, three weeks from now, the BOP will somehow manage to care for each of the inmates and prevent further death. This court cannot predict what will happen in the coming days. But failing to order Rick's modest request and leaving a single facility to deal with an onslaught of infections all at once needlessly risks Rick's life. He is a non-violent offender and the § 3553(a) factors do not justify the risk that his sentence for a term of imprisonment could become a death sentence.

## Conclusion

Rick respectfully seeks an indicative ruling pursuant to Federal Rule of Criminal Procedure 37, indicating that this court would order Rick's immediate home confinement upon remand from the Tenth Circuit. Rick's spouse is prepared to pick him up at Terminal Island, drive him home directly, and ensure he is quarantined under strict conditions to maximize his safety and his family's safety. ████████████████████████████

████████████████████████████████

DATED this 6th day of May, 2020.

            ZIMMERMAN BOOHER

            s/ Dick J. Baldwin
            Michael D. Zimmerman
            Troy L. Booher
            Dick J. Baldwin
            *Attorneys for Defendant Claud R. Koerber*

**Certificate of Service**

This is to certify that on the 6th day of May, 2020, I caused the redacted (via CM/ECF) and sealed (via email) versions of the *Reply Supporting Renewed Emergency Motion for Compassionate Release and Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) (Indicative Ruling Under F.R.Crim.P. 37)* to be served on the following:

    Aaron B. Clark (aaron.clark@usdoj.gov)
    Ruth J. Hackford-Peer (ruth.hackford-peer@usdoj.gov)
    Ryan D. Tenney (ryan.tenney@usdoj.gov)
    Tyler L. Murray (tyler.murray2@usdoj.gov)
    U.S. ATTORNEY'S OFFICE
    *Attorneys for Plaintiff United States of America*

    Robert K. Hunt (robert_hunt@fd.org)
    Scott K. Wilson (scott_wilson@fd.org)
    Daphne A. Oberg (daphne_oberg@fd.org)
    Bretta Pirie (bretta_pirie@fd.org)
    Jessica Stengel (jessica_stengel@fd.org)
    Kathryn Neal Nester (kathy_nester@fd.org)
    UTAH FEDERAL DEFENDER OFFICE
    *Attorneys for Claud R. Koerber*

    Mary Schuman (mary_schuman@utp.uscourts.gov)
    U.S. PROBATION/PRETRIAL

    Victim Witness Coordinator (candelaria.bennett@usdoj.gov)
    US Attorney's Office

                                              s/ Dick J. Baldwin

# Exhibit 1

COVID-19 Risk Letter, Tyler S. Carroll, M.D., (Apr. 2, 2020) ("Dr. Carroll Letter")

Filed Under Seal

# Exhibit 2

Presentence Report, *United States v. Koerber*, 2:17-CR-00037
(D. Utah Oct. 16, 2019) ("PSR")